

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

**RECEIVED**

JAN 2 2 2015

THOMAS G BRUTON
CLERK U S DISTRICT COURT

Ora D. Milsap )
_____ , )
)
**Plaintiff(s),** )
)
**vs.** )
)
Habitat Company )
Chicago Housing Authority )
)
**Defendant(s).** )

1:15-cv-00630
Judge Thomas M. Durkin
Magistrate Judge Jeffrey Cole

**COMPLAINT FOR VIOLATION OF CONSTITUTIONAL RIGHTS**

*This form complaint is designed to help you, as a pro se plaintiff, state your case in a clear manner. Please read the directions and the numbered paragraphs carefully. Some paragraphs may not apply to you. You may cross out paragraphs that do not apply to you. All references to "plaintiff" and "defendant" are stated in the singular but will apply to more than one plaintiff or defendant if that is the nature of the case.*

1.  This is a claim for violation of plaintiff's civil rights as protected by the Constitution and laws of the United States under 42 U.S.C. §§ 1983, 1985, and 1986.

2.  The court has jurisdiction under 28 U.S.C. §§ 1343 and 1367.

3.  Plaintiff's full name is **Ora Deloris Milsap**.

*If there are additional plaintiffs, fill in the above information as to the first-named plaintiff and complete the information for each additional plaintiff on an extra sheet.*

5 Copies

1

4.  Defendant, _Habitat Company_____,
                    (name, badge number if known)

☐ an officer or official employed by _____;
                              (department or agency of government)

_____ or

☒ an individual not employed by a governmental entity.

*If there are additional defendants, fill in the above information as to the first-named defendant and complete the information for each additional defendant on an extra sheet.*

5.  The municipality, township or county under whose authority defendant officer or official

acted is _Cook County, Illinois_____. As to plaintiff's federal

constitutional claims, the municipality, township or county is a defendant only if

custom or policy allegations are made at paragraph 7 below.

6.  On or about _2_/_20_/_2013_, at approximately _9:25_ ☐ a.m. ☒ p.m.
              (month, day, year)

plaintiff was present in the municipality (or unincorporated area) of _Chicago,_

_Illinois_____, in the County of _Cook_____,

State of Illinois, at _3983 South Lake Park Place_____,
              (identify location as precisely as possible)

when defendant violated plaintiff's civil rights as follows (*Place X in each box that applies*):

☒ arrested or seized plaintiff without probable cause to believe that plaintiff had committed, was committing or was about to commit a crime;

☒ searched plaintiff or his property without a warrant and without reasonable cause;

☒ used excessive force upon plaintiff;

☒ failed to intervene to protect plaintiff from violation of plaintiff's civil rights by one or more other defendants;

☐ failed to provide plaintiff with needed medical care;

☒ conspired together to violate one or more of plaintiff's civil rights;

☐ Other: _____

_____

_____

2

4. Defendant, _C̶Hicago Housing Authority_.
   (name, badge number if known)

☐ an officer or official employed by _____;
   (department or agency of government)

_____ or

☒ an individual not employed by a governmental entity.

*If there are additional defendants, fill in the above information as to the first-named defendant and complete the information for each additional defendant on an extra sheet.*

5. The municipality, township or county under whose authority defendant officer or official

   acted is _Cook County, Illinois_. As to plaintiff's federal

   constitutional claims, the municipality, township or county is a defendant only if

   custom or policy allegations are made at paragraph 7 below.

6. On or about _2_ /_20_/ _2013_, at approximately _9:25_ ☐ a.m. ☒ p.m.
   (month,day, year)

   plaintiff was present in the municipality (or unincorporated area) of _Chicago,_

   _Illinois_, in the County of _Cook_,

   State of Illinois, at _3983 South Lake Park Place_,
   (identify location as precisely as possible)

   when defendant violated plaintiff's civil rights as follows (*Place X in each box that applies*):

   ☒ arrested or seized plaintiff without probable cause to believe that plaintiff had committed, was committing or was about to commit a crime;
   ☒ searched plaintiff or his property without a warrant and without reasonable cause;
   ☒ used excessive force upon plaintiff;
   ☒ failed to intervene to protect plaintiff from violation of plaintiff's civil rights by one or more other defendants;
   ☐ failed to provide plaintiff with needed medical care;
   ☒ conspired together to violate one or more of plaintiff's civil rights;
   ☐ Other:

   _____

   _____

2

_____.

7.    Defendant officer or official acted pursuant to a custom or policy of defendant

municipality, county or township, which custom or policy is the following: (*Leave blank*

*if no custom or policy is alleged*):_____

_____

_____

_____.

8.    Plaintiff was charged with one or more crimes, specifically:

Violation of Mutual orders of Domestic Violence orderProtection, in March 2013. Falsely arrestED For allegedly making verbal threats, in March 2013.

_____

9.    (*Place an X in the box that applies. If none applies, you may describe the criminal proceedings under "Other"*)  The criminal proceedings

☐  are still pending.

☒  were terminated in favor of plaintiff in a manner indicating plaintiff was innocent.[1]

☐  Plaintiff was found guilty of one or more charges because defendant deprived me of a

fair trial as follows_____

_____.

☐  Other: _____.

---

[1]Examples of termination in favor of the plaintiff in a manner indicating plaintiff was innocent may include a judgment of not guilty, reversal of a conviction on direct appeal, expungement of the conviction, a voluntary dismissal (SOL) by the prosecutor, or a *nolle prosequi* order.

3

10. Plaintiff further alleges as follows: (*Describe what happened that you believe supports your claims. To the extent possible, be specific as to your own actions and the actions of each defendant.*)

On October 13th, 2012, I took an agreed order with Chicago Housing Authority for allegedly threatening to Attack residents in my building. For the agreed order, I was not arrested, And police were called to the scene in July 2012. I sought legal counsel (Legal Aid Foundation attorney;) Jessica Kamielwicki. Ms. Kamielwicki, informed me she could not take my case, due to a year long load of cases, Already for Eviction with Chicago Housing Authority. Ms. Kamielwick told me to take Probation, even though she knew I was not arrested. After I took Ms. Kamielwicki's Advice, I took Probation Agreed order to not get evicted from my home. See Page 2-18. On 2|20|13, I was falsely accused of violating order.

11. Defendant acted knowingly, intentionally, willfully and maliciously.

12. As a result of defendant's conduct, plaintiff was injured as follows:

Emotional & mental harm. Defamation of Plaintiff's whole Personal Character. Plaintiff's Physical health deteriorated, due to Plaintiff was hospitalized for onset of 1st Seizure, while at work, in march 2014.

13. Plaintiff asks that the case be tried by a jury. ☑ Yes ☐ No Due to I took an agreed order, I was not allowed a Jury, nor a Court Reporter.

4

, COMPlAiNt CoNtinuEd

### Lake Park Place Resident and Tenant Leader

In July of 2000, I moved into Lake Park Place. In February 2002, I was asked to join the

Lake Park Place Tenant Council by residents in the building. In August of 2010, residents

of Lake Park Place began to receive under our apartment doors, that coming in August of

2011; we would have to undergo a mental awareness and mandatory drug testing to stay

lease compliance. September 2010, the residents of Lake Park Place began to have tenant

meetings in the Lake Park Place social room, with the Kenwood Oakland Community

Organization, to discuss our concerns and issues with this new policy. In January of

2011, residents started requesting meetings with Mr. Eric Garrett; Assistant Director of

Asset Management and Tim Veestra; Vice President of Operations, to discuss that we felt

mandatory drug testing and mental awareness exams were unconstitutional for public

housing residents. In March of 2011, residents of Lake Park Place were no longer

allowed to hold tenant meetings in the social room or any public facility in Lake Park

Place.  Tenant Meetings were being held in my home and other tenant's apartments, to

discuss our strategy to handle these unfair policies forced upon us, which would be

starting August of 2011.

I contacted attorney Adam Schwartz from the ACLU (312) 201-9740, in March of

2011 and asked him, would his organization help us with the mandatory drug testing and

mental awareness exam that residents in Lake Park Place would be subjected to, starting

August of 2011? Mr. Schwartz agreed to help us and I set up a meeting with residents

from Lake Park, The Kenwood Oakland Community Organization, Adam Schwartz,

other ACLU attorneys; Karen Sheley and Cat Adams. Adam Schwartz and the other

2

## STATUTES INVOLVED

**625 ILCS 5/11-204-1 (FROM CH.95 1/2 PARAGRAPH 11-204.1)**

**720 ILCS 5/32-2 (FROM CH. 38 PARAGRAPH 32-2) (A), (B)**

**720 ILCS 5/12-30**

**725 ILCS 5/115-10.1**

**725 ILCS 5/115-12**

**730 ILCS 5/5-6-4 SECTION: 5 (1), (2) &(C)**

**735 ILCS 5/13-202 (FROM CH. 110, PARAGRAPH 13-202)**

**740 ILCS 145/2 (FROM CH. 126, PARAGRAPH 2)**

**740 ILCS 145/3 (FROM CH. 126, PARAGRAPH 3)**

attorneys met us at the Kenwood Oakland Community Organization headquarters 4343 s.

Cottage Grove, Chicago, Illinois 60653 in March of 2011. The ACLU discussed what our

rights were regarding, Chicago Housing Authority to implement this policy on residents.

I, Adam Schwartz, Julia Mitchell, Cheryl Benton and the Kenwood Oakland

Organization community activists; Brian Malone and Mr. Bennett worked very closely on

strategizing to get Lake Park Place residents to come out and voice their concerns

regarding this potential policy by CHA. From March of 2011 through May 30th, 2011

Lake Park Place residents continued to come to meetings that the ACLU and the

Kenwood Oakland Community Organization planned at Grant Memorial Church. Cheryl

Benton's, Julia Mitchell's and my home were mainly where the tenant meetings were

held. May 31st, 2011 the Kenwood Oakland Community Organization did a protest and

news press release, outside of Chicago Housing Authority's corporate office at 60 w. van

buren to publicly show, dissatisfaction at the  mandatory drug testing on public housing

residents. Mr. Malone, Mr. Bennett, Cheryl Benton and I, voted for Julia Mitchell to be

the speaker to the news media on May 31st, 2011. Julia Mitchell was also a resident of

Lake Park Place and a tenant leader. I, Julia Mitchell, Cheryl Benton, Mr. Malone and

Mr. Bennett from KOCO, agreed that I would stay behind at Lake Park Place on the day

of the protest, 5/31/2011, and encouraged Lake Park residents to get on the school buses

that KOCO hired, which took them to CHA's headquarters in downtown Chicago, to

protest unjust treatment against public housing residents.  Adam Schwartz of the ACLU

as well as Brian Malone, Jay Travis and Mr. Bennett of the Kenwood Oakland

Community Organization, was made aware of the harassment and addressed their

concerns, in writing to General Manager; Evelyn Spicer of the Habitat Company, Vivian

over→ 3

Simmons; Manager of Lake Park Place, Tim Veestra and Eric Garrett of Chicago
Housing Authority. **See news articles below:**

www.CHAresidentsripdrugtestingplan.

www.CHAgetsangryearfuloverdrugtestingproposal.

www.tenantsprotestCHAdrugtestingplan.

www.boardsquashesCHAdrugtestingplan.

www.ACLUsuesChicagoHousingAuthorityoverdrugtestingpolicy.

June 2nd 2011, a public town hall meeting was held at the Charles Hayes Center, 4859 S.
Wabash, Chicago, Illinois where hundreds of public housing residents came out to
support, stopping mandatory drug testing and mental testing of public housing residents.
June 8th, 2011 Chicago Housing Authority put out a news announcement, that they
decided they would not implement the mandatory drug testing on Lake Park Place
residents or other public housing developments that had not been drug tested previously.
In August of 2013, Adam Schwartz from the ACLU filed a lawsuit against CHA to
ensure that no resident in public housing would have to take a "suspicionless drug
testing" which the ACLU stated was unconstitutional. As of March, 2014, Lake Park
Place and other public housing developments that has never been drug tested cannot be
made to take a mandatory drug test.

### Probation

On July 24th, 2012, I was coming out of my building going to my car, when known
gangbangers by the name of Kenneth Williams, Demetrius Tucker and two girls that are
part of a gang called "SUWU" which is a Lake Park Place gang, were sitting on my car

4

and I asked them to move and they would not. Kenneth Williams was a resident of my building 3983 S. Lake Park. Kenneth Williams, Demetrius Tucker and the two girls started using profanity and becoming aggressive towards me. Kenneth Williams, Demetrius Tucker and the two girls started encircling around me. I was in fear for my life and I took off one of my shoes to stop them from harming me and my child. At no time, did I hit Kenneth Williams, Demetrius Tucker, nor the two girls with the shoe. I got on the phone and called the police. I told the 911 operator what was happening and she said, "The Police were on their way." Once Williams, Tucker and the two girls saw me get on my cell phone and call the police, they moved and leaned on the gate next to my car. Within 10 minutes the police arrived, and they saw Williams, Tucker and the two girls leaning on the front gate by my building, next to where my car was parked. Police officer Heffernan and sergeant Walesh got out of the squad car and came over to my car, where I was standing.

Officer Heffernan and Walesh spoke to me first since I made the call, then spoke to Williams, Tucker and the two girls. I told my side of how they would not move off my car and they were encircling me. I informed the police, I felt me and my child's life was in danger and I took off my shoe, to stop them from coming closer to attack me. I told the police I did not attack anyone with my shoe, but I wanted them to move off my car and they only moved off my car, when they saw I had called the police. I informed the police, that Williams and the two girls belong to a Lake Park Place gang called the "SUWU". The police informed Williams, Tucker and the two girls, that this is "Ms. Milsap's property and you have no right to sit on her car". The police informed Williams, Tucker and the two girls "to move away from my car." The police did not arrest me or anyone

*over* 75

else on July 24th, 2012. The next day, I wrote a letter to Ms. Simmons; the property manager for Lake Park Place, informing her of the problem with Kenneth Williams, Demetrius Tucker and the two girls. **I explained to Ms. Simmons, that I was not arrested, nor charged with attacking any resident or security guard on July 24th, 2012 or thereafter. Chicago Housing Authority did not press any criminal charges against me.**

A month and ½ later on September 7, 2012, I received a knock on my door by Chicago Housing Authority employee, Katrice Owens and I was served with a termination notice. I immediately contacted the Legal Aid Foundation and met with probono attorney; Jessica Kamielwicki on September 21st, 2012. I explained to her that the Habitat Company is trying to evict me, for standing up to known gangbangers from my building. Ms. Kamielwicki knew that I did not go to jail for the incident on July 24th, 2012 for this incident. Ms. Kamielwicki informed me that Legal Aid Foundation was backed up with public housing eviction cases, from Chicago Housing Authority, and that it was taking up to 1 year or longer for housing court cases to go to trial. Ms. Kamielwicki told me to take probation, due to LAF would not be able to represent me, because of the heavy caseload they already had. Ms. Kamielwicki told me "Just stay clear of the managers and staff at Lake Park Place, during the duration of my probation." I told Ms. Kamielwicki, "I did not feel I should take probation due to I was not arrested for the incident on July 24th, 2012 and I was defending myself against threats." I tried John Marshall Law School and Cabrini Legal Aid and they had heavy housing caseloads regarding Chicago Housing Authority residents. On October 16th, 2012 I took probation without an attorney representing me. I also waived my right to a jury trial. **When Ms. Kamielwicki;**

probono attorney for the Legal Aid Foundation, told me to "take probation", I believe I was given ineffective legal counsel. *See People v. Rivera, 333 ILL. App. 3d 1092 (2001).* The lease violations codes; Paragraph 8(f), 8(n)1, 8(n)2, 8(o), 16(b) (5), 16(b)(27), 16(b) (32), 16(b)(38)(a) and 16(b)(38)(b), before I took probation, on numerous occasions, I contacted Eric Garrett and manager; Vivian Simmons to find out what these lease violations were. Neither Mr. Garrett nor Ms. Simmons got back to me with what these violations were. The incident happens outside in public and yet 15 of these lease violations are directly related to happening inside the building and at no time did I enter the building on 7/24/2012. As a public housing resident, according to **public housing grievance procedure; Notice of Termination: section ( c) [966.4 (1)(3)(ii)] and section(m)966.4(m) Eviction: Right to examine Public housing documents before hearing or trial:** I was never allowed to review what these lease violation charges were and what they meant. On October 16th, 2012, I took probation and gave up my constitutional rights as well as to have a jury. Chicago Housing Authority violated the public housing grievance procedure, due to I did not have an attorney and I was not allowed to review and copy accusations of lease violations against me.

### School Night: February 20th, 2013

On February 20th, 2013 school was let out at 9:00p.m. From my African American Community class, which it usually runs from 6:30p.m.-9:15p.m. At about 9:10 p.m. on 2-20-2013, I was coming into my apartment building from school at Northeastern Illinois University, at the Southside campus of 700 E. Oakwood Blvd, Chicago, Il 60653 which is only 10 minutes away from school, by car. When I entered the main entrance of my apartment complex, I was approached by Chicago Housing Authority's witness and

(1)ver→ 1

resident; Bridget Mosley, who got up from the chair she was sitting in, outside the laundry room. I went to check my mailbox and Ms. Mosley came over and stated "you stole my panties out of the dryer." I told Ms. Mosley," I did not know what she was talking about." Ms. Mosley kept saying "you know you stole my panties out of the dryer." I asked Ms. Mosley to move from me and she pushed me up against the mailboxes. I immediately call 911 and while I was on the phone with the 911 operator, Ms. Mosley kept calling me bitches and saying "she was going to hit me again." The 911 operator heard Ms. Mosley making threats and the operator told me to" stay on the phone with her until the police arrived." **See Police Report Event # 1305114831**. At 9:25 p.m. police officer Huffnan and Cooney arrived at my building. Ms. Mosley, her friends; Delores Scott, Tytera Smith and Officer Nunnery, had left the main lobby before the police arrived. I explained to the police I just came home from school and they asked CHA security officer Colon, "Where did Ms. Mosley go?" "Officer Colon said he did not know where she went." At no time, did Officer Colon, tell the police that I attacked Ms. Mosley, Ms. Smith, Ms. Scott nor Officer Nunnery. The police asked what apartment did Ms. Mosley and Scott live in and officer colon gave them their apartment number.

The police told me to wait in the lobby, while they went to Ms. Mosley's home. About 10 minutes later, the police came back downstairs and informed me and officer Colon there was no answer at neither Mosley's nor Scott's apartment. The Police gave me a police report number# 164250 and according to the police report they left Lake Park Place at 10:38 p.m. on 2-20-2013. I went through the Chicago Police Department's Freedom of Information Act Officer; Dionne Tate (312) 746-9424. **The FOIA request docket number# FA-13-0307 and event# 1305114831;** the 911 operator wrote on 2-20-2013

8

when I was on the phone with her: SCR FEMALE NABOR JUST PUSHED

CALLER…THE OFFENDER IS IN THE LAUNDROMAT…NFI C.S THERE'S A

SURVEILLANCE CAMERA IN THE LOBBY…NFI. I also have an email from my

school that I retrieved from the computer lab at 2:52 p.m. on 2-20-2013 that shows, I just

got hired as a teacher's assistant through the America Reads program for the Chicago

Public Schools. **See Police Reports# 164376 & 165985**. The police reports# 164376 &

165985 do not coincide with the actual timeframe of their reports. The police were in the

main lobby of Lake Park Place looking for Mosley, Scott and Smith. I was with the

police, during the timeframe, they alleged I had a knife, trying to attack them.

I went through **Chicago Housing Authority's freedom of information act# 13-092r and

received from FOIA officer; Nathaniel Tortora; that assistant manager; Ms. Shelton

wrote an email,  to video analyst; Brian Frost stating that she wanted the video

footage from Wednesday February 20th, 2013 between 8:30p.m -9:10p.m. at 3983 S.

Lake Park Place, regarding a fight between two residents.** However, the eviction

summons given to me on 3-5-2013, according to attorney: Robert Kahn, I allegedly had

attacked 5 people on 2-20-2013.

**School Night; 2-21-2013**

The next day Thursday February 21st, 2013 at 10:00 a.m. I immediately contacted Brian

Frost at Chicago Housing Authority's surveillance video department and requested the

videotape from the night before, 2-20-2013 at about 9:10 p.m... Mr. Frost told me I would

need to talk to Mr. Eric Garrett; Assistant director of Asset Management for CHA. I

called Mr. Garrett, (312) 913-7210 and informed him I wanted a copy of the video

footage from the incident on 2-20-2013 and I wanted to meet with him regarding the

over→79

battery police report I had against Bridget Mosley. Mr. Garrett scheduled the meeting for February 27th, 2013 at 1:00 p.m.

On 2-21-2013 school was let out at about 8:30p.m., my research writing class, which usually runs from 6:30p.m.-9:15p.m... As I was coming into my apartment building from school at Northeastern Illinois University at the Oakwood Blvd campus, I was approached by Delores Scott's daughter and she stated to me that "I was an old ass bitch and that I was going to get my ass whipped", which she raised her hand to strike me. I called the police and within 10 minutes the police arrived and security informed the police, they had to intervene and asked Delores Scott's daughter to leave the building. This information is in the report, that Police officer Palikij and Skrip gave me. **See police report #165581, which they crossed referenced #164250 in the report#165581. See Illinois Rule of Evidence 406.**

### Laundry Day: 2-23-2013

On February 23rd, 2013 about 12:30 p.m., I had clothes in the washer in the laundry room and I was sitting outside the laundry room, reading a book called the "Slave Ship" for my African American Community Class, which Lake Park Place Security Guard; Cynthia Baker wrote in a CHA security report that Delores Scott and her daughter Tytera Smith became confrontational with me, for having a police report filed against her daughter on 2-21-2013, **police report#165581. See Chicago Housing Authority security report through Chicago Housing Authority's Freedom of Information Act# 14-029r.** I called the police again and sergeant Silas JR, Nathan E. came to the Lake Park Place and

10

gave me another **police report# 167509** against Delores Scott and her daughter Tytera Smith. **See Illinois Rule of Relevant Evidence, 103 & 401.**

### Meeting with Mr. Garrett on 2-27-2013

On February 27th, 2013, I, Eric Garrett and Vivian Simmons; Habitat Property manager for Lake Park Place, met in the conference room in the manager's office to discuss the three police reports I had against Bridget Mosley, Tytera Smith and Delores Scott. I also showed Mr. Garrett and Ms. Simmons the notarized letters from Professor Emeritus Starks that verified classes normally run in his "African American Community Class on Wednesdays 6:30p.m. - 9:15p.m., and on Thursdays Professor Jones's class "Research Writing" from 6:30p.m.-9:15 p.m., On 2-27-2013, I also gave a copy of my school schedule from Northeastern Illinois University, to Ms. Simmons and Mr. Garrett to verify this information. Mr. Garrett reviewed the notarized letters from my professors and the police reports. While I was meeting with Mr. Garrett and Ms. Simmons, the assistant manager; Ms. Shelton came into the conference room and stated "the cook county sheriffs wanted to see me." I went out the room and the sheriffs informed me that there were two emergency orders of protections against me and I had to appear in domestic violence court on March 18th, 2013 at 11:00a.m. The cook county sheriffs explained to me that Delores Scott and Bridget Mosley had filed emergency orders against me for attacking them with a knife and ice picks on 2-20&2-21-2013. *See Illinois Rule 801 (d) (1).* I told the sheriffs that I had police reports against them and each time the police came to the scene except for 2-23-2013 Mosley, Scott and Smith would flee the scene. The sheriffs told me to show up and I would be able to tell my side of the story of what is going on. I went back into the meeting with Mr. Garrett and Ms. Simmons and explained

over 7 11

to them what just happened. The meeting convened and I told Mr. Garrett, "I still want the video footage from the incident from 2-20-2013, 2-21-2013 and 2-23-2013 and evidentiary information pertaining to my apartment. I was informed by Mr. Garrett, I would hear from him soon, regarding my request.

### Eviction Summons; March 5th, 2013

Katrice Owens knocked on my door and handed me an eviction summons stating that on February 20th, 2013 I screamed and cursed at another resident, Bridget Mosley. The summons also stated I approached Mosley in a menacing manner. However, the eviction summons does not mention what actual timeframe of events happened, as well as, that the police were called to the scene 2-20-2013, 2-21-2013 and 2-23-2013. The eviction summons leaves out the emergency domestic hearing filed by Mosley and Scott that they brought against me, scheduled for 3-18-2013 at 11:00a.m. Also, the police reports filed by Bridget Mosley and Delores Scott, stating I allegedly had a knife, trying to attack them on 2-20-2013. **See Police Reports# 164376 & 165985.** The meeting I had with Ms. Simmons and Mr. Garrett on 2-27-2013, as well as the **police report# 164250**, given to me on 2-20-2013, against Bridget Mosley;

The eviction summons also states that I approached Delores Scott and her daughter Tytera Smith using profanity on 2-20-2013, where I allegedly had a shiny object in my hand pointing it at Tytera Smith and then Delores Scott pushed her daughter out of the way to protect her.

On May 6th, 2013, after I was evicted on 4-3-2013, Mr. Tortora; Chicago Housing Authority freedom of information act officer, finally released the video footage to me

12

from incident of 2-20-2013. **See Rule 581 (i) & (j).** I continued to call Mr. Garrett, Ms. Simmons and asked for the video footage and evidence relating to my eviction from 2-20-2013, 2-21-2013 and 2-23-2013, yet to no avail, my calls went unreturned. When I received the eviction summons on 3-5-2013, I called Mr. Garrett, Mr. Tim Veestra (312) 913-7624 and Ms. Simmons and asked them why they are evicting me, when my professors wrote notarized letters verifying, I was in school and I have police reports to state what happen on 2-20-2013.

I was told they had witnesses and I informed Ms. Simmons and Mr. Garrett the video footage tells exactly what happen and that if they look at the video footage from 2-20-2013, I am not attacking anyone, yet being attacked by Mosley on 2-20-2013. On March 29th, 2013 I requested in writing again and gave the letter to receptionist; Ingrid to give to manager: Ms. Simmons requesting to receive a copy of all relevant housing documents and video footage, relating to my eviction case and was still denied to review, copy or see any public housing documents relating to my eviction case coming on April 2nd, 2013.

### Domestic Violence Order of Protection Hearing March 18th, 2013

On March 18th, 2013 I appeared in front of Judge Patricia Ball Reed at Domestic Violence court; 555 w. Harrison Chicago, IL to answer to the charges that Delores Scott and Bridget Mosley brought against me from the alleged incident on 2-20-2013. I was allowed to show Judge Reed my police reports on 2-20-2013, 2-21-2013 and 2-23-2013 **See Domestic Violence Order# Bridget Mosley 130P71125; Delores Scott# 130P71123.** Judge Reed heard my side and saw the evidence of what happen on 2-20-2013, 2-21-2013 and 2-23-2013, she gave all of us mutual orders of protection until September 18th, 2013 at 11:00a.m... Scott and Mosley brought me to domestic violence court; however

over→ 13

Judge Reed acknowledged my evidence against them and honored me with an order of protection against them as well. **My Mutual order of protection against Bridget Mosley # 13 op 71233& Delores Scott# 13 op 71231.**

**My Arrest brought by Bridget Mosley and Delores Scott on March 21st, 2013.** Unbeknownst to me, after the domestic violence hearing on March 18th, 2013 Bridget Mosley and Delores Scott stated from 3-18-3-20-2013 that I made threatening statements to them in the main lobby of our apartment building. I was sent a **FOIA request Letter#13-080r, stating there is no video footage from 3-18-3-20-2013 of this incident, only my arrest on videotape of 3-21-2013.** They filed **police reports#199799& 199824** on 3-20-2013, alleging, that I made these comments in the main lobby, with many people coming in and out of the building, "If I get evicted bodies will be dropping like Columbine". March 21st, 2013 Bridget Mosley and Delores Scott went to domestic violence court and stated I violated my mutual order of protection. **See 720 ILCS 5/32-2 (Ch. 38, par. 32-2).**

At about 5:00 p.m. On 3-21-2013, I was at home eating dinner, when I got a knock at my door. I asked who was it and a man said "Police" and I opened the door and a Chicago Police Officer asked me what you did today. I told him I went to my parent's home and was studying for exams at school. From around the corner of my apartment hallway came, CHA security officer Nunnery and Crawford. I kept asking the officer, "what was his name and he told me that was not important right now". He kept asking me, what did I do today? " Officer Nunnery, Officer Crawford walked into my home without being asked, with the Chicago police officer. I asked the police officer "what is

14

going on and why is he in my home asking me, my whereabouts today?" The Chicago Police Officer kept saying "You know what you did "and "I told him I did not know what he was talking about." At no time, did the police officer, show me any paperwork. I got on the phone and dialed 911 and asked for a sergeant to come to my home, due to there was a police officer in my apartment, and he wouldn't tell me his name and I am being accused of violating my domestic mutual order. Then finally, he said "Detective Lopez." I explained to the 911 operator, "that the same security guards that are on a housing case against me are in my home. " I told the 911 operator, I am being accused for something, I don't know about." I requested for a sergeant. I was told that a sergeant was on his way. While, detective Lopez was in my home, he never told me what I had done. "I informed him, that I had two mutual orders against two women that lived in my building." I went to my living room table and showed the orders, yet detective Lopez kept" saying admit to what you did today." Again, "I told him I did not know what he was talking about." About 15 minutes later, sergeant Pendarvis came and detective Lopez, CHA security officers Crawford and Nunnery went outside my apartment into the hallway. They started whispering and I could not hear what was being said. Sgt. Pendarvis, Detective Lopez came back into my apartment and told me I was under arrest for violating my mutual order. **See 608(a) (b).**

I was taken out of my house without a coat, no keys to my apartment, no ID and at first no shoes, until my child told detective Lopez, to "put shoes on my mother", which they allowed only open toed flip flops. My child was left in the house by herself, which she was 9 years old at the time. I saw a neighbor by the name of Regina who was on the

over 7/15

elevator, and stayed on the 5th floor (See Chicago Housing video footage). I asked Regina to take my child to her apartment and call my mother to come and get my child.

I was taken to the 51st Wentworth police district and held in lockup for 3 hours with no phone call, was not read my rights and still did not know what violation order I allegedly committed. **See Miranda v. Arizona 384 U.S. 436 (1966).** I was booked and held at 51st Wentworth police station until the next morning, 3-22-2013, where I was taken to 555 w. Harrison; Domestic Violence Court. I appeared in front of Judge Diane Kenworthy, on 3-22-2013. And "She stated Ms. Milsap should have never been arrested, due to she had mutual orders as well against these women." Judge Kenworthy gave me a condition of bail bond until next court date April 5th, 2013. In order to ensure that I did not get falsely arrested again, while out on conditional bail, once I left domestic violence court on 3-22-2013, I had my uncle Walter Milsap take me to my apartment to get clothes and I stayed at my parent's home from 3-22-2013 and there on.

One of CHA attorneys was there on 3-22-2013 and he wanted Judge Kenworthy to evict me, from my home on 3-22-2013. Judge Kenworthy stated "I will not evict Ms. Milsap through the back door; you will have to take her through proper housing eviction procedures." **Please see court stenographer's transcript for 3-22-2013, from the arrest hearing.**

After I got out of jail on 3-22-2013, I immediately contacted Dionne Tate; Freedom of Information Act Officer for the Chicago Police Department and requested in writing a complete copy of 911 audio calls of **police reports# 199799& 199824**, made by Bridget Mosley and Delores Scott on 3-20&3-21-2013. I also requested the 911 audio calls made

16

by me, the day of my arrest on 3-21-2013. I received all of the 911 audio calls from

Dionne Tate on 3-29-2013. **The FOIA request# is FA-13-0401.** I also requested from

the Chicago Police Department freedom of information act a copy of the event number

from the 911 police call, I made on 3-21-2013. **Event# 1305304476 & 1305116406, as**

**well as the event query for RD# hv165985,** which I received as well on 3-29-2013.

**(Please review police audio calls and the event numbers.).**

Bridget Mosley and Delores Scott stated to a sworn Chicago Police officer on recording,

"That they did not know me and I stated I was going to kill them." On March 26th, 2013,

I went to domestic violence court and requested a hearing for the false arrest that was

done to me on 3-21-2013 by Bridget Mosley and Delores Scott. I was granted a hearing

on **4-1-2013** at 11:00a.m. I appeared in front of Judge Patricia Ball Reed and I explained

to her that I was falsely arrested by Mosley and Scott for allegedly violating my order.

Neither Bridget Mosley nor Delores Scott came to court, even though they were served

via certified mail. Judge Reed rescheduled the hearing for **4-8-2013**, which Mosley and

Scott appeared and Judge Reed terminated all orders of protection on 4-8-2013.

### Day of Bond Hearing: April 5th, 2013.

On April 5th, 2013, I appeared in front of Judge Kenworthy, regarding my arrest on 3-21-

2013; she dismissed all charges against me, based on hearsay and no factual evidence.

### Eviction Trial April 2nd  and April 3rd 2013.

On April 2nd, 2013, I appeared in front of circuit court Judge Scully. Attorney Robert

Kahn for clients; Chicago Housing Authority, The Habitat Company and CHA witnesses;

Bridget Mosley, Delores Scott, Tytera Smith, Officer Colon and Officer Nunnery, started

over→ 17

presenting the eviction case against me. Attorney Robert Kahn read the eviction summons that he sent me on 3-5-2013, stating I violated my probation. Robert Kahn stated I tried to stab Delores Scott and her daughter Tytera Smith with an icepick on

2-20-2013. Robert Kahn alleged I also Punched CHA security officers; Officer Colon and Officer Nunnery in the chest on 2-20-2013. Bridget Mosley, Delores Scott, Tytera Smith, Officer Nunnery and Officer Colon stated to judge Scully that on 2-20-2013 I did try to stab them with an icepick and punched CHA security guards. I tried to cross-examine Bridget Mosley about why she left the scene on 2-20-2013 when she knew I called the police. Attorney Robert Kahn interjected and said his witness" did not have to answer that question. "Judge Scully told me objection overruled." "Robert Kahn your request granted." I tried to cross-examine Delores Scott and her daughter Tytera Smith and asked them? "If I tried to attack both of you with an icepick, then why did you not call the police and the ambulance to come take you to the hospital? Why did you leave the main lobby on 2-20-2013, when you seen I had called the police? Why not stay there and wait for the police to come, if I allegedly tried to stab you with an icepick?" Again, CHA's attorney Robert Kahn objected to me questioning Delores Scott and her daughter Tytera Smith, Judge Scully told me "objection overruled and Robert Kahn your request for questioning to stop is granted."

I told Judge Scully, "I have in my hands the police reports I have against Mosley, Scott and Smith. I also have domestic violence probation orders that we all had on each other. I want to present them as evidence. I also informed Judge Scully, I have a copy of my school schedule, showing I was in school and had just come home on 2-20-2013, while Mosley, Scott and Smith were waiting for me in the main lobby of Lake Park Place.

18

14.     Plaintiff also claims violation of rights that may be protected by the laws of Illinois, such as false arrest, assault, battery, false imprisonment, malicious prosecution, conspiracy, and/or any other claim that may be supported by the allegations of this complaint.

**WHEREFORE,** plaintiff asks for the following relief:

A.     Damages to compensate for all bodily harm, emotional harm, pain and suffering, loss of income, loss of enjoyment of life, property damage and any other injuries inflicted by defendant;

B.     [X] *(Place X in box if you are seeking punitive damages.)* Punitive damages against the individual defendant; and

C.     Such injunctive, declaratory, or other relief as may be appropriate, including attorney's fees and reasonable expenses as authorized by 42 U.S.C. § 1988.

Plaintiff's signature: *Ora D. Milsap*

Plaintiff's name *(print clearly or type)*: *Ora D. Milsap*

Plaintiff's mailing address: *1306 W. 110th PL*

City *Chicago*    State *IL*    ZIP *60643*

Plaintiff's telephone number: (*773*) *541 - 0018*

Plaintiff's email address *(if you prefer to be contacted by email)*:_____

15.     Plaintiff has previously filed a case in this district.  ☐ Yes  [X] No

*If yes, please list the cases below.*

*Any additional plaintiffs must sign the complaint and provide the same information as the first plaintiff. An additional signature page may be added.*

5

*Exhibit - 01*

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS          Page 001

PEOPLE OF THE STATE OF ILLINOIS

                    VS                    NUMBER 13DV7137301

       ORA        D MILSAP

           CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

    I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County/Local Prosecutor has filed a complaint
with the Clerk of the Circuit Court.

Charging the above named defendant with:

   720-5/12-3.4(A)(1)               M A      VIOLATE ORDER PROTECTION
The following disposition(s) was/were rendered before the Honorable Judge(s):


03/22/13 DEFENDANT IN CUSTODY                 03/22/13 1364
03/22/13 DEF DEMAND FOR TRIAL
         KENWORTHY, DIANA L.
03/22/13 PROBABLE CAUSE TO DETAIN
         KENWORTHY, DIANA L.
03/22/13 DEFENDANT REL ON I BOND                               $  10000
         KENWORTHY, DIANA L.
03/22/13 NOLLE PROSEQUI               C001
         KENWORTHY, DIANA L.
03/22/13 SPECIAL COND OF BAIL ORDERED
         KENWORTHY, DIANA L.
03/22/13 TRANSFERRED                          04/05/13 1360
         KENWORTHY, DIANA L.
04/05/13 NOLLE PROSEQUI               C001
         KENWORTHY, DIANA L.




                         I hereby certify that the foregoing has
                         been entered of record on the above
                         captioned case.
                         Date 12/19/14

                         _____
                              DOROTHY BROWN
                         CLERK OF THE CIRCUIT COURT OF COOK COUNTY

*Exhibit 1*

State of Illinois
Department of Human Services



# MEDICAL EVALUATION - PHYSICIAN'S REPORT

Date: November 12, 2014                     Case Name: MILSAP, ORA

                                            Case Number: 04-212-01-L51105

We are requesting medical information on your patient,          ORA MILSAP          . The medical information

is needed to either determine the person's eligibility for public assistance benefits or their employability status.

In order to make an accurate evaluation of your patient, we ask that you complete the attached form. Please complete page 2 and then those sections which relate to the patient's symptoms and complaints. Your opinion on Section #14, page 5, would be appreciated. We also ask that you attach a copy of your office progress notes, including test or x-ray reports on this patient for the past 12 months.

If you are treating a mental illness, please complete page 2 and those medical portions which impair your patient's functioning. Section 15 is very important but the space is limited. Please attach information from your records which demonstrates the severity of their illness and the response to therapy and medication. The following would be helpful:

- Psychiatric progress notes for the past 12 months.

- History of mental illness, including onset of severe symptoms and hospitalizations, if any.

- GAF scores, current and baseline.

- Mental Status Exam.

If you wish to contact your DHS office, you may write us at the Family Community Resource Center Woodlawn, 915 East 63rd St., Chicago IL 60637-3609. Our phone numbers are: PHONE (773) 753-5200, TTY (866) 214-9358, and FAX 753-5282.

IL 444-0183A (R-04-07) **SF**                                              Page 1 of 5

*Exhibit I*

State of Illinois
Department of Human Services



# MEDICAL EVALUATION - PHYSICIAN'S REPORT

Identifying Information
Local Office - Please complete this section

Date Issued:  November 12, 2014

Case Number:  04-212-01-L51105                    Application Date: _____

Case Name:  MILSAP, ORA                           Caseload Number:  B AGNEW-MURDEN

Case Address:  213 W 93RD ST                      Doctor's Name: _____

            CHICAGO, IL        60620-1546          Doctor's
                                                  Address:

Patient Name:  ORA MILSAP

Date of Birth:  12/17/1964

Social Security Number:  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              Doctor's Telephone: _____

### Physical Assessment
Medical Provider:  Please Complete the Following Sections

We appreciate your cooperation in examining this patient. A detailed report of the information, as requested, is necessary to determine eligibility for assistance or employability status. Existing medical records may be provided to supplement or replace this form if they accurately describe the person's current condition.

Please Return Completed Form to:

B AGNEW-MURDEN
Family Community Resource Center Woodlawn
915 East 63rd St.
Chicago  IL 60637-3609

Date Last Examined:  11-18-14    Date First Seen: 4|17|14    Frequency of Visits: _____

Number of Hospitalizations in last 12 months:  1    Approximate Dates:  March 2014

Where Hospitalized:  Mercy Hosp    Reason:  Seizure - New onset

Height:  68"    Weight:  235

Chief Complaints of Patient and Dates of Onset:   March 2014   Chronic Fatigue 2013
Seizure Disorder
Hypothyroidism  2013

Complete Diagnosis (for mental impairments, include DSM Code, if known):
Hypothyroidism            Chronic Fatigue Syndrome
Seizure Disorder          Anxiety Disorder  300.00
                          Depression  311

Significant Lab Tests (list dates and results):

Hematocrit: _____    Sed Rate: _____    ANA: _____

Creatine: _____    Bilirubin: _____    Other: _____

IL 444-0183A (R-04-07) **SF**                                    Page 2 of 5

*Exhibit 1*

State of Illinois
Department of Human Services

# MEDICAL EVALUATION - PHYSICIAN'S REPORT



**1. Cardiovascular System**

Blood Pressure: _110 / 62_  Date: _11/18/14_

Arterial Pulsations (describe and indicate how demonstrated (e.g., Doppler, etc.): _72_

Heart Size: _normal_  Sounds: _$S_1$ $S_2$_  Dyspnea: _0_

Chest Pains (describe): _0_

Treatment/Prescription: _____

Response: _____

EKG Findings (list dates and include copies of tracings): _____

AHA Cardiac Functional Capacity (checkone): ○ I  ○ II  ○ III  ○ IV   Ejection Fraction: _____ Date: _____

Other Test Results (include dates): _____

**2. Respiratory System**

Describe clinical signs (e.g., wheezing, rhonchi, prolonged expiration, etc.):

_Lungs clear_

Pulmonary Function Studies: ○ Yes  ○ No  Date: _____

Vital Capacity: _____  FEV1: _____  Post Broncho-Dilator: _____  FVC: _____

Therapy: _____

Response: _____

**3. Musculorskeletal System**

Describe any pain, swelling, tenderness, or stiffness (include location, frequency and specific findings):
_No Abnormalities_

Describe loss of joint motion (indicate joint and describe range of motion in degrees from neutral postion):

Describe x-ray findings (include dates):

Other objective findings:

Ambulation: ○ Normal  ○ Assisted  If ambulation assisted, by what means? _____

**4. Hearing** _grossly normal_

Left: _____  Right: _____  Test Results (include dates of testing): _____

**5. Vision** _pending ophthalmologic exam_

Left Visual Acuity: _____  Right Visual Acuity: _____  Left Corrected: _____  Right Corrected: _____

Date of Examination: _____  Any Pathology: _____

**6. Digestive System**

Objective Findings: _____

Test Results (show dates): _____

Treatment/Prescription: _____

Response: _____

State of Illinois
Department of Human Services

*Exhibit 1*



# MEDICAL EVALUATION - PHYSICIAN'S REPORT

7. Genitourinary System

Objective Findings: *pending appre dygnost exam*

Test Results (show dates): _____

Treatment/Prescription: _____

Response: _____

Pregnant: ○ Yes ○ No ○ Not applicable  If pregnant, expected due date: _____

8. Neurological System  *Seizure disorder   Anxiety Disorder*

If seizure disorder exists, indicate frequency: _____  Seizure medication blood level and date: *Depression*

Treatment/Prescription: _____  Compliant: ○ Yes ○ No

Stroke: _____  Date: _____  Sequela: _____

List other neurological impairments (e.g., gait, station, etc.): _____

9. Endocrine System

Objective Findings: *Hypo Thyroidism*

Test Results (show dates): *multi nodular Goiter*

Treatment/Prescription: _____

Response:
For diabetes mellitus, indicate frequency of acidotic episodes, presence of neuropathy, retinitis, etc.: _____

10. Hemic and Lymphatic System

Objective Findings: *no known abnormality*

Test Results (show dates): _____

Treatment/Prescription: _____

Response: _____

11. Neoplastic Disease  *no known abnormality*

Origin: _____  Metastasis: ○ Yes ○ No  Site: _____

Treatment/Prescription: _____

Response: _____

Prognosis: _____

12. HIV Infection and Immune System

Serological Test for AIDS: Type: *∅*  Result: _____  Date: _____

Opportunistic Infections (identify): _____

Other related diseases: _____

Treatment/Prescription: _____

Response: _____

*Exhibit 1*

State of Illinois
Department of Human Services



# MEDICAL EVALUATION - PHYSICIAN'S REPORT

13. Skin
Describe location of lesions, onset, and response to treatment:

Skin lesions on chest

14. Considering the physcial impairments and medically-related subjetive limitiations as described, please assess the capacity for substained physical activiy.

Indicate by letter the patient's capacity for the following activities during an 8 hour workday, five days a week.

A - Full Capacity     B - Up to 20% Reduced Capacity     C - 20 to 50% Reduced Capacity
D - More Than 50% Reduced Capacity     E - Insufficient Information to Determine

Walking _B_  Bending _B_  Standing _B_  Stooping _D_  Sitting _B_  Turning _B_  Climbing _B_
Pushing _B_  Pulling _B_  Speaking _A_  Travel (public conveyance) _B_  Fine Manipulation _A_
Gross Manipulation _A_  Finger Dexterity - Right _A_  Finger Dexterity - Left _A_
Ability to Perform Activities of Daily Living _B_

Indicate the patient's capacity to lift during an 8 hour day, 5 days a week.
- ⊘ No more than 10 pounds at a time
- ◯ No more than 20 pounds at a time with frequent lifting of up to 10 pounds
- ◯ No more than 50 pounds at a time with frequent lifting of up to 25 pounds
- ◯ No more than 100 pounds at a time with frequent lifting of up to 50 pounds

15. Mental Impairments (e.g., mental illness, mental retardation, substance abuse, alcohol abuse, etc.)

Observations and Mental Status: _Anxiety_

Test Results (include dates): _Depression_

Treatment/Prescription:

Response:

Considering the mental impairments described above, use the following scale to rate the degree of functional limitations.

1 - No Limitation     2 - Mild Limitation     3 - Moderate Limitation
4 - Marked Limitation     5 - Extreme Limitation     6 - Insufficient Information

Ability to Perform Activities of Daily Living _4_  Social Functioning _4_  Concentration, Persistence and Pace _4_

Indicate the number of episodes of decompensation in the last 12 months.
- ◯ None   ⦿ 1   ◯ 2   ◯ 3   ◯ 4 or more   ◯ Insufficient Information

16. Other Information of Importance
Is the patient involved in rehabilitation? If so, what is the prescribed timeframe?

No

Please attach office notes, tests or xray reports for the last 12 months, if available

Medical Provider Signature: _Pamela Goodwin_   Date of Examination: _11-18-14_

Printed Name of Medical Provider: _Pamela Goodwin_   Telephone Number: _794 424-2435_

Medical Specialty: _Internal medicine_

*Exhibit 1 A*

2014 IL App (1st) 131394-U

SIXTH DIVISION
NOVEMBER 21, 2014

No. 1-13-1394

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| ORA MILSAP, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 12 M1 350708 |
| | ) | |
| HABITAT COMPANY, | ) | Honorable |
| | ) | George F. Scully, |
| Defendant-Appellee. | ) | Judge Presiding. |

JUSTICE HALL delivered the judgment of the court.
Presiding Justice HOFFMAN and Justice ROCHFORD concurred in the judgment.

**O R D E R**

¶ 1    *Held*:   Where defendant failed to provide an adequate record or sufficient appellate brief to review the trial court's order awarding plaintiff possession of the contested premises, we must presume that the trial court's finding was sufficiently supported by the evidence; the trial court's judgment was affirmed.

¶ 2    *Pro se* defendant Ora Milsap appeals from an order of the circuit court granting possession of a residential apartment, unit 803 at 3983 South Lake Park Avenue in Chicago, to plaintiff The Habitat Company, as property manager for the Chicago Housing Authority.

Exhibit 1A

1-13-1394

¶ 3     The very limited common law record shows that plaintiff filed a forcible entry and detainer action against defendant on October 1, 2012, seeking possession of the above-named property. On October 16, 2012, the trial court entered an agreed order executed by defendant. The order stated, in relevant part, that the matter was dismissed, but in the event plaintiff alleges that defendant materially violated the terms of her lease or the terms of the agreed order prior to October 16, 2013, on motion of plaintiff with notice to defendant, the court shall reinstate the matter and conduct a hearing on the asserted violation.

¶ 4     On March 5, 2013, plaintiff filed its motion to reinstate the matter and for entry of a judgment for possession based upon defendant's violation of her lease and the agreed order of October 16. In particular, the motion stated that on February 20, 2013, defendant screamed and cursed at another resident, Bridget Mosley, in such a menacing manner that security had to separate them. When the security officers attempted to calm defendant down, she became hostile towards them. On that same date, defendant approached another resident, Delores Scott, and her 22-year-old daughter, Tytera Smith. Defendant called Smith a "bitch" and a "whore." During the incident, it appeared that defendant had a shiny object in her hand that she pointed at Smith. After Scott pushed her daughter out of the way to protect her, defendant punched Scott in the chest, resulting in Scott going to the emergency room. When security attempted to detain defendant for striking Scott, defendant pushed the security guard.

¶ 5     On March 15, 2013, the trial court granted plaintiff's motion to reinstate the matter, as well as plaintiff's request for a hearing. The matter was continued to April 2, 2013, when, according to the memorandum of orders, trial commenced and then was continued to the following day. On April 3, 2013, the trial court found that plaintiff was entitled to possession of the premises, and entered judgment in favor of plaintiff and against defendant for possession of

- 2 -

Exhibit 1A

1-13-1394

said premises *instanter*. In entering the order, the court noted that it heard the issues. Defendant subsequently filed a posttrial motion, which is not in the record. Plaintiff responded by filing an emergency motion to accelerate a hearing on defendant's motion. Plaintiff, citing to a police report that stated defendant told another resident that "[i]f I get evicted, bodies will be dropping like Columbine," maintained that if defendant's motion was not heard expeditiously, it would be severely prejudiced and people may be injured. On April 5, 2013, defendant's posttrial motion was advanced for ruling and denied.

¶ 6     On appeal from the April 3 order, defendant contends in her *pro se* brief that the trial court made errors relating to rulings on evidence, failed to find her guilty beyond a reasonable doubt, and deprived her of due process and a fair trial under the United States and Illinois Constitutions.

¶ 7     However, we find, for the reasons to follow, that we are unable to reach the merits of defendant's appeal because she has failed to comply with the supreme court rules governing appellate review. Defendant, as appellant, has the responsibility to provide a complete record on review. *Tekansky v. Pearson*, 263 Ill. App. 3d 759, 764 (1994). Absent a complete record, a reviewing court must presume that the circuit court's decision had a sufficient factual basis, and any doubts arising from the incompleteness of the record will be resolved against the appellant. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 392 (1984). That is particularly so for a bench trial, where we will not reverse the resulting judgment unless it was against the manifest weight of the evidence. *Chicago's Pizza, Inc. v. Chicago's Pizza Franchise, Ltd., USA*, 384 Ill. App. 3d 849, 859 (2008).

¶ 8     The common law record in this case shows that a bench trial was held on April 2-3, 2013, after which the trial court granted possession of the contested property to plaintiff, and entered a written order to that effect. Defendant, however, has failed to file a report of these proceedings to

- 3 -

Exhibit 1A

1-13-1394

show any error complained of (Ill. S. Ct. R. 323(a) (eff. Dec. 13, 2005)), or an acceptable alternative to reflect any evidence presented before the circuit court concerning the contentions now raised (Ill. S. Ct. R. 323(c) (eff. Dec. 13, 2005)); *Rock Island County v. Boalbey*, 242 Ill. App. 3d 461, 462 (1993)). In the absence of an adequate record, we presume that the order conformed with the law and had a sufficient factual basis. *Id*.

¶ 9 We further note that defendant has failed to comply with the rules for appellate briefs set forth in Supreme Court Rule 341 (eff. Feb. 6, 2013). Most importantly, defendant has failed to state a cogent argument for reversal of the circuit court's ruling in her brief, cite to the record, or properly cite to legal authority, as required by Rule 341(h)(7) (eff. Feb. 6, 2013); *Bank of Ravenswood v. Maiorella*, 104 Ill. App. 3d 1072, 1074 (1982)). Rather, defendant argues that her tenancy should not be terminated because she "was not afforded a fair and just trial."

¶ 10 Under these circumstances, where the brief and record are insufficient for review, we invoke the presumption in favor of the regularity of proceedings and that the evidence presented to the circuit court was sufficient to support its decision. *Foutch*, 99 Ill. 2d at 394. Accordingly, we affirm the judgment of the circuit court.

¶ 11 Affirmed.

*Exhibit 73*

*This letter Admits I was Sent video Footage OF the incident on 2/20/13, 5/6/13*



**CHA**

CHICAGO HOUSING
AUTHORITY

July 29, 2013

*I had No weapons in my hand or Person. video Shows on 2/20/13, I was being attacked by Mosley. was not Allowed to Show CHA video Footage ofincident From 2-20-13. CHA objected.*

Ms. Ora Milsap
213 W. 93rd St.
Chicago, IL 60620

**Z. Scott**
*Chairperson*

**Deverra Beverly**
**Adela Cepeda**
**Mark Cozzi**
**Dr. Mildred Harris**
**Harriet Johnson**
**Myra King**
**John G. Markowski**
**M. Bridget Reidy**
**Rodrigo A. Sierra**
*Board of Commissioners*

**Charles Woodyard**
*Chief Executive Officer*

Dear Ms. Milsap:

This letter is concerning your FOIA request 13-080r in which you asked CHA for the following:

*Videotape from Lake Parc Place from Feb. 21, 2013 and Feb. 23, 2013 as well as* ⌐videotape from March 18 through March 21, 2013.⌐ *— this is the dates of. why I was Falsely arrested. yet CHA don't HAVE video*

Your request has been GRANTED. *of me threatening Mosley & Scott.*
*CHA Claims video CAMERAS were not working 3-18-3-20-1*
Please note, the only footage CHA is in possession of which is responsive to your request is security camera footage from March 21, 2013. The CHA does not have security footage from any of the other days you requested.

You will be able to play this video footage the same way you played the footage that CHA sent to you on May 6. If you are using a different computer to watch this footage than the computer you previously used, you may have to download the software that is included on the enclosed CD. The software is in a Zip File and is called 'GxWebClient.' After clicking on this, you will want to download 'setup.exe.' Again, if you are using the same computer you previously used to watch the footage CHA sent you, you will not need to download this program again. The video files included on this CD all start with the number '115.'

If you have any questions related to this request or if you would like to make any future FOIA requests, please email: foiarequest@thecha.org. You may also mail requests to:

60 E. Van Buren St.
Planning and Reporting – FOIA
12th FL.
Chicago, IL 60605

Sincerely,

Nathaniel Tortora
FOIA Office
Chicago Housing Authority

Chicago Housing Authority
60 E. Van Buren
Chicago, IL 60605

312-742-8500

www.thecha.org

*Exhibit 19*

# CHA
### CHICAGO HOUSING AUTHORITY

January 21, 2014

Ora Milsap
213 W. 93rd St.
Chicago, IL 60620

**Z.Scott**
*Chairperson*

**Matthew Brewer**
**Mark Cozzi**
**Dr. Mildred Harris**
**Harriet Johnson**
**Myra King**
**John G. Markowski**
**M. Bridget Reidy**
**Rodrigo A. Sierra**
*Board of Commissioners*

**Michael R. Merchant**
*Chief Executive Officer*

Dear Ms. Milsap:
This letter is concerning your voicemail related to the security footage CHA has previously provided you with. We cannot provide you with this footage in a different format. The '.g64' format is what we're able to provide you with and this is the format in which CHA maintains this footage.

Sincerely,

Nathaniel Tortora
FOIA Office
Chicago Housing Authority

This letter is in Reference to the video footage that shows the 2/20/13, which I recieved on 5/6/13. CHA would not Allow video footage to be shown in Circuit Court. It would have shown, I didn't violate agreed order (10/12), nor show me with an ice pick, or other weapons, or attacking anyone. Videotape clears me, yet Judge Scully would not allow me to play it in Court, per CHA request.

Chicago Housing Authority
60 E. Van Buren
Chicago, IL 60605

312-742-8500

www.thecha.org

*Exhibit 41*

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
MUNICIPAL DEPARTMENT, FIRST DISTRICT

| | |
|---|---|
| THE HABITAT COMPANY, for CHA, | ) |
| | ) |
| Plaintiff, | ) |
| v. | )    12 M1 350708 |
| | ) |
| ORA MILSAP AND ALL OCCUPANTS, | ) |
| | ) |
| | ) |
| Defendants | ) |

<u>AGREED ORDER</u>

This matter coming on to be heard this 16TH day of October, 2012, the parties being in agreement, the Court being fully advised:

IT IS HEREBY ORDERED:

1. This matter is dismissed with leave to reinstate upon Motion as is set forth herein.

2. In the event Plaintiff alleges that Defendant materially violates the terms of her lease or the terms of this Order prior to October 16, 2013, on Motion of Plaintiff with Notice to Defendant, the Court shall thereupon reinstate this matter and thereafter conduct a hearing on such asserted violation. Should Plaintiff establish at such hearing that Defendant materially violated the terms of her lease, or this Order, as asserted in such Motion, a judgment for possession shall be entered in favor of Plaintiff.

3. In the event of a Reinstatement, Defendant waives her right to a Jury Trial, but reserves the right to present any germane defense or affirmative defense.

4. Plaintiff is granted leave to accept all past due and current and future rent, use and occupancy and other monies and to enter into future leases and/or lease addendums without prejudice to its rights herein set forth to reinstate this cause, until Plaintiff learns of a violation by Defendant.

5. Defendant agrees to pay all of her rental arrearages in full by October 31, 2012.

ENTER:

Judge George F. Scully, Jr.
_____
Judge    OCT 16 2012    Judge's No.

Circuit Court 2013

SANFORD KAHN, LTD.
Attorneys for Plaintiff
180 North LaSalle Street, #2025
Chicago, Illinois 60601
(312) 263-6778
Attorney No. 25167

Agred ✗ _____
Defendant

C00015

Exhibit 31 Pg 107

Took agreed order for an allegation that I was not arrested for. Mgmt waited 2 months, before I was served A termination notice. Was given ineffective counsel, in 9/12 and took

7/24/12

On Tuesday, July 24th, 2012, I had parked my car in front of the building and I went inside for about 10 minutes. I had seen the gangbangers and 3 girls hanging across the street. I went into my house for about 10 minutes and then came back out and there were 2 of the girls from across the street sitting and leaning on my car, and the third one sitting on the car in front of my car, facing me. I started walking towards my car, thinking the girls would move, and they did not. I asked them to move off my car and they started saying to me "we are not moving bitch". I told them again to get off my car and still would not move. I told my daughter, to go inside and tell security what is going on. Officer Bullock, called to the next building and officer Jimmy and Officer Davis came from the down the street. The girls kept telling me to make them move off my car. At that point, I took off my shoes and told them to "Get the fuck off my car or I am calling the police. They still did not move, and then all three girls started forming a circle around me, trying to fight me and I still had my shoes in my hand, ready to defend myself.

When Officer Jimmy and Officer Davis walked up, the girls started saying put the shoes down and we'll fight you. I told all three girls, I am not putting my shoes down and if you try to fight me, I will defend myself. Officer Jimmy and Davis started arguing with me saying "I provoked the girls to fight me, by taking off my shoes." First of all, they were told by Officer Bullock, that the girls were on my car and trying to fight me. How in the hell am I provoking anyone who is on my property? Laura Green, Angie's Green sister came over and starting saying they are teenagers, and I explained to her, that it does not matter; they knew not to sit on my car or anyone's car that is not theirs. Cheryl Benton's niece, came over and starting calling me bitches, whores, and was lunging at me, and the police had to tell her, if she came at me again she would go to jail.

Officer Jimmy and Davis were extremely rude and were taking the sides of the gangs. Officer Jimmy and Davis kept saying you provoked the girls. In a court of law, your guards would be held accountable for that statement. I have every right to defend my property and my child. I feel that officer Jimmy and Davis were unprofessional and tried to take the sides of the thugs.

Demetrius Tucker, the young boy who was arrested last summer for sitting on my car, and tried to hit my child with a brick, which I have complained to Ms. Spicer about him, she is so unprofessional that she still allowed him in the building, came across the street to try and fight with me and the police had to tell him to move or he would go to jail, yet you and Ms. Spicer will not bar him, even though he was part of the fight against me last night. Demetrius Tucker, do not go to school, sell drugs, hang out with the gangs, and yet he can come in the building. Ms. Spicer's decision is going to back fire on her.

The police officer Williams, Heffernan, and Balesh told each girl and all the gang bangers across the street, to not sit on my car or anyone else car or they will be going to jail. Officer Davis kept saying in front of Officer Heffernan, "Ms. Milsap, you provoked them and you are going to lose your apartment." Police Officer Heffernan, told Officer Davis, "Stop saying Ms. Milsap provoked them, she did not". Officer Heffernan had to tell Officer Jimmy and Davis again, that the girls was trying to fight me and provoked me. Officer Heffernan told me that she would tell the manager what happened. The police agreed with me and told the wsa officers, Ms. Milsap had a right to defend herself, against 3 girls who

Probation for something I didn't do. On 7/24/12, Police came to scene and was not arrested, that no Attorney.

Exhibit 3/ pg 2 of 2

were trying to fight her. The wsa security officers Jimmy and Davis tried to tell me that I did not have a right to say anything to the girls, however, I am 47 years old and have a right to freedom of speech and defend myself. Officer Jimmy and Davis were for the crowd of gangbangers and thugs, not for me.

The police officers, let security officer Jimmy and Davis were told several times by police, to stop saying Ms. Milsap provoked the girls and others, and they provoked her. It is a shame, the police had to take up for me, because the wsa guards did not try to do a fair report. Even, after the police told them, not to write up that I provoked the girls and the crowd, and I had a right to defend myself, officer Jimmy and Davis still said I am going to say you provoked them.

How can I provoke people who started trouble with me? Let Ms. Spicer know that Demetrius Tucker, is still trying to fight with me and she is ignorant and unprofessional to let him continue to come in the building. Again, the police had to tell him to go somewhere, and get out of my face, or he would have been arrested. Ms. Spicer, because of her dislike for me and not take serious Demetrius Tucker, an attorney will get this information, then her words and not responding to my voicemail, about a violent teen, who went to jail, last summer, for trying to fight my child, it will come back on her legally.

I was also told by Ms. Whitney, (recertification clerk), that even if he is a drug dealer and has been kicked out of school, he has a right to come to the food program. I got a case against Chicago Housing Authority, Habitat and HUD. My child and my safety are at stake, and your security staff tells me, I provoked girls and thugs who started trouble with me. Ms. Spicer decides we will ignore Ms. Milsap's concerns, of threats on my child and my life; again I got a strong legal case.

I have the police side of what happened and what they witness. The police's statement will be important in a court of law. Ms. Simmons and Ms. Spicer will not coach your security staff, that if someone is sitting on a person's property and threatening to fight a resident, I have a right to self defense. Remember, when you told Herb Anderson, to file a false police report on me, yet he was found out lying based on real witnesses who were out there. Thank God, the police heard officer Jimmy and Davis saying you provoked them, and the police told both wsa officers stop saying Ms. Millsap, provoked them, she did not . I told officer Heffernan, if I need her to tell the truth would she? And she said yes.


Ora Milsap

773 541-0018

2

EXhiBit

August 13, 2012

TO: Professor Henry English / NIE Center for Inner City Studies

FR: Kay McCrimon / DuSable Museum of African American History

RE: Evaluation for Ora Milsap / Summer Intern at DuSable Museum of African American History

Hello Professor English,

I am submitting this evaluation for Ms. Ora Milsap who interned here at the DuSable Museum of African American History, through your Field Internship Class at the Carruthers Center for Inner City Studies at Northeastern Illinois University.

First, I would like to thank you for referring your students to the DuSable Museum. As you know, we are always looking for volunteers and interns who are serious about donating their time and about learning what the Museum has to offer; so thank you for considering us and keep us in mind for the future.

Ms. Ora Milsap was a great intern! She was very professional, a quick learner, and she has excellent administrative skills, so she fit right in. The Membership Department is very busy, but not only that, it is a one-person shop, so I was grateful to have someone like Ms. Milsap to help answer phones (which she was phenomenal at), data entry, and all the other assignments that go along with handling the museum membership base. She did whatever I asked with a smile and an eagerness that was very refreshing.

In addition, Ms. Milsap was interested in how we function as a not-for-profit institution, as well as the museum's exhibitions and other departments outside of membership. She got along well with other staff members and everyone at the museum who crossed paths with her, enjoyed talking with her and answering any questions that she had.

If I could, I would hire Ms. Milsap to work with me without hesitation. I am sure that whoever she works for in the future, will have a real gem on their hands. I hope that she will keep the DuSable Museum in mind for volunteer work in the future.

If you have any questions, please do not hesitate to contact me. I can be reached directly at (773) 420-2738. Again, thank you for thinking of us and I look forward to hearing from you soon.

Warmest regards,

Kay

EXhibit 85

**CHICAGO POLICE DEPARTMENT**
# ORIGINAL CASE INCIDENT REPORT

3510 S. Michigan Avenue, Chicago, Illinois 60653
(For use by Chicago Police Department Personnel Only)
CPD-11.388(6/03)-C)

**RD #:** HV458445

**EVENT #:** 1224615301

Case ID:   8784692   CASR229

---

**IUCR:** 1340 - Criminal Damage - To State Sup Prop

| | |
|---|---|
| **Occurrence Location:** 3983 S Lake Park Ave | **Beat:** 0214 |
| Chicago Il | |
| 121 - Cha Apartment | |

**Unit Assigned:** 0213
**RO Arrival Date:** 02 September 2012 18:45

**# Offenders:** 1

**Occurrence Date:** 01 September 2012 16:30 - 01 September 2012 18:45

---

**Name:** CHA

3983 S Lake Park Ave   **Beat:** 0214

Chicago, Il

**Age:**   Years

---

**Name:** MILSAP, Ora

**Res:** 3983 S Lake Park Ave  #803   **Beat:** 0214

Chicago IL

773 - 541 - 0018

**Beat:** 5100

Female
Black
5'03,
200 lbs
Brown  Eyes
Brown  Hair
Medium  Hair Style
Light  Complexion

**Age:** 47 Years - Approx.

---

**Residence Phone:** 773-541-0018

**Available Time** 09:00:00 - 22:00:00

---

**Name:** UNKNOWN

---

Victim Information Provided

**Flash Message Sent ?** No

---

**Print Generated By:** HERNANDEZ,JACQ   (PC0Z339)
UELIN

Page   1   of   2

10-SEP-2012 10:58

**Chicago Police Department - Incident Report**    *Exhibit 33*    **RD #:   HV458445**

| Request Type | Date |
|---|---|
| Notification | 02 September 2012<br>20:30 |

EVENT #15301 IN SUMMARY: MS. MILSAP NOTIFIED R.O. 'S THAT UNKNOWN PERSON(S) WROTE "BITCH" ON HER APARTMENT DOOR WITH A PERMANENT MARKER. MS. MILSAP STATED THAT SHE HAS BEEN HAVING PROBLEMS WITH SOME NEIGHBORS FROM THE AJOINING BUILDING. R.O.'S ATTEMPTED TO MAKE A NOTIFICATION TO CHA BUT PHONE WAS DISCONNECTED.
 REPORTING OFFICER - STAR#: 8333 NAME: KENNETH CORCORAN BEAT: 0213

| | Star No | Emp No | Name | User | Date | Unit | Beat |
|---|---|---|---|---|---|---|---|
| Approving Supervisor | 1755 | #17147 | **DINEEN, Michael, E** | (PC0T484) | 03 Sep 2012 00:00 | 004 | |
| Reporting Officer | 3254 | #50500 | **PADILLA, Louis, A** | (PC0G032) | 02 Sep 2012 20:16 | 701 | 0213 |

Exhibit 34

September 3rd, 2012

Dear: Ms. Simmons: On September 1st, I came home from the grocery store about 4:00 p.m., and I put up my groceries until about 4:15p.m. . I went and took a nap me and my daughter, and then I got up about 6:30 p.m. and started cleaning up my bedroom. I gave my daughter some garbage to take out and then she screamed to me, "mommy, come here, I don't want to take the garbage out". I then noticed that there was the word" BITCH" in capital letters on my door, with a permanent marker.

I immediately called the security and office Hodge came up and said he would write up the report. I also called operations and let them know, that someone had vandalize my door. Less than 3 weeks ago, I wrote you a letter about harassment and unconcerned safety in relation to your company, Habitat, CHA and HUD, not taking appropriate action, when I gave you information, of who has done criminal acts toward me and my child, no action again is ever taken. Now here it is, less than three weeks later, I wrote a letter of harassment and assault against my child against my child, and yet now these residents felt confident to vandalize my door, due to they knew nothing would be done to them.

On September 2nd, 2012, I and my child go wash in the 3939 S. Lake Park building and again one of the same troubled teenagers, I have complained to you about many times, comes in the laundry room looked at the vending candy machine, did not buy anything, then walks right next to my daughter, and the troubled teen ask like she was going to the bathroom and turn around where my child was sitting and came back out the laundry room, which all of this is on tape. The police was called and I was given a report for the vandalize for my door, as well as I insisted that they put in the report what officer Hodge told them, which was Tiana Franklin, Rachel Franklin's daughter is always trying to fight my child.

Police Officer Padilla and Corcoran both informed me that they put in the report, that I have had problems with neighbors and complained to management before.

On August 31st, 2012, I was on the bus coming home picking up my daughter from school, and Tiana Franklin, Shamia McKinney, Ms. McKinney grand daughter, and Shia that lives in 401 in 3983 was on the bus, making comments and yet I ignored them. On September 2nd, I spoke to the lady in 809, 3983 Lake park, and she let me speak to her daughter and son, and her daughter confirmed that on September 1st, 2012, Shia 401 3983, and Shamia, Ms. McKinney grand daughter knocked on her door, looking for her brother, she and the mother claims, her son was not home, and her daughter states "She did not open the door, yet looked out the peep hole and saw them standing at the door. The lady's daughter in 809 confirmed that on September 1st, 2012 Shia and Shamia were on the floor, when my door got vandalized. I had heard teenage voices myself on the floor, about 4:15 p.m. I know Ms. McKinney's grand daughter did this to my door, along with Lisa grand daughter in 409.

I have a police report now and will proceed accordingly.

Thank You, Ora Milsap.

*Exhibit 35*

## NOTICE OF TERMINATION OF TENANCY/NOTICE TO VACATE

TO ___ORA MILSAP AND ALL OCCUPANTS_____ CLIENT NO.__510639p_____
ADDRESS 3983 South Lake Park Avenue, Apt. 703, Chicago, Illinois 60653

YOU ARE HEREBY NOTIFIED that tenancy of the above premises, together with closets, laundry rooms, drying rooms, perambulator or storage rooms and other rooms and spaces used by you in connection with said premises, situated in the City of Chicago, County of Cook, and State of Illinois, will TERMINATE _10_ days after service of this Notice, unless the breach is remedied within 10 days, and provided the breach can be remedied, and you are required to vacate and relinquish said premises to the undersigned on or before such time. The reason for said termination of tenancy is your violation of the CHA Residential Lease, based on the following behavior:

1. On or about July 24, 2012 you were loudly yelling, verbally abused the building security officer and threatened other individuals of bodily harm while chasing them with spiked heeled shoes in your hand, in violation of Paragraphs 8(f), 8(n)(1), 8(n)(2), 8(o), 16(b)(5), 16(b)(27), 16(b)(33), 16(b)(38)(a) and 16(b)(38)(b) of the Terms and Conditions of your Lease.

2. On or about July 24, 2012 you verbally abused and directed profanity at three individuals and verbally abused another resident, in violation of Paragraphs 8(f), 8(n)(1), 16(b)(5) and 16(b)(27) of the Terms and Conditions of your Lease.

YOU MAY MAKE SUCH REPLY TO THIS NOTICE AS YOU WISH. YOU MAY PRESENT A REQUEST FOR GRIEVANCE ORALLY OR IN WRITING FOR ANY NON-CRIMINAL OR NON-DRUG RELATED ACTIVITY TO THE DEVELOPMENT OFFICE ANY TIME WITHIN THE TERMINATION PERIOD SPECIFIED ABOVE. PURSUANT TO 24 C.F.R. 966.51(a)(2)(i). YOU ARE NOT ENTITLED TO A GRIEVANCE HEARING FOR ANY ALLEGATIONS OF CRIMINAL AND/OR DRUG-RELATED ACTIVITY. HUD HAS DETERMINED THAT YOU ARE ENTITLED TO AND WILL BE AFFORDED A HEARING IN THE MUNICIPAL COURT OF COOK COUNTY, WHICH HUD HAS DETERMINED CONTAINS THE BASIC ELEMENTS OF DUE PROCESS AS DEFINED IN THE HUD REGULATIONS. YOU HAVE THE RIGHT BY APPOINTMENT, PRIOR TO ANY HEARING OR TRIAL, TO EXAMINE ANY RELEVANT DOCUMENTS, RECORDS OR REGULATIONS DIRECTLY RELATED TO THE EVICTION AT YOUR DEVELOPMENT OFFICE.

DATED at Chicago, Illinois, this _17th_ Day of _September_ 20_12_.

THE HABITAT COMPANY, as Property Manager for CHICAGO HOUSING AUTHORITY

BY _____

The undersigned ("Server") deposes and states that s/he served the above Notice at the hour of _____a.m./p.m., on the _____ day of _____, 20_____, by:

1)_____delivering a copy to the above named resident _____: or by
2)_____delivering a copy to _____, an adult member of the household residing in the dwelling, or by
3)_____sending a copy of the notice to the resident by certified or registered mail, with a returned receipt from addressee.

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this Certificate of Service are true and correct.

_____
Signature of Server

*Laura Green is not a resident. Her mother is and she visits her mom. She does not live in the building.*

Exhibit 36

September 10, 2012

To; Ms: Simmons;

Per the termination letter instructions, I am requesting in writing to have all copies prior to the any hearing or trial, any relevant documents, records or regulations related to the eviction at your development office.

I am also requesting to review my tenant file and make copies as deem so.

I am also requesting a copy of the current residential lease agreement. You have cited 15 codes I supposedly violated. Really?

Sincerely, Ora Milsap.

I was never allowed to meet with Manager, Vivian Simmons, nor review Any of the lease violations, nor video Footage. FROM 2-13 — through my Circuit Court Case, I was not Allowed to review my Files.

Exhibit 37

September 11th, 2012

On September 7th, 2012 I received a termination letter from Ms. Simmons, property manager stating that I violated 11 violations of CHA's policies and residential lease agreement. Also, in the letter it stated that if I wanted to review all relevant documents relating to my eviction, I must put in writing a request to have copies of all information pertaining to their eviction status against me. I put the request in writing and on September 10th, 2012 I went to the management office and handed the letter to asst. manager, Ms. Shelton, and said she would forward the information to Ms. Simmons, property manager.

Ms. Shelton assured me they would have the information to me by noon. However, I called and spoke with Ms. Simmons and she informed me that it takes a while to get that information ready. I also asked Ms. Simmons, what are the 11 violations HUD and CHA is charging me with and she stated that the attorney should have wrote them out. Ms. Simmons stated she did not know what they were charging me, she just sent my letter to the attorney and he made the decision to terminate my lease. Ms. Simmons also stated "You brought this on yourself". I called operations for CHA on September 10, 2012 and they sent an email to Ms. Simmons and asset manager, Ms. Arrington. I called again today and was told that an email was sent to CHA attorney and asset management. I informed Ms. Zaragoza that if I did not receive the information by 3:00 p.m., I would write a letter regarding I am being charged 11 housing violations and do not know what I am being charge with. Information pertaining to my eviction case, I have not received. At this time, no call or information regarding my request.

Sincerely, Ora Milsap.

*[handwritten: Exhibit 37 A Pg 1 of 2]*

Elizabeth Rosenthal • Staff Attorney • Housing Law Project
Direct Line (312) 347-8368 • erosenthal@lafchicago.org

*[handwritten: It was funted on]*  September 11, 2012

*via facsimile and first class mail*
Maria Reyes
Senior Vice President of Public Housing
Chicago Regional Office
Habitat Company  *[handwritten: Ms. Hunt was Manager at 4½'s]*
350 W. Hubbard, Suite 500
Chicago, IL 60654  *[handwritten: time]*  Re:   Lake Parc Place *[handwritten: - in 2011]*
*[handwritten: - vice president of Habitat]*

*[handwritten: Left in 2012 ←]*  Dear Ms. Reyes:

        I am writing on behalf of a number of residents at Lake Parc Place who wish to express concern and dissatisfaction with the site management at that development. There are three major areas of concern: inspections, guest policies, and rights of residents to use the social room.  I will address each in turn.

        First, residents are reporting numerous problems around inspections of their units.  Recently, there have been as many as three inspections per month. Additionally, maintenance people or inspectors are not leaving any kind of notification that they entered the unit if the resident was not present for the inspection.

        While residents at Lake Parc Place understand that they are required to cooperate with CHA's quarterly inspections and with HUD's annual REAC inspection, the number of inspections to which the site manager has subjected residents has become a form of harassment.  Whether or not it is targeted as such or is simply disorganization on the part of the site manager, the frequency of inspections must cease.  If a resident is not present for an inspection or maintenance call, the staff should leave a note or work order in the unit, letting the resident know that management entered her unit while she was not present.

        With regard to the visitation policies at the building, it is my understanding that the site manager and security guards are not allowing residents to have visitors unless the resident has a telephone.  While I understand that management is concerned about safety at the property, this is an overly restrictive policy.  If there are adequate sign in procedures at the building, there should be no reason a resident cannot have a guest, even if she does not have a phone.  On a related point, Ms. Hunt's June 13, 2011 letter to residents about the visitation policies is generally correct, it is unclear on one point that I wish to clarify.  The letter states that "the maximum time that any one guest can visit is 30 calendar days in a calendar year."

September 6, 2012
Exhibit 37A pg 2g2

This should read, however, "overnight" guests. I have heard from residents that this policy is being applied to daytime as well as overnight visitors, and that is not a correct interpretation of the lease or the ACOP. I also remind you that the seven-day/30-day overnight guest policy only applies when residents do not have permission from management for a guest to stay longer. For example, there might be a situation where a resident has visitation rights with a child who comes every other weekend and who therefore exceeds the 30-day policy. That resident could advise management of the visitation arrangement and seek permission to have the child visit the building more than 30 days in a calendar year.

Finally, there have been ongoing issues with residents trying to meet lawfully and peacefully in the community ("social") room. By "Memo" dated July 12, Ms. Hunt notified the residents that the social room could only be used by reservation 30 days prior to an event. While room reservations and perhaps even a deposit fee may be necessary for orderly use of the community room, this policy seems overly restrictive and designed to police use of the room to only those people that management wishes to allow. This is discrimination that should not be allowed. Any resident should be allowed to use the community room for any lawful purpose, whether or not management "agrees" with that use. I speak specifically of some residents' desire, in January, to have a meeting of interested residents where they could meet with people from Kenwood Oakland Community Organization to talk about tenants' rights. There is no reason, pursuant to HUD regulations, CHA policies, or anything else, as to why these residents should not have been allowed to meet. I request that you change your "social room" policies to be inclusive of all residents and to ensure that they do not set pre-textual barriers to resident meetings.

I would be happy to discuss any of these matters with you and concerned residents at your earliest convenience. In the meantime, if you have any questions, please feel free to contact me.

Sincerely,


Elizabeth Rosenthal
Attorney at Law

Cc:   Kathleen Arrington, Asset Manager, Chicago Housing Authority
      Jadine Chou, Vice President, Asset Management, Chicago Housing Authority
      Cynthia Harvey, Asset Manager, Office of Public and Indian Housing,
            U.S. Department of Housing and Urban Development

Exhibit 31B

September 12th, 2012

Ms. Simmons; I reviewed the information pertaining to my case and according to the eviction letter, I want to be able to see and review all surveillance footage pertaining to this case and any other incidents that CHA attorney will be using in this case. How do I get access to the surveillance tapes, because if used in court, this letter serves to request that information as well? Also, according to the eviction letter, it is stated that I threatened and verbally abused another resident, yet no information of a resident's name or information is in this letter, nor did Officer Crawford write that in his report. Laura Green, is not a resident, her mother is. I never verbally abused nor threaten a resident, why put it in the eviction letter?

Thank You, Ora Milsap.

*Exhibit 3B*

# Jacob H. Carruthers
# Center for Inner City Studies

N Northeastern Illinois University

# Memorandum

Date:            27 February 2013

To:              Eric Garrett, Asst. Director of Housing and Asset Management, CHA
                 Vivian Simmons, Manager of Lake Park Place

From:            Robert T. Starks, ICSE Instructor

Regarding:       Ora Milsap, Graduate Student

This missive is to verify that Ora Milsap was in my class, The African American Community on Wednesday, February 20, 2013 from 6:30 p.m. - 9:15 p.m.

Thank you for your assistance in this matter.

Subscribed and sworn to before me this ___ day of March 13 at Chicago, County of Cook, State of Illinois.

Notary Public _____

Robert T. Starks, Instructor ICSE

"OFFICIAL SEAL"
Yolanda Booker
Notary Public, State of Illinois
My Commission Expires 3/28/2015

Exhibit 43

# VICTIM INFORMATION NOTICE/ CHICAGO POLICE DEPARTMENT

POLICE REPORT - IT IS FOR INFORMATION PURPOSES ONLY. R.D. No. HW 164830

INCIDENT: Assault - Simple

NAME OF VICTIM/COMPLAINANT:

IUCR CODE: 0560

TIME OF OCCURRENCE: 90

DATE OF OCCURRENCE: 14 February 2013

BEAT/UNIT OF ASSIGN.: 0314

BEAT OF OCCUR.: 0314

CASE NAME: PEOPLE OF THE STATE OF ILLINOIS/CITY OF CHICAGO vs. Bradley T. Presley

Court Branch:

Court Loc.:

If an arrest has taken place, the following is your court information: Date:          Time:

If you need more help call the Victim/Witness Assistance Program of the Cook County State's Attorney's Office at (773) 869-7200.

Your case will be on file with the Chicago Police Department under the above listed R.D. Number...

## TO REPORT ADDITIONAL INFORMATION

## MISSING PERSONS LOCATED

| PROPERTY CRIMES | VIOLENT CRIMES | SPECIAL VICTIMS |
|---|---|---|
| AREA CENTRAL (312) 747-8382 | (312) 747-8380 | (312) 747-8385 |
| AREA SOUTH (312) 747-8273 | (312) 747-8271 | (312) 747-8278 |
| AREA NORTH (312) 744-8263 | (312) 744-8261 | (312) 744-8266 |
| BOMB & ARSON (ALL AREAS) (312) 745-7619 | | |

## COPY OF THE REPORT

## MAKE THE RIGHT CALL

## CHICAGO ALTERNATIVE POLICING STRATEGY (CAPS)

## SAFE NEIGHBORHOODS ARE EVERYBODY'S BUSINESS

http://www.chicagopolice.org

You live on Beat _____

Your next Beat Community Meeting will be held on (date / time) _____

at (location) _____

CPD-11.383 (Rev. 3/12)-English     IMPORTANT: RETAIN THIS NOTICE FOR YOUR PERSONAL RECORDS

## OBTAINING A WARRANT OR SUMMONS FOR CRIMINAL CHARGES

## TELECOMMUNICATIONS DEVICE FOR THE DEAF/TELETYPE (TDD/TTY)

| Police District of Occurrence | | Court Branch for Warrant or Summons |
|---|---|---|
| 14,16,16,17,25 | Branch 23 | 5555 W. Grand Ave. |
| 1,18,19,20,24 | Branch 29 | 2452 W. Belmont Ave. |
| 2,7,8,9 | Branch 34 | 155 W. 51st St. |
| 3,4,5,6,22 | Branch 35 | 727 E. 111th St. |
| 10,11,12,13 | Branch 43 | 3150 W. Flournoy St. |

## AUTOMATED VICTIM NOTIFICATION (AVN)

## ILLINOIS CRIME VICTIMS NOTIFICATION

## RECOVERY OF PROPERTY - STOLEN VEHICLE RECOVERED

## CREDIT CARDS - CHECKS, LOST OR STOLEN

*Exhibit 42A*

**CHICAGO POLICE DEPARTMENT**
**ORIGINAL CASE INCIDENT REPORT**
0 S. Michigan Avenue, Chicago, Illinois 60653
use by Chicago Police Department Personnel Only)
-11.388(6/03)-C)

RD #: **HW164250**

EVENT #: 1305114831

Case ID: 9016849 CASR229

**SUSPENDED**

IUCR: 0560 - Assault - Simple

Occurrence Location: 3983 S Lake Park Ave
Chicago IL
122 - Cha Hallway/Stairwell/Elevator

Beat: 0214

Unit Assigned: 0214
RO Arrival Date: 20 February 2013 21:25

# Offenders: 1

Occurrence Date: 20 February 2013 21:19

*RO C ____ w/ Scott ____ was talking to Police getting this report*

**Victims/Individuals**

Name: **MILSAP, Ora**

Res: 3983 S Lake Park Ave #803
Chicago IL

Beat: 0214

Beat: 5100

Sobriety: Unknown

**Demographics**
Female
Black
5'01,
200 lbs
Brown Eyes
Black Hair
Natural Hair Style
Medium Complexion

DOB: 17 December 1964
Age: 48 Years

**Demographics**

*he Police was filling out the report (illegible) stateled her will on paper*

**RELATIONSHIP**

(Victim)
**MILSAP, Ora** *on*

*2/20/13*
*9:19 pm*

( Offender )

**Miscellaneous**

Victim Information Provided

Flash Message Sent ? No

RD #: HW164250

CLEAR

Exhibit 42A

Chicago Police Department - Incident Report                                    RD #:  HW164250

IN SUMMARY, VICTIM RELATED TO R/DS THAT SHE JUST CAME HOME AND WAS ENGAGED IN A VERBAL ARGUMENT
WITH THE OFFENDER OVER AN INCIDENT WHICH HAPPENED EARLIER, IN THE LAUNDRY AREA.  VICTIM STATED THE
OFFENDER APPROACHED HER IN A MANNER THAT MADE THE VICTIM IN FEAR OF RECEIVING A BATTERY.  OFFENDER
NOT ON SCENE.  SECURITY ████████████████████████████████████████ VICTIM OF SUMMONS
PROCEDURE.

|  | Star No | Emp No | Name | User | Date | Unit | Beat |
|---|---|---|---|---|---|---|---|
| Approving Supervisor | 2265 | ███ | HUFFMAN, Sharon, M | ███ | 20 Feb 2013 23:31 | 002 | |
| Reporting Officer | 2227 | ███ | COONEY, Michael, P | ███ | 20 Feb 2013 22:38 | 002 | 0214 |

CLEAR Technology

*Exhibit 43*

| CHICAGO POLICE DEPARTMENT | | 13-MAR-2013 | PAGE | 1 |
|---|---|---|---|---|
| EVENT QUERY | | | | |

Event #  1305114831

| Type | Location | | Date | Pri | DG | Svc Beat | Disp |
|---|---|---|---|---|---|---|---|
| ASLTJO | 3983 S LAKE PARK AV #803 -8 | | 20-FEB-2013 21:19:59 | 2C | 002 | 0214 | 0560 |
| Source | Response Level | Caller | | | | Phone | |
| E | | MS MILSAP | | | | 773-541-0018 | |
| Address of Occurrence | | | | | | Occ Beat | |
| 3983 S LAKE PARK AV | | | | | | 0214 | |

Event Chronology

| Date | Activity | Wkstn | Person | Text |
|---|---|---|---|---|
| 20-FEB-2013 21:16:09 | REC | | | |
| 20-FEB-2013 21:19:59 | ENTRY | PCT58 | C560948 | EventLocation, Apartment, Floor, CallerLocation, CallerPhoneNumber, CallerName have been changed. |
| 20-FEB-2013 21:20:53 | DSP | PD31 | D541241 | X213 |
| 20-FEB-2013 21:21:24 | SUPP | PCT58 | C560948 | Remarks Added |
| 20-FEB-2013 21:22:14 | ASST | PD31 | D541241 | X214 |
| 20-FEB-2013 21:43:18 | CASERD | PD31 | D541241 | RDG Report Number X214 $CPDHW164250 D/0560 By: D541241 |
| 20-FEB-2013 21:43:31 | ACK | PMDT5355 | PC0N319 | X213 |
| 20-FEB-2013 21:43:53 | ONS | PD31 | D541241 | X214 |
| 20-FEB-2013 21:52:04 | MISC | PD31 | D541241 | X214  x213 |
| 20-FEB-2013 22:02:21 | CLEAR | PMDT5355 | PC0N319 | X213 |
| 20-FEB-2013 22:08:56 | CLOC | PD31 | D539719 | X214 [ BACK TO BEAT TO FINISH PAPER] |
| 20-FEB-2013 22:31:50 | CLOC | PD31 | D539719 | X214 [ 38TH PL  / LANGLEY] |
| 20-FEB-2013 22:31:54 | ASST | PD31 | D539719 | 210R |
| 20-FEB-2013 22:32:03 | CLOC | PD31 | D539719 | 210R [ 38TH PL  / LANGLEY] |
| 20-FEB-2013 22:39:50 | ACK | PMDT5368 | PC0I270 | 210R |
| 20-FEB-2013 22:40:44 | CLEAR | PMDT5368 | PC0I270 | 210R |
| 20-FEB-2013 22:42:03 | CLEAR | PMDT5504 | PC0H862 | X214 |
| 20-FEB-2013 22:42:03 | CLOSE | PMDT5504 | PC0H862 | |
| | RMKS | | | *** WIRELESS CALL *** |
| | RMKS | | | SCR  FEMALE NABOR JUST PUSHED CALLER ... THE OFFENDER IS IN THE LAUNDROMAT ... .NFI |
| | RMKS | | | C.S THERE'S A SURVEILLANCE CAMERA IN THE LOBBY..  NFI |

Unit Summary

| Unit | Dispatch | Enroute | Onscene | T | TA | TC | Clear |
|---|---|---|---|---|---|---|---|
| X213 | 21:20:53 | | | | | | |
| X214 | 21:22:14 | 22:08:56 | 21:43:53 | | | | 22:02:21 |
| 210R | 22:31:54 | 22:32:03 | | | | | 22:42:03 |
| | | | | | | | 22:40:44 |



**Northeastern Illinois University**

*Exhibit 43A*

5500 NORTH ST. LOUIS AVENUE
CHICAGO, ILLINOIS 60625-4699

773 / 583-4050

JACOB CARRUTHERS CENTER FOR INNER CITY STUDIES
700 EAST OAKWOOD BOULEVARD
CHICAGO, ILLINOIS 60653

773 / 268-7500
Fax 773 / 256-2030

1 April, 2013

In Re: Ms. Ora Milsap,
Graduate student
NEIU-CCICS

To Whom it May Concern:

As stated in my previously notarized note stating that Ms. Ora Milsap was in attendance in my class on the evening of February 20th, 2013. I stand by that statement. Further, Ms. Milsap made an oral presentation in my class and spent the entire length of the class from 6:30 P.M. to 9:00 P.M. in my class room #408 at CCICS, 700 E. Oakwood Blvd.

Thank you for your consideration

Sincerely,

Robert T. Starks
Professor Emeritus
NEIU-CCICS

*Exhibit 44*

# Jacob H. Carruthers
**N** Northeastern Illinois University
# Center for Inner City Studies

# Memorandum

| | |
|---|---|
| Date: | 27 February 2013 |
| To: | Eric Garrett, Asst. Director of Housing and Asset Management, CHA |
| | Vivian Simmons, Manager of Lake Park Place |
| From: | Yvonne Jones, ICSE Instructor |
| Regarding: | Ora Milsap, Graduate Student |

This missive is to verify that Ora Milsap was in class my class, Research Writing, on Thursday, February 21, 2013 from 6:30 p.m. - 9:15 p.m.

Thank you for your assistance in this matter.

*Yvonne Jones*

Yvonne Jones, Instructor ICSE

Subscribed and sworn to before me
this _07_ day of _March_ 20_13_
at Chicago, County of Cook, State of Illinois.

Notary Public _Deborah S Buirst_

OFFICIAL SEAL
DEBORAH S BUIRST
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:03/15/15

*Exhibit 45*

CHICAGO POLICE DEPARTMENT
**ORIGINAL CASE INCIDENT REPORT**

*1st police report on 4 Kiara Scott*

RD #: **HW165581**

EVENT #: **1305215722**

10 S. Michigan Avenue, Chicago, Illinois 60653
use by Chicago Police Department Personnel Only)
-11.388(6/03)-C)

Case ID:  9018304   CASR229

## ASSIGNED TO SUMMARY

**IUCR:** 0560 - Assault - Simple

| | |
|---|---|
| **Occurrence Location:** 3983 S Lake Park Ave Chicago IL 090 - Apartment | **Beat:** 0214 |

**Unit Assigned:** 9156
**RO Arrival Date:** 21 February 2013 21:44

# Offenders: 1

**Occurrence Date:** 21 February 2013 20:30
*8:30 pm Kiara Scott*
*12*

## VICTIM - Individual

**Name:** MILSAP, Ora

**Res:** 3983 S Lake Park Ave #803
Chicago IL
773 - 541 - 0018

**Beat:** 0214

**Beat:** 5100

### Demographics

Female
Black

**DOB:** 17 December 1964
**Age:** 48 Years

*before went to west side of Chgo report*

**Sobriety:** Sober

### Demographics

### SUSPECT #1

### Demographics

## RELATIONSHIP

(Victim)
**MILSAP, Ora**

( Offender )

*Kiara Scott is budget mosley's boyfriend went to stab her, used on the file 30 mins prior*

25-FEB-2013 11:23

RD # HW165581

olice Department - Incident Report                    RD #:  HW165581



Miscellaneous

/ictim Information Provided                            Flash Message Sent ? No

VENT#15722 IN SUMMARY, R/O SPOKE TO ORA MILSAP (VICTIM AND COMPLAINANT) WHO RELATED WHEN SHE CAME
NTO HER BUILDING TODAY AFTER GOING TO SCHOOL ████████████████████
███(OFFENDER) STATED TO ORA MILSAP (VICTIM AND COMPLAINANT) THAT "SHE WAS A OLD ASS BITCH" AND SHE
/AS GOING TO GET HER ASS WHIPPED AND SHE WAS GOING TO GET "FUCKED UP" AND ████████(OFFENDER)
AISED HER HAND TO STRIKE HER. SECURITY INTERVEINED AND TOLD████████(OFFENDER) TO LEAVE THE
UILDING AND SHE AGAIN RELATED TO ORA MILSAP (VICTIM AND COMPLAINANT) SHE WAS GONNA "FUCK HER UP AND
HE HAS A RESTAINING ORDER AGINST HER ASS". ANOTHER INCIDENT REGUARDING████████(OFFENDER) AND
NOTHER████████████████WITH ORA MILSAP (VICTIM AND COMPLAINANT)  IS UNDER RD #HW164250 FROM 20
EB 13 VIN GIVEN ADVISED WARRANTS.

|  | Star No | Emp No | Name | User | Date | Unit | Beat |
|---|---------|--------|------|------|------|------|------|
| pproving Supervisor | 2294 | ████ | CHERRY, David, A | ████ | 21 Feb 2013 23:27 | 376 | |
| etective/Investigator | 20138 | ████ | SKRIP, Laura, F | ████ | 22 Feb 2013 12:27 | 610 | |
| eporting Officer | 4304 | ████ | PALIKIJ, Mary, L | ████ | 21 Feb 2013 22:21 | 376 | 9156 |

Exhibit 46

**...AGO POLICE DEPARTMENT**
**EVENT QUERY**

**13-MAR-2013    PAGE    1**

Event #   1305215722

| Type | Location | | Date | Pri | DG | Svc Beat | Disp |
|------|----------|--|------|-----|-----|----------|------|
| ASLTRT | 3983 S LAKE PARK AV | | 21-FEB-2013 21:52:46 | 3D | 002 | 0214 | 0560 |
| Source | Response Level | Caller | | | | Phone | |
| W | 1 | ORA MILSAP | | | | 773-541-0018 | |
| Address of Occurrence | | | | | | Occ Beat | |
| 3983 S LAKE PARK AV | | | | | | 0214 | |

Event Chronology

| Date | Activity | Wkstn | Person | Text |
|------|----------|-------|--------|------|
| 21-FEB-2013 21:52:46 | ENTRY | AF68 | RT2585 | |
| 21-FEB-2013 21:52:46 | DSP | AF68 | RT2585 | 376 |
| 21-FEB-2013 21:52:46 | CASERD | AF68 | RT2585 | RDG Report Number $CPDHW165581 for unit 376, D/0560 |
| 21-FEB-2013 21:52:46 | CLEAR | AF68 | RT2585 | D/0560 |
| 21-FEB-2013 21:52:46 | ADVD | AF68 | RT2585 | Advised/ 'Walk-In' action closed |

CHICAGO POLICE DEPARTMENT

**ORIGINAL CASE INCIDENT REPORT**

10 S. Michigan Avenue, Chicago, Illinois 60653
(For use by Chicago Police Department Personnel Only)
11.388(6/03)-C)

*Exhibit 41*
*Filena Scott 2nd police Report for*

RD #: HW167509
EVENT #: 1305406572
Case ID: 9020095    CASR229

## ASSIGNED TO FIELD

IUCR: 0560 - Assault - Simple

Occurrence Location: 3983 S Lake Park Ave
Chicago IL
122 - Cha Hallway/Stairwell/Elevator

Beat: 0214

Unit Assigned: 0214
RO Arrival Date: 23 February 2013 13:00

Occurrence Date: 23 February 2013 12:50

# Offenders: 2

## VICTIM: Individual

Name: MILSAP, Oral

Res: 3983 S Lake Park Ave     Beat: 0214
Chicago IL

Beat: 5100

Sobriety: Unknown

**Demographics**

Female
Black

Age: 48 Years

## Other Communications and Availability

Cellular Phone: 773-541-0018

## SUSPECT # 1:

**Demographics**

## Other Communications and Availability

## SUSPECT # 2:

Res:

**Demographics**

## Other Communications and Availability

RD #: HW167509

Page 1 of 2

25-FEB-2013 11:22

Exhibit 47

...cago Police Department - Incident Report                                RD #:  HW167509



RELATIONSHIP

MILSAP, Oral

(Victim)
MILSAP, Oral



Miscellaneous

/ictim Information Provided                                    Flash Message Sent ? No

...VENT#06572  IN SUMMARY, R/O ASSIGNED VIA OEMC. IN SUMMARY R/O SPOKE WITH ORAL MILSAP (VICTIM AND ...OMPLAINANT) WHO STATED THAT SHE WAS SEATED OUTSIDE THE LAUNDRY ROOM OF THE BUILDING . WHEN ██████ ...OTH OFFENDERS WALKED AWAY. THIS INCIDENT POSSIBLY ON VIDEO. R/O DID NOT VIEW.VICTIM ADVISED OF ...ARRANT/SUMMONS PROCEDURES. VICTIM GIVEN INFO REPORT. R/O MADE NO ARREST. BT.220 ON SCENE.
...SSISTING OFFICER - STAR#: 4760 NAME: EARL BANISTER BEAT: 0213
...UPERVISOR 0N SCENE - STAR#: 912 NAME: NATHAN SILAS JR BEAT: 0220

|  | Star No | Emp No | Name | User | Date | Unit | Beat |
|---|---|---|---|---|---|---|---|
| ...pproving Supervisor | 912 | | SILAS JR, Nathan, E | | 23 Feb 2013 14:26 | 002 | |
| ...etective/Investigator | 21165 | | PENTIMONE, Jerry, J | | 24 Feb 2013 11:29 | 610 | |
| ...eporting Officer | 11815 | | WOODSON III, Henry, A | | 23 Feb 2013 14:25 | 002 | 0214 |

CLEAR

*Exhibit 48*
*Over pge*

0012
Petition for Stalking No Contact Order

(7/23/10) CCG 0812 A

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

People ex rel. _____

_____ on behalf of

_____ self and/or on behalf of

**Bridget Mosley**
**Ora Millsap** Petitioner

_____ Respondent

Case No. **130P71125**

☑ Independent Proceeding
☐ Criminal Proceeding
☐ Juvenile Proceeding

**FILED**
FEB 25 2013
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

### PETITION FOR STALKING NO CONTACT ORDER

Now comes the Petitioner **Bridget Mosley** on his/her own behalf or on behalf of **Elijah, Joseph, Aubrey Mosley** , a minor child, or on behalf of _____ , an adult who cannot file a Petition because of age, health, disability or in accessibility on his/her own behalf, pursuant to the Stalking No Contact Order Act and moves this Honorable Court to issue a Stalking No Contact Order in this cause and in support the reof states as follows:

☐ Emergency ☐ Plenary

### ALLEGATIONS
### PETITIONER INFORMATION

☐ Disclosure of the Petitioner's address would risk abuse to the Petitioner or family or household. The address listed is Petitioner's alternative address for service of Notice.

NAME **Bridget Mosley**
ADDRESS **3983 South Lake Park**
CITY **Chicago** STATE **IL.** ZIP **60653**

### RESPONDENT INFORMATION

NAME **Ora Millsap**
ADDRESS **3983 South Lake Park**
CITY **Chicago** STATE **IL.** ZIP **60653**
DOB ___/___/___ SEX ☐ MALE ☑ FEMALE RACE **Black** HEIGHT **5'9** WEIGHT **215-20**
DISTINGUISHING CHARACTERISTICS _____

RESPONDENT EMPLOYMENT INFORMATION:

WORKS AT: _____
ADDRESS _____ CITY _____ STATE _____ ZIP _____

### PETITIONER ALLEGES AS TO RESPONDENT THAT:

☑ The following individuals are alleged to be persons who need to be protected from stalking by Respondent:
**Bridget, Elijah, Joseph, Aubrey Mosley**
☐ Respondent has acted in the following manner towards the Petitioner:
**2-21-13** *[State details of incident(s) of stalking (including time and place), and as effects of incident on Petitioner.]*

First Incident Date: **2/20/-21/13** Time: **8:30 EVENING 8:45 AM** ☐ a.m. ☐ p.m. Location: **3983 S lake park**

Description:
**Ms. Millsap Shove and produce a weapon stating she was going to stabe me on the 20th of Feb. On Feb-21, 2013 she Block me in with her Car with her Car and showed me a Ice Pick and using a gun expression pointing at me with her hand, while cursing.**

Stalking No Contact Order     Exhibit 48     (Rev. 8/23/10) CCG 0813 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

People ex rel. _____

_____ on behalf of

_____ self and/or on behalf of

**Bridget Mosley**

                 **Petitioner**

v.

**Ora Milsap**

                 **Respondent**

Case No. **130P71125**

☑ Independent Proceeding
☐ Criminal Proceeding
☐ Juvenile Proceeding

**LEADS NO.** _____

| | | |
|---|---|---|
| **PETITIONER** Bridget Mosley | **ADDRESS** 3983 S. lake park ☐ (Check if omitted pursuant to Statute) | **CITY/STATE/ZIP** Chicago I. 60653 |
| **RESPONDENT** Ora Milsap | **ADDRESS** 3983 South lake Park | **CITY/STATE/ZIP** Chicago Il. 60653 Apt. 803 |

| Birthdate (Required for LEADS) | Sex F | Race Black | Height 5'9 | Weight 215-220 | Hair Black/Brown | Eyes Light Brown |
|---|---|---|---|---|---|---|

### STALKING NO CONTACT ORDER
4665 ☑ Emergency    4666 ☐ Plenary

**AN INITIAL KNOWING VIOLATION OF A STALKING NO CONTACT ORDER IS A CLASS A MISDEMEANOR. ANY SECOND OR SUBSEQUENT KNOWING VIOLATION IS A CLASS 4 FELONY.**

BASED ON THE FINDINGS OF THIS COURT, ☐ WHICH WERE MADE ORALLY FOR TRANSCRIPTION, OR ☐ WHICH ARE SET OUT IN A SEPARATE INSTRUMENT FILED WITH THE COURT. IT IS HEREBY ORDERED THAT:

The following persons are protected by this Order: **Bridget Mosley**

"The minor child/ren" referred to herein are : **Elijah, Joseph, Aubrey Mosley Family**

☐ **(b) (1)** The Respondent is prohibited from threatening to commit stalking or committing stalking. "Stalking" means engaging in a "course of conduct" directed at a specific person, when you know or should know that this course of conduct would cause a reasonable person to fear for his or her safety or the safety of a third person or suffer emotional distress. A stalking "course of conduct" includes acts in which you directly, indirectly, or through third parties, by any action, method, device, or means follow, monitor, observe, surveil, threaten, or communicate to or about, a person; or engage in other contact; or interfere with or damage a person's property or pet. Stalking can include contact via electronic communications.  See 740 ILCS 21/10 for additional definitions.

*Exhibit 48*

(7/23/10) CCG 0812 B

*[State details of incident(s) of stalking (including time and place), as well as effects of incident on Petitioner, continued]*

Second Incident Date: 2/21/2013 Time: _____ a.m/p.m. Location: _____

Description: Ms. Millsap Block me in my car with her car showed me a Ice picks and using hand gesture as she pointed to me like she was using a gun. she road pass the vechical with a Ice pick and a Crow Bar.

Additional Incident(s) Date: _____ Time: _____ a.m/p.m. Location: _____

Description: _____

_____

_____

_____

☐ Police report not made        ☑ Police report made        ☐ Police report No. HW1165985

**REMEDIES REQUESTED**

PETITIONER REQUESTS THAT THE COURT FIND THAT THE FOLLOWING ARE PROTECTED PERSONS:

Elijah, Joseph, Aubrey and Bridget Mosley

WHEREFORE, PETITIONER REQUESTS THE ENTRY OF A STALKING NO CONTACT ORDER SETTING FORTH THE FOLLOWING REMEDIES:

☑ (b) (1)  The Respondent is prohibited from threatening to commit stalking or committing stalking.

☑ (b) (2)  The Respondent is prohibited from having any contact with Petitioner and/or _____.

☑ (b) (3)  The Respondent is prohibited from knowingly coming within, or knowingly remaining within, _____ feet of Petitioner's ☐ residence ☐ school ☐ day care ☐ place of employment or ☐ _____

Said addresses are: _____

☑ (b) (3)  *(Actual notice to Respondent required)* The Respondent is prohibited from remaining at Respondent's own ☐ residence ☐ school ☑ place of employment. Said addresses are: _____

☑ (b) (4)  The Respondent is prohibited from possessing a Firearm Owner's Identification Card or possessing or buying firearms

☑ (b) (5)  The following other injunctive relief is granted: _____

☑ (c)  That the Respondent be ordered to pay the Petitioner's costs, including attorney fees. *(Remedy available only if Stalking No Contact Order is granted)*

_____        _____
Signature of Attorney or State's Attorney        Signature of Petitioner

UNDER PENALTIES OF PERJURY AND AS PROVIDED BY LAW PURSUANT TO SECTION 1-109 OF THE CODE OF CIVIL PROCEDURE, THE UNDERSIGNED CERTIFIES THAT THE STATEMENTS SET FORTH IN THIS INSTRUMENT ARE TRUE AND CORRECT, EXCEPT AS TO MATTERS STATED TO BE ON INFORMATION AND BELIEF, AND AS TO SUCH MATTERS THE UNDERSIGNED BELIEVES THE SAME TO BE TRUE.

Date 2/25/2013 , Signature of Petitioner Bridget Mosley

Atty. No. _____                    Pro Se 99500
Attorney (or Pro Se Petitioner) Name: Bridget Mosley
Address: 3983 South Lake Park
State/City/Zip: Chicago IL 60653
Telephone: ( 773 ) 900-3350

An initial knowing violation of a Stalking No Contact Order is
A Class A Misdemeanor.
Any second or subsequent knowing violation is a Class 4 Felony.

130P71135

0C12
Petition for Stalking No Contact Order

*Exhibit 52*

(7/23/10) CCG 0812 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

People ex rel. _____

_____ on behalf of

_____ self and/or on behalf of

DELORES S. SCOTT _____ Petitioner

ORA MILLSAP v.

_____ Respondent

Case No. 130P 71123

☑ Independent Proceeding
☐ Criminal Proceeding
☐ Juvenile Proceeding

**FILED**
FEB 25 2013
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

### PETITION FOR STALKING NO CONTACT ORDER

☑ Emergency ☐ Plenary

Now comes the Petitioner DELORES S. Scott on his/her own behalf or on behalf of George Scott

Asia Scott, a minor child, or on behalf of

Tytera Smith, an adult who cannot file a Petition because of age, health, disability or in accessibility on his/her own behalf, pursuant to the Stalking No Contact Order Act and moves this Honorable Court to issue a Stalking No Contact Order in this cause and in support thereof states as follows:

### ALLEGATIONS
### PETITIONER INFORMATION

☐ Disclosure of the Petitioner's address would risk abuse to the Petitioner or family or household. The address listed is Petitioner's alternative address for service of Notice.

NAME DELORES S. Scott
ADDRESS 3983 S. Lake Pk. Apt 1002
CITY Chicago STATE Ill ZIP 60653.

### RESPONDENT INFORMATION

NAME Ora Millsap
ADDRESS 3983 S. Lake Pk Apt 803
CITY Chicago STATE Ill ZIP 60653
DOB 12 / ___ / ___ SEX ☐ MALE ☑ FEMALE RACE Black HEIGHT 5'9 WEIGHT 200/215
DISTINGUISHING CHARACTERISTICS ✗ A. Bitch. Highly Edcated ✗
RESPONDENT EMPLOYMENT INFORMATION:
WORKS AT: _____
ADDRESS _____ CITY _____ STATE _____ ZIP _____

### PETITIONER ALLEGES AS TO RESPONDENT THAT:

☑ The following individuals are alleged to be persons who need to be protected from stalking by Respondent:
George, Delores, Asia, Tytera, Scott / Smith.
☐ Respondent has acted in the following manner towards the Petitioner:

*[State details of incident(s) of stalking (including time and place), as well as effects of incident on Petitioner.]*

First Incident Date: 2-20-13/2-21-13. Time: ___ a.m/p.m. Location: 3983 S. Lake Pk.
Description: Ora Called me private Stark Cursing me bout telling Briggett I Stole her Clothes out washer. Then She behind me and my daughter Calling us Bitches, Fuck up then She pulled out Ice Pick to Stab my daughter I jump in front of my daughter. She Drop her phone (Black) pick it up the hit me in my Chest with her Fist will still Cursing us out then She hit Security with Fist.

Stalking No Contact Order     *Exhibit 52*     (Rev. 8/23/10) CCG 0813 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

People ex rel. _____

_____ on behalf of

_____ self and/or on behalf of

**DELORES SCOTT**
_____ **Petitioner**

v.

**ORA MILLSAP**
_____ **Respondent**

Case No. **130P71123**

☑ Independent Proceeding
☐ Criminal Proceeding
☐ Juvenile Proceeding

**LEADS NO.** _____

| PETITIONER | ADDRESS | CITY/STATE/ZIP |
|---|---|---|
| DELORES S. Scott | 3983 S. Lake Pic Apt 1000 ☐ (Check if omitted pursuant to Statute) | Chicago Ill 60653 |

| RESPONDENT | ADDRESS | CITY/STATE/ZIP |
|---|---|---|
| Ora Millsap | 3983 S. Lake Pic Apt 809 | Chicago Ill 60653 |

| Birthdate (Required for LEADS) | Sex | Race | Height | Weight | Hair | Eyes |
|---|---|---|---|---|---|---|
| | F | Black | 5 9 | 215-220 | Black/Brown | Hazel |

### STALKING NO CONTACT ORDER
4665 ☑ Emergency   4666 ☐ Plenary

**AN INITIAL KNOWING VIOLATION OF A STALKING NO CONTACT ORDER IS A CLASS A MISDEMEANOR. ANY SECOND OR SUBSEQUENT KNOWING VIOLATION IS A CLASS 4 FELONY.**

**BASED ON THE FINDINGS OF THIS COURT, ☑ WHICH WERE MADE ORALLY FOR TRANSCRIPTION, OR ☐ WHICH ARE SET OUT IN A SEPARATE INSTRUMENT FILED WITH THE COURT. IT IS HEREBY ORDERED THAT:**

The following persons are protected by this Order: George Scott, Asia Scott, Delores Scott Tytena Smith _____

"The minor child/ren" referred to herein are :
Asia Scott 16yrs _____

☐ **(b) (1) The Respondent is prohibited from threatening to commit stalking or committing stalking. "Stalking" means engaging in a "course of conduct" directed at a specific person, when you know or should know that this course of conduct would cause a reasonable person to fear for his or her safety or the safety of a third person or suffer emotional distress. A stalking "course of conduct" includes acts in which you directly, indirectly, or through third parties, by any action, method, device, or means follow, monitor, observe, surveil, threaten, or communicate to or about, a person; or engage in other contact; or interfere with or damage a person's property or pet. Stalking can include contact via electronic communications. See 740 ILCS 21/10 for additional definitions.**

Page 1 of 2

*Exhibit 49*

**CHICAGO POLICE DEPARTMENT**
**EVENT QUERY**

13-MAR-2013    PAGE    1

Event #   1305815670

| Type | Location | | Date | Pri | DG | Svc Beat | Disp |
|------|----------|---|------|-----|-----|----------|------|
| ASLTIP | 4300 S STATE ST | | 27-FEB-2013 21:47:26 | 1A | 002 | 0215 | 19P |
| Source | Response Level | Caller | | | | Phone | |
| E | 1 | ORA MILSAPP | | | | 773-541-0018 | |
| Address of Occurrence | | | | | | Occ Beat | |
| 3983 S LAKE PARK AV | | | | | | 0214 | |

Event Chronology

| Date | Activity | Wkstn | Person | Text |
|------|----------|-------|--------|------|
| 27-FEB-2013 21:42:53 | REC | | | |
| 27-FEB-2013 21:47:26 | ENTRY | PCT39 | C555737 | EventLocation, CallerLocation, CallerName have been changed. |
| 27-FEB-2013 21:48:09 | DSP | PD31 | D541235 | 215 |
| 27-FEB-2013 21:50:19 | ACK | PMDT5511 | PC0T470 | 215 |
| 27-FEB-2013 21:52:51 | ASST | PD31 | D541235 | 213 |
| 27-FEB-2013 21:52:59 | ENR | PMDT5511 | PC0T470 | 215 |
| 27-FEB-2013 21:53:01 | ONS | PMDT5511 | PC0T470 | 215 |
| 27-FEB-2013 21:53:25 | ONS | PD31 | D541235 | 213  , ac to 3983 s lake park |
| 27-FEB-2013 21:56:56 | ACK | PMDT5541 | PC0U634 | 213 |
| 27-FEB-2013 21:56:59 | CLOC | PD31 | DT541235 | 215 [ 3983  S LAKE PK] |
| 27-FEB-2013 22:22:46 | CLEAR | PD31 | D539719 | 215 213  D/19P |
| 27-FEB-2013 22:22:46 | CLOSE | PD31 | D539719 | D/19P |
| | RMKS | | | *** WIRELESS CALL *** |
| | RMKS | | | s/c/r  2 females are threatening her caller is waiting at the gas station with her daughter in a gold bonneville.     nfi |

Unit Summary

| Unit | Dispatch | Enroute | Onscene | T | TA | TC | Clear |
|------|----------|---------|---------|---|-----|-----|-------|
| 215 | 21:48:09 | 21:52:59 | 21:53:01 | | | | 22:22:46 |
| 213 | 21:52:51 | | 21:53:25 | | | | 22:22:46 |

Exhibit 49A

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
MUNICIPAL DEPARTMENT, FIRST DISTRICT

3-5-2013

2013 MAR -5  AM 10:36
DOROTHY BROWN
CLERK

| | |
|---|---|
| THE HABITAT COMPANY, As Property Manager, )<br>For CHA, )<br> )<br> )<br>Plaintiff, )<br> )<br>v. )<br> )<br>ORA MILSAP AND ALL OCCUPANTS, )<br> )<br>Defendants. )<br> ) | NO. 12 M1 350708 |

## PLAINTIFF'S MOTION TO REINSTATE AND FOR JUDGMENT

Now comes Plaintiff, THE HABITAT COMPANY, As Property Manager for CHA, by and through its attorneys, SANFORD KAHN, LTD., and moves this Court to reinstate this matter and for entry of a judgment for possession, and in support thereof, states as follows:

1.    That on October 16, 2012 this Court entered the attached Agreed Order, attached hereto as Exhibit 1, dismissing the case with leave to reinstate subject to the terms and conditions of the Order.

2.    The underlying basis of Plaintiff's original lawsuit was that Defendant verbally abused and threatened other resident and the security officers at the building.

3.    That Paragraph 2 of the Agreed Order provided in part that "In the event that Plaintiff alleges that Defendants materially violated the terms of her lease . . .prior to October 16, 2013, Plaintiff on Motion of Plaintiff with Notice to Defendant, the Court shall thereupon reinstate this matter and thereafter conduct a hearing on such asserted violation.  Should plaintiff

C00012

Exhibit 49A

establish at such hearing that Defendant materially violated the terms of her lease, or this Order, as asserted in such Motion, a judgment for possession shall be entered in favor of Plaintiff."

4. Defendant has violated the terms of her lease, and thus the Agreed Order, in the following manners:

a. On February 20, 2013, Ora Milsap screamed and cursed at another resident, Bridget Mosley, in the building. During the incident defendant approached Ms. Mosley in a menacing manner, requiring security to separate them.

b. When security officers attempted to calm Ora Milsap down, she became hostile towards security.

c. On February 20, 2013, Ora Milsap approached resident Delores Scott and her 22-year old daughter, Tytera Smith. At that time, the defendant called Tytera Smith a "bitch" and a "whore". During the incident, it appeared that the defendant has a shiny object in her hand and began pointing it at Tytera Smith. Ms. Scott then pushed her daughter out of the way to protect her. that time, the defendant punched Delores Scott in the chest, sending Ms. Scott to the emergency room.

d. On February 20, 2013, when security was attempting to detain Ora Milsap for striking Delores Scott, the defendant pushed the security guard.

I WAS NOT Arrested For this FALSE Allegation. WAS At Northeastern ILLINOIS university, pursuing my Graduat degree in Education. ALL witnesses mentioned Above, FLed the Scene, when I CAlled the police on 2/20/13. I recieved Police Report on 2/20/13 against Bridget Mosley #164250

C00013

Exhibit 49A

WHEREFORE, plaintiff moves this Court to reinstate this matter and for judgment for possession instanter.

THE HABITAT COMPANY, As Property Manager for CHA

BY: _____

One of Plaintiff's Attorneys

SANFORD KAHN, LTD.
Attorneys for Plaintiff
180 North LaSalle Street, #2025
Chicago, Illinois 60601
(312) 263-6778
Attorney No. 25167

from 2-20-13 Since presence for CHA not filed a warrant for my arrest of allegedly Attacking CHA Security Officer.

CHA didn't press Criminal Charges for any alleged Acts of CHA employees (Security CHA officer Colon or Humphrey)

On 2-20-13 Sanford Kahn does not mention that CHA Security Officers ever called police. The CHA Security reports Show only the police come to the scene, when I called.

Appeared is a hague word with 2 CHA Security officers trained to detect weaponness 3. CHA residents including myself on a president 4 they used appeared but doesn't state for custom.

C00014



# OFFICE OF EMERGENCY MANAGEMENT AND COMMUNICATIONS
## CITY OF CHICAGO

*Audio Calls are Attached. CD Audio From Arrest on 3-21-13, From False Call on 3-18 - 3-20-13' From Bridget Mosley? Delores Scott.*

March 13, 2013

Ora Milsap - **FA-13-0307**
3983 S. Lake Park
Chicago, Illinois 60653

RE: **FOIA Request**

Dear Ora Milsap,

On behalf of the Office of Emergency Management and Communications (OEMC), I am responding to your Freedom of Information (FOIA) request that our office received on March 8, 2013, were you requested the following information: copy of event #1305114831 and record of calls made from 02/20/2013 thru 03-06-2013 from 773-541-0018. In response to your request, the event query has been provided.

Sincerely,

Dionne A. Tate
Freedom of Information Officer
Office of Emergency Management and Communications
312-746-9424

*Exhibit 50*

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

Petitioner

*ORA Milsap*

vs.

Case Number: *13* OP *71233*

CALENDAR: *71*

Respondent.

*Bridget Mosley*

*( Mutual )*
AGREED ORDER

This matter coming before this court on Petitioner's Petition for CNCO-Stalking Order/ Petition Only both parties appearing in open court with court having been fully advised:

IT IS HEREBY AGREED BETWEEN THE PARTIES AND ORDERED BY THE COURT:

1. The CNCO-Stalking Order/ Petition Only is dismissed by separate order of court.

2. The Respondent agrees to the following:

    A.  Respondent will have No Unlawful Contact with the Petitioner

    B.  Respondent will not physically abuse, harass, interfere with the personal liberty, or stalk Petitioner;

3. The Petitioner agrees to the following:

    A.  Petitioner will have No Unlawful Contact with the Respondent

    B.  Petitioner will not physically abuse, harass, interfere with the personal liberty, or stalk Respondent;

4. Non-compliance with this Order may subject either party to being held in contempt of court but not limited to the reinstatement of the CNCO-Stalking Order/ Petition Only, leave to Petitioner to file an Amended Petition, and/or entry of a Plenary Order of Protection.

5. This order shall be in effect until *Sept 18, 2013*

Petitioner,

Respondent,

*3/18/13*

ORDER OF COURT

Honorable Judge Patrice Ball-Reed

ENTER Judge

Circuit Court – 1899

Clerk of the Circuit Court
of Cook County

24                                               EXHIBIT 31

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION**

ORA MILSAP,                          **CASE NUMBER: 13 OP 71233**
Petitioner                           **CALENDAR: 71**
                                     **LEADS NUMBER:**
                                     **RESPONDENT'S D.O.B:**
vs.                                  ☐ Independent Petition
                                     ☐ Domestic Relations

BRIDGET MOSLEY,
Respondent.                          Any order of protection which would expire on a
                                     court holiday shall instead expire at the close of
                                     business next day.-750 ILCS 60/220(f)

## DISPOSITION ORDER
## Petition for CNCO – Stalking Order

☒ PIC    ☐ PAIC    ☒ RIC    ☐ RAIC    ☐ No parties in court    ☐ On call in Error

**THE COURT FINDS THAT:**
(check applicable boxes)

☒ This is a Petition for CNCO – Stalking; there is no OP.

☐ A Petition for a CNCO – Stalking issued on .

☐ A Petition for a CNCO- Stalking was previously extended on .

**THE COURT HAVING JURISDICTION OF THE SUBJECT MATTER IT IS HEREBY ORDERED THAT:**

1. ☐ The Petition for a CNCO-Stalking Order is extended to 04-08-13 at 10:30AM.

2. ☐ A status hearing on the Petition for a CNCO-Stalking Order is set for 04-08-13 at 10:30AM.

3. ☐ The Petition for a CNCO-Stalking Order is vacated.

4. ☒ The Petition for a CNCO-Stalking Order is terminated.

5. ☐ The Petition for a CNCO-Stalking Order is modified as follows:

_____

_____

6. ☐ Alias Summons to issue.

7. ☐ Service by publication.

8. ☒ Case Number 13OP71233 is dismissed, 10:15 AM/PM        after hearing
   on ☐ Petitioner's motion  ☐ Respondent's motion  ☒ Court order

**COURT LOCATION:**  ☐ 555 W Harrison St, Chicago, IL 60607 / Courtroom 201
                    ☐ _____

**CONTINUED on** ☐ Petitioner's motion  ☐ Respondent's motion  ☐ Court order **FOR :**
☐ NO FURTHER CONTINUANCES
☐ Consolidation    ☐ R to retain counsel    ☐ P to retain counsel    ☐ Service
☐ Status    ☐ Hearing    ☐ Entry of default Plenary Order of Protection

Mutual stay away police no unlawful contact
to 9-18-13

                                     ENTER: Dated: March 18, 2013
                                     Associate Judge Pat __ R-V-P-
**ORDER OF COURT**                   Judge MR 18 2013
                                     Circuit Court -- 19__

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Exhibit 53

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

Petitioner

ORA Millsap

vs.

Case Number: 13 OP 7123)

CALENDAR:

Respondent.

DELORES Smith-Scott (Mutual)

AGREED ORDER

This matter coming before this court on Petitioner's Petition for CNCO-Stalking Order/ Petition Only both parties appearing in open court with court having been fully advised:

IT IS HEREBY AGREED BETWEEN THE PARTIES AND ORDERED BY THE COURT:

1. The CNCO-Stalking Order/ Petition Only is dismissed by separate order of court.

2. The Respondent agrees to the following:

    A.  Respondent will have No Unlawful Contact with the Petitioner

    B.  Respondent will not physically abuse, harass, interfere with the personal liberty, or stalk Petitioner;

3. The Petitioner agrees to the following:

    A.  Petitioner will have No Unlawful Contact with the Respondent

    B.  Petitioner will not physically abuse, harass, interfere with the personal liberty, or stalk Respondent;

4. Non-compliance with this Order may subject either party to being held in contempt of court but not limited to the reinstatement of the CNCO-Stalking Order/ Petition Only, leave to Petitioner to file an Amended Petition, and/or entry of a Plenary Order of Protection.

5. This order shall be in effect until _____9-18-13_____.

Petitioner,

3/18/13

**ORDER OF COURT**

Respondent,

ENTER: _____

Judge

*See page 2*
*Exhibit 53A*

**CHICAGO POLICE DEPARTMENT**
# ORIGINAL CASE INCIDENT REPORT
3510 S. Michigan Avenue, Chicago, Illinois 60653
(For use by Chicago Police Department Personnel Only)
CPD-11.388(5/03)-C)

RD #: **HW199799**

EVENT #: **1307906131**

*Bridget Mosley's RD# 199124*

Case ID: 9055344   CASR229

## ASSIGNED TO FIELD

**IUCR:** 4387 - Other Offense - Violate Order Of Protection

**Occurrence Location:** 3983 S Lake Park Ave
Chicago IL 60653
090 - Apartment

**Beat:** 0214

**Unit Assigned:** 0102
**RO Arrival Date:** 20 March 2013 12:00

**Occurrence Date:** 18 March 2013 13:00 - 20 March 2013 08:00

**# Offenders:** 1

## VICTIM - Individual

**Name:** SMITH-SCOTT, Delores

**Res:** 3983 S Lake Park Ave #1002
Chicago IL 60653

**Beat:** 0214

**Beat:** 5100

**Sobriety:** Sober

### Demographics
Female
Black
5'07,
273 lbs
Brown Eyes
Blond/Strawberry Hair
Pony Tail Hair Style
Dark Brown Complexion

**DOB:** 22 August 1967
**Age:** 45 Years
**DLN:** S30017767839 - IL

### Other Communications and Availability
**Cellular Phone:** 773-673-7226

## Suspect #1

**Name:** MILLSAP, Ora

**Res:** 3983 S Lake Park Ave #803
Chicago IL 60653

**Beat:** 0214

### Demographics
Female
Black
5'09,
240 lbs
Hazel Eyes
Brown Hair
Natural Hair Style
Light Brown Complexion

**Age:** 49 years

### Other Communications and Availability

## RELATIONSHIP

(Victim)
**SMITH-SCOTT, Delores**          is a     Neighbors of          ( Offender )
**MILLSAP, Ora**

## Miscellaneous

Victim Information Provided

**Flash Message Sent ?** No

---

Print Generated By:   YOUNG JR,KENNETH   (PC0J777)   Page   1  of  2   04-APR-2013 08:14

CLEAR technology

C00021

**Chicago Police Department - In____t Report**

RD #: HW199799

E#06131. IN SUMMARY ON 18MAR13 THE OFFENDER STANDING IN THE LOBBY OF THE BUILDING STATED TO THE VICTIM "I'M GONNA FUCK YOU AND YOUR DAUGHTER UP." SLOWLY WALKED OUT OF THE BUILDING WHILE GLARING AT THE VICTIM. 19MAR13 THE OFFENDER APPROACHED THE VICTIM AND STATED "SECURITY CAN'T WATCH YOUR VAN 24/7." 20MAR13 THE OFFENDER APPROACHED THE VICTIM IN THE LOBBY AND STATED "IF I GET EVICTED BODIES WILL BE DROPPING LIKE COLUMBINE." THEN SLOWLY WALKED OUT OF THE BUILDING WHILE GLARING AT THE VICTIM. VICTIM HAS ODER OF PROTECTION #13OP71123. REF WITH RD# HW199824

| | Star No | Emp No | Name | User | Date | Unit | Beat |
|---|---|---|---|---|---|---|---|
| Detective/Investigator | 21047 | #26139 | LOPEZ, Anthony, R | (PC0I949) | 20 Mar 2013 19:03 | 610 | |
| Reporting Officer | 15553 | #39218 | MC MAHON, Michele, D | (PC0I495) | 20 Mar 2013 12:54 | 001 | 0102 |

C00021

*Exhibit 57*

**CHICAGO POLICE DEPARTMENT**
**EVENT QUERY**

*3*

*qxa Milsop*

28-MAR-2013    PAGE    1

Event #   1308012395

| Type | Location | | Date | Pri | DG | Svc Beat | Disp |
|------|----------|---|------|-----|----|----------|------|
| DIST | 3983 S LAKE PARK AV #803 | | 21-MAR-2013 18:15:17 | 3B | 002 | 0214 | 19KR |
| Source | Response Level | Caller | | | | Phone | |
| E | 1 | T-MOBILE USA-ORA MILSAP | | | | 773-541-0018 | |

Address of Occurrence
3983 S LAKE PARK AV

Occ Beat
0214

Event Chronology

| Date | Activity | Wkstn | Person | Text |
|------|----------|-------|--------|------|
| 21-MAR-2013 18:11:37 | REC | | | |
| 21-MAR-2013 18:15:17 | ENTRY | PCT68 | C108833 | EventLocation, Apartment, CallerLocation, CallerName have been changed. |
| 21-MAR-2013 18:16:08 | DSP | PD31 | D541241 | X213 |
| 21-MAR-2013 18:16:31 | DSP | PD31 | D541241 | X213 |
| 21-MAR-2013 18:17:08 | ASST | PD31 | D541241 | 5165 |
| 21-MAR-2013 18:17:15 | SUPP | PD30 | D541235 | Remarks Added |
| 21-MAR-2013 18:29:49 | SUPP | PD31 | D541241 | Remarks Added |
| 21-MAR-2013 18:31:41 | SUPP | PD31 | D541241 | Remarks Added |
| 21-MAR-2013 18:49:12 | CLOC | PD30 | D541235 | X213 |AC W/1 FEMALE FOR 5165C |  starting mileage 96343 |
| 21-MAR-2013 18:50:28 | CLOC | PD31 | D541241 | 5165 |A/C   W/1 FEMALE   FROM   3983 S LAKE PARK | |
| 21-MAR-2013 18:58:40 | TCMPL | PD30 | D541235 | X213 |
| 21-MAR-2013 19:54:00 | CLEAR | PD31 | D541241 | X213 |
| 21-MAR-2013 21:06:07 | CLEAR | PD31 | D541241 | 5165 Papercar changed from  to 5165 D/19KR D/19KR |
| 21-MAR-2013 21:06:07 | CLOSE | PD31 | D541241 | |
| | RMKS | | | *** WIRELESS CALL *** |
| | RMKS | | | scr dist with security guards |
| | | | | nfd |
| | | | | nfi |
| | RMKS | | | 5165c onscene |
| | RMKS | | | per x213 .  detectives on scene  still carrying on  investigation |
| | RMKS | | | hw200695  ucr/0560  per arp   compl: 21mar13  04:17hrs |

Unit Summary

| Unit | Dispatch | Enroute | Onscene | T | TA | TC | Clear |
|------|----------|---------|---------|---|----|----|----|
| X213 | 18:16:08 | | | | | | |
| X213 | 18:16:31 | 18:49:12 | | | | 18:58:40 | 19:54:00 |
| 5165 | 18:17:08 | 18:50:28 | | | | | 21:06:07 |

*Called 911 because the same security guards who are friends with Scott and Mosley her on me. They came w/ Detectives on the day to arrest me!*

*exhibit 58*

| CHICAGO POLICE DEPARTMENT | 28-MAR-2013 | PAGE | 1 |
| EVENT QUERY | | | |

Event #  1308012477

*gra Mulzope*

| Type | Location | | Date | Pri | DG | Svc Beat | Disp |
|------|----------|--|------|-----|-----|----------|------|
| REQSUP | 3983 S LAKE PARK AV | | 21-MAR-2013 18:20:45 | 2B | 002 | 0214 | 19P |
| Source | Response Level | Caller | | | | Phone | |
| E | 1 | | | | | 773-541-0018 | |
| Address of Occurrence | | | | | | Occ Beat | |
| 3983 S LAKE PARK AV | | | | | | 0214 | |

Event Chronology

| Date | Activity | Wkstn | Person | Text |
|------|----------|-------|--------|------|
| 21-MAR-2013 18:17:32 | REC | | | |
| 21-MAR-2013 18:20:45 | ENTRY | PCT55 | C555743 | EventLocation, CallerLocation, CallerName have been changed. Priority: 3D-> 2B |
| 21-MAR-2013 18:23:15 | DSP | PD31 | D541241 | 220 |
| 21-MAR-2013 18:28:57 | XREF | PD30 | D541235 | #CPD1308012598 by PD30, Unit 220, Unit 220 |
| 21-MAR-2013 18:53:33 | CLEAR | PD31 | D541241 | 220 D/19P |
| 21-MAR-2013 18:53:33 | CLOSE | PD31 | D541241 | D/19P |
| | RMKS | | | *** WIRELESS CALL *** |
| | RMKS | | | FEMALE CALLER HAVING PROBLEMS WITH THE POLICE ON SCENE |

Unit Summary

| Unit | Dispatch | Enroute | Onscene | T | TA | TC | Clear |
|------|----------|---------|---------|---|-----|-----|-------|
| 220 | 18:23:15 | | | | | | 18:53:33 |

*I tried to call the police, they can verify my whereabouts. Police did not call me this times. Showed no search warrant, no warrant for my arrest. Security guards started searching my computer desk and table. they were laughing and clapping their hands.*

*Exhibit 59*

# CHICAGO POLICE DEPARTMENT
## EVENT QUERY

28-MAR-2013    PAGE    1

Event #  1308012598

| Type | Location | Date | Pri | DG | Svc Beat | Disp |
|------|----------|------|-----|-----|----------|------|
| REQSUP | 3983 S LAKE PARK AV #803 | 21-MAR-2013 18:28:38 | 1B | 002 | 0214 | |

| Source | Response Level | Caller | | | Phone |
|--------|----------------|--------|---|---|-------|
| E | 1 | T-MOBILE USA ORA MILSAT | | | 773-541-0018 |

Address of Occurrence
3983 S LAKE PARK AV

Occ Beat
0214

### Event Chronology

| Date | Activity | Wkstn | Person | Text |
|------|----------|-------|--------|------|
| 21-MAR-2013 18:25:01 | REC | | | |
| 21-MAR-2013 18:28:38 | ENTRY | PCT35 | C100965 | EventLocation, Apartment, CallerLocation, CallerName have been changed. Priority: 3D->1B |
| 21-MAR-2013 18:28:57 | XREF | PD30 | D541235 | #CPD1308012477 by PD30, Unit 220, Unit 220 |
| 21-MAR-2013 18:28:57 | DUP | PD30 | D541235 | |
| | RMKS | | | *** WIRELESS CALL *** |
| | RMKS | | | SCR DISPTUE WITH PO ON SCENE NFI. |

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

IN RE THE ☐ MARRIAGE ☐ CUSTODY
☐ SUPPORT OF: ☑ ORDER OF PROTECTION
☐ PARENTAGE ☐ OTHER _____

Ora Milsap

**PETITIONER**

AND

Bridget Mosley

**RESPONDENT**

No. 13 OP 71233

Calendar: 71

**NOTICE OF MOTION**

To: Bridget Mosley
3983 S. Lake Park. Ave. 409
Chicago, IL 60653

**FILED**

MAR 26 2013

DOROTHY BROWN
CLERK OF CIRCUIT COURT

On 4-8-13 , at 10:30 AM m., or as soon thereafter as counsel may be heard,
I shall appear before the Honorable BAII-REED , or any judge sitting in his/her stead, in
courtroom number 201 , in Richard J. Daley Center, Chicago, IL OR the courthouse located at 555
W. Harrison. and present the attached pleading requesting:

Motion For Re-hearing on Case #
13 OP 71233

Atty. No. 99500
Name: Ora Milsap
Attorney for:
Address: 3983 S. Lake Park Ave # 803
City/State/Zip: Chicago, IL 60653
Telephone: (773) 541-6018

Atty. Signature: Ora Milsap
was falsely arrested on
3/21/13. Charges all of
them Dropped 3/22/13
Judge stated in open court, She
did not relieve State's Attorney
falsely charged for something other

**CERTIFICATE AND AFFIDAVIT OF DELIVERY PERSONALLY, BY MAIL, OR BY FACSIMILE**

The undersigned hereby certifies under penalties of perjury as provided by law pursuant to 735 ILCS 5/1-109, that the above
notice and any attached pleadings were ☐ personally delivered OR ☑ placed in the U.S. mail at 433 W.
Harrison , with first class postage prepaid and directed to all parties
of record at the address(es) set forth above, on or before 5:00 p.m. on 3-26-13 , _____ OR
☐ sent via facsimile ( _____ pages sent from the office of: _____, sender's facsimile number is _____
to recipient's facsimile number _____ ).

Ora Milsap

(Signature)

Ora Milsap

(Print Name)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

3-26-13    pg 1 of 2

Exhibit 60

To: Judge Patricia Ball leed:

My name is Ora Milsap and my mutual order of protection numbers against Delores Scott Smith and Bridget Mosley is: Bridget Mosley Case # 13 OP 71233

Delores Scott Case # 13 OP 71231

I feel that when you gave both of these two Women mutual orders against me, even though my factual evidence out-weighed theirs, they have had me falsely accused and arrested. I feel you did an injustice to me, by allowing ~~all~~ these 2 women Orders of protections against Me. I have not been to home, since

3/22/13 with my wallet,

Exhibit 60 pg 2 of 2

Clothes and other items, to stay somewhere safe, until my I. Bond hearing on 4-5-13. I was falsely arrested, held for a day without knowing, what I was charged with until 3/22/13. How could you have given these 2 women orders of protection based on the hearing 3/18/13 (They have tried to destroy my life, got me evicted from my home, and spread false malicious lies against me. I am requesting on hearing to stop me from being falsely unlawfully arrested. These two women contact more their lives. I want a hearing. Asa Milsap (773) 541-0018

3303 - Notice of Motion
2871 - Certificate of Mailing Filed

*pg 1 of 2 Exhibit 61*

CCDR N005-75M-2/28/05 (43480658)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

IN RE THE  ☐ MARRIAGE  ☐ CUSTODY
☐ SUPPORT OF:  ☑ ORDER OF PROTECTION
☐ PARENTAGE  ☐ OTHER _____

*Ora Milsap*

PETITIONER

**AND**

*Delores Scott*

RESPONDENT

No. *13 OP 71231*

Calendar: *71*

# FILED

MAR 26 2013

DOROTHY BROWN
CLERK OF CIRCUIT COURT

### NOTICE OF MOTION

To: *Delores Scott*
*3983 S. Lake Park Ave. 1002*
*Chicago, IL 60653*

On *APRIL 8* *2013* at *1030 (a.m.* m), or as soon thereafter as counsel may be heard,
I shall appear before the Honorable *Ball-Reed* _____, or any judge sitting in his/her stead, in
courtroom number *201*, in Richard J. Daley Center, Chicago, IL OR the courthouse located at *555*
*W. Harrison* _____ and present the attached pleading requesting:

*Motion For Re-hearing on Case#*
*13 OP 71231*

Atty. No. *99500*
Name: *Ora Milsap*
Attorney for: _____
Address: *3983 S. Lake Park Ave #803*
City/State/Zip: *Chicago, IL 60653*
Telephone: *(773) 547-0018*

Atty. Signature: *Ora Milsap*

### CERTIFICATE AND AFFIDAVIT OF DELIVERY PERSONALLY, BY MAIL, OR BY FACSIMILE

The undersigned hereby certifies under penalties of perjury as provided by law pursuant to 735 ILCS 5/1-109, that the above
notice and any attached pleadings were ☐ personally delivered OR ☑ placed in the U.S. mail at *433 W.*
*Harrison* _____, with first class postage prepaid and directed to all parties
of record at the address(es) set forth above, on or before 5:00 p.m. on *3-26-13* _____, OR
☐ sent via facsimile ( _____ pages sent from the office of: _____, sender's facsimile number is _____

to recipient's facsimile number _____ ).

*Ora Milsap*

(Signature)

*Ora Milsap*

(Print Name)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Exhibit 6A 3-26-13 Pg 1 of 2

To: Judge Patricia Ball Reed.

My name is Ora Milsap and my mutual order of protection numbers against Delores Scott Smith and Budget Mosley is: Budget Mosly Case # 13 OP 71233.
Delores Scott Case # 13 OP 71231

I feel that when you gone both of these two women mutual orders against me, even though my factual evidence out-weighed theirs, they have had me falsely Accused and arrested. I feel you did an injustice to me, by allowing ~~all~~ these 2 women Orders of protections against Me. I have not been to home, since

Clothes and other items, to stay somewhere safe, until my I. Bond hearing on 4-5-13. I was falsely arrested, held for a day without knowing, what I was charged with until 3/22/13. How could you have given these 2 women Orders of protection based on the hearing 3/18/13 (They have tried to destroy my life, get me evicted from my home, and spread false vicious lies against me. I am requesting an hearing to stop me from being falsely unlawfully arrested. These two women, control more their lives. I want a hearing.    Osa Nilson    (773) 541-0018

25

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION**

**BRIDGET MOSLEY,**
Petitioner

**CASE NUMBER: 13 OP 71125**
**CALENDAR: 71**

LEADS NUMBER:

*Exhibit 62*

vs.

**RESPONDENT'S D.O.B:**
☒Independent Petition
☐Domestic Relations

**ORA MILLSAP,**
Respondent.

Any order of protection which would expire on a
court holiday shall instead expire at the close of
the next business day.-750 ILCS 60/222(f)

CIVIL NO CONTACT STALKING DISPOSITION ORDER
Orders of Protection

☐ PIC    ☐ PAIC    ☐ RIC    ☐ RAIC    ☐ No parties in court
**THE COURT FINDS THAT:**
(check applicable boxes)
☐ This is a Petition for a Civil No Contact Stalking Order case; there is no OP.

☐ An Emergency Civil No Contact Stalking Order was issued on February 25, 2013.

☐ A (Interim/Plenary) Civil No Contact Stalking Order was issued on .

☐ An (Emergency/Interim/Plenary) Civil No Contact Stalking Order was previously extended on .

THE COURT HAVING JURISDICTION OF THE SUBJECT MATTER IT IS HEREBY ORDERED THAT:

1. ☐ The Emergency/Interim/Plenary Civil No Contact Stalking Order is extended to 4/22/2013 at 10:30 AM.

2. ☐ A status hearing on the Emergency/Interim/Plenary Civil No Contact Stalking Order is set for 4/22/2013 at 10:30AM.

3. ☐ The Emergency/Interim/Plenary Civil No Contact Stalking Order is vacated.

4. ☐ The Emergency/Interim/Plenary Civil No Contact Stalking Order is terminated.

5. ☐ The Emergency/Interim/Plenary Civil No Contact Stalking Order is modified as follows:

_____

_____

6. ☐ Alias Summons to issue.

7. ☐ Service by publication.

8. ☐ Case Number 13 OP 71125 is dismissed, _____ AM/PM.
on ☐ Petitioner's motion    ☐ Respondent's motion    ☐ Court order

**COURT LOCATION:**    ☐ **555 W Harrison St, Chicago, IL 60607 / Courtroom 201**
☐ _____

**CONTINUED on** ☐ Petitioner's motion  ☐ Respondent's motion  ☐ Court order **FOR** :

☐ NO FURTHER CONTINUANCES

☐ Consolidation    ☐ R to retain counsel    ☐ P to retain counsel    ☐ Service

☐ Status    ☐ Hearing    ☐ Entry of default Plenary Order of Protection

_Petition   motion   is ruled_

_____

ENTER: Dated: April 1, 2013

**ORDER OF COURT**

Judge

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Civil No Contact Stalking Order

´24

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION**

DELORES SMITH-SCOTT,     *Exhibit 63*     CASE NUMBER: 13 OP 71123
Petitioner                                      CALENDAR: 71

      LEADS NUMBER:

                                    RESPONDENT'S D.O.B.:
vs.                                      ☒Independent Petition
                                         ☐Domestic Relations
ORA MILLSAP,
Respondent.            Any order of protection which would expire on a
                      court holiday shall instead expire at the close of
                      the next business day.-750 ILCS 60/222(f)

**CIVIL NO CONTACT STALKING DISPOSITION ORDER**
Orders of Protection

☐ PIC  ☐ PAIC  ☑ RIC  ☐ RAIC  ☐ No parties in court

        **THE COURT FINDS THAT:**
(check applicable boxes)
☐ This is a Petition for a Civil No Contact Stalking Order case; there is no OP.

☐ An Emergency Civil No Contact Stalking Order was issued on February 25, 2013.

☐ A (Interim/Plenary) Civil No Contact Stalking Order was issued on .

☐ An (Emergency/Interim/Plenary) Civil No Contact Stalking Order was previously extended on .

THE COURT HAVING JURISDICTION OF THE SUBJECT MATTER IT IS HEREBY ORDERED THAT:

1.  ☐ The Emergency/Interim/Plenary Civil No Contact Stalking Order is extended to 4/22/2013 at 10:30 AM.

2.  ☐ A status hearing on the Emergency/Interim/Plenary Civil No Contact Stalking Order is set for  4/22/2013 at 10:30AM.

3.  ☐ The Emergency/Interim/Plenary Civil No Contact Stalking Order is vacated.

4.  ☐ The Emergency/Interim/Plenary Civil No Contact Stalking Order is terminated.

5.  ☐ The Emergency/Interim/Plenary Civil No Contact Stalking Order is modified as follows:

_____

_____

6.  ☐ Alias Summons to issue.

7.  ☐ Service by publication.

8.  ☐ Case Number 13 OP 71123 is dismissed, _____ AM/PM.
    on ☐ Petitioner's motion  ☐ Respondent's motion  ☐ Court order

**COURT LOCATION:**  ☐ **555 W Harrison St, Chicago, IL 60607 / Courtroom 201**
                     ☐ _____

**CONTINUED** on ☐ Petitioner's motion  ☐ Respondent's motion  ☐ Court order **FOR** :

☐ NO FURTHER CONTINUANCES

☐ Consolidation  ☐ R to retain counsel  ☐ P to retain counsel  ☐ Service

☐ Status  ☐ Hearing  ☐ Entry of default Plenary Order of Protection

_____

                                    ENTER: Dated: April 1, 2013

**ORDER OF COURT**

                                    Judge

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Civil No Contact Stalking Order

*Exhibit 64*                                    X

9420

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## MUNICIPAL DEPARTMENT / FIRST DISTRICT

THE HABITAT COMPANY, as Property Manager for CHICAGO
HOUSING AUTHORITY

                        Plaintiff.......
                    v.                          No.......12 M1 350708.......
ORA MILSAP AND ANY AND ALL UNKNOWN OCCUPANTS

3983 South Lake Park Avenue         Defendant.....
Apt. 803
Chicago, IL 60653-

### ORDER FOR POSSESSION

This Cause Coming On To Be Heard upon the complaint of the plaintiff(s), ...THE HABITAT COMPANY, as
Property Manager for CHICAGO HOUSING AUTHORITY and the issues thereof having been heard and determined
by,..........the court............... and said ...........court........having found that the plaintiff(s), ....THE HABITAT
COMPANY, as Property Manager for CHICAGO HOUSING AUTHORITY... is/are entitled to possession of the

## IT IS THEREFORE ORDERED AND ADJUDGED:

1. 1. That the plaintiff(s) have and recover of and from the defendant(s), ...ORA MILSAP AND ANY AND ALL
   UNKNOWN OCCUPANTS... possession of the following described premises:

   Name:  ORA MILSAP AND ANY AND ALL UNKNOWN OCCUPANTS
   Address:        3983 South Lake Park Avenue
   Floor - Apt. No. : Apt. 803
   City - Zip:      Chicago, IL  60653-

2. That the plaintiff(s) have and recover of and from the defendant(s),...ORA MILSAP the sum of .... $0.00...
   Dollars and costs.

3. Enforcement of this judgment is stayed until .......April 3 / 2013...... (date)   instanter

4. There is no just reason to delay enforcement of this Order pursuant to S.C.R 304A.
   I hereby certify the above to be correct.

Dated...............................................
        (Seal of Clerk of Circuit Court)                DATE ENTERED....April 3, 2013........

...............................................        ENTER:.......................................
Clerk of the Circuit Court of Cook County, Illinois.          Judge                Judge's No.
This order is the command of the Circuit Court and          (773) 285-9697
violation thereof is subject to the penalty of law.    For Receiver:...............................

                                            Judge George F. Scully, Jr.
Name:      Sanford Kahn, Ltd.
Attorney For: the Plaintiff                         APR 03 2013
Address:   180 N. LaSalle St. Suite 2025
City:      Chicago, Illinois 60601                 Circuit Court – 2013
Telephone: (312) 263-6778
Atty. No.  25167

### DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

C00017

3323

Notice of Appeal                    Exhibit 65                    (8/13/08) CCG 0256

## APPEAL TO THE APPELLATE COURT OF ILLINOIS
## FROM THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

_____ DEPARTMENT, _____ DIVISION/DISTRICT

Ora Milsap
_____
Plaintiff/ Appell **ANT**

v.

Habitat Company
_____
Defendant/ Appell **EE**

Reviewing Court No. _____

Circuit Court No. 12-M1-35070

## NOTICE OF APPEAL

*(Check if applicable. See Ill. Sup. Ct. Rule 303(a)(3).)*

☐ Joining Prior Appeal    ☑ Separate Appeal    ☐ Cross Appeal

Appellant's Name: Ora Milsap

Appellant's Attorney (if applicable): _____

Address: 213 W. 93Rd St.

City/State/Zip: Chicago, IL 60620

Telephone Number: (773) 521-9366 – (773) 595-0782

☐ Cook County Attorney Code: _____ or ☑ *Pro se* 99500 (Choose one)

Appellee's Name: Habitat Company

Appellee's Attorney (if applicable): Robert Kahn

Address: 180 North Lasalle street Ste:2025

City/State/Zip: Chicago, IL

Telephone Number: (312) 263-6778

☐ Cook County Attorney Code: _____ or ☐ *Pro se* 99500 (Choose one)

An appeal is taken from the order or judgment described below:

Date of the judgment/order being appealed: 4-3-13

Name of judge who entered the judgment/order being appealed: Judge Scully

Relief sought from Reviewing Court: Is to reverse the decision of my housing eviction case.

I understand that a *"Request for Preparation of Record on Appeal"* form (CCA 0025) must be completed and the initial payment of $110 made prior to the preparation of the Record on Appeal. The Clerk's Office will **not** begin preparation of the ROA until the Request form and payment are received. Failure to request preparation of the ROA in a timely manner, i.e., at least 30 days before the ROA is due to the Appellate Court, may require the Appellant to file a request for extension of time with the Appellate Court. A *"Request for Preparation of Supplemental Record on Appeal"* form (CCA 0023) must be completed prior to the preparation of the Supplemental ROA.

Ora Milsap

(To be signed by the Appellant or Appellant's Attorney)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**    C00024

Exhibit 66A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## MUNICIPAL DEPARTMENT, FIRST DISTRICT

13 APR -4 PM 4:07

CLERK OF CIRCUIT COURT
CIVIL DIVISION

THE HABITAT COMPANY,
As Property Manager for CHA,

        Plaintiff,

        v.

ORA MILSAP AND ALL OCCUPANTS,

        Defendant.

NO.  12 M1 350708

### NOTICE OF EMERGENCY MOTION

TO:    Ora Milsap
       3983 South Lake Park Avenue
       Apt. 803
       Chicago, Illinois 60653

     PLEASE TAKE NOTICE that on April 5, 2013 at 2:00 p.m. or as soon thereafter as counsel may be heard, I shall appear before the Honorable Judge Scully or any Judge sitting in that Judge's stead, in the courtroom usually occupied by him/her, located at the Richard J. Daley Center, Clark and Washington Streets, Courtroom 1302, Chicago, Illinois, and present Plaintiff's Emergency Motion to Accelerate Defendant's Motion scheduled for April 16, 2013 and for a hearing on such Motion <u>instanter</u>.

                       _____
                       One of Plaintiff's Attorneys

SANFORD KAHN, LTD.
Attorney for Plaintiffs
180 North LaSalle Street
Suite 2025
Chicago, Illinois 60601
(312) 263-6778
#25167

### PROOF OF SERVICE

     I, _____, certify that I served this Notice of Motion, together with the Plaintiff's Motion, will be served to the defendant via personal delivery at the property on or before 8:00 p.m. on April 4, 2013.

                       _____

*Exhibit 65A*

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## MUNICIPAL DEPARTMENT, FIRST DISTRICT

| | |
|---|---|
| THE HABITAT COMPANY,<br>As Property Manager for CHA, | ) ) ) |
| Plaintiff, | ) ) |
| v. | )     NO. 12 M1 350708 |
| ORA MILSAP AND ALL OCCUPANTS, | ) ) |
| Defendant. | ) ) |

### PLAINTIFF'S EMERGENCY MOTION TO ACCELERATE DEFENDANT'S MOTION

Now comes Plaintiff, THE HABITAT COMPANY, As Property Manager for CHA, by and through its attorneys, SANFORD KAHN, LTD., and moves this Court to accelerate the Defendant' Motion which is motioned up for April 16, 2013 and in support thereof, states as follows:

1. That on March 5, 2013, Plaintiff filed a Motion to Reinstate this matter since the Defendant failed to comply with the terms of the Agreed Order entered on October 16, 2012.

2. More specifically, Plaintiff's Motion alleged that the defendant assaulted several residents at the building, punched a resident in the chest, sending her to the hospital, and attempted to stab a resident with an ice pick.

3. After a full hearing, on April 3, 2013, the Court entered a judgment in plaintiff's favor and entered an immediate Order for Possession.

4. On April 4, 2013, the plaintiff placed the Order for Possession with the sheriff to physically evict the defendant.

Exhibit 65A

5.    At the time the Order was placed with the sheriff, the plaintiff also provided the

sheriff with a copy of Chicago police report RD#HW-199799, a copy of which is

attached.

6.    According to the police report, on March 18, 2013, the defendant stated to another

resident that "If I get evicted, bodies will be dropping like Columbine."

7.    Due to the serious threat to the property, the Management staff, and other

residents at the building, the sheriff may expedite the execution of the Order,

rendering the eviction is imminent.

8.    If defendant's Motion is not heard expeditiously, Plaintiff would be severely

prejudiced and people may be injured.

9.    Further, in her motion, Defendant has raised no new evidence or defenses to the

allegations asserted at trial.


WHEREFORE, plaintiff moves this Court to accelerate the Defendant's Motion

scheduled for April 16, 2013, conduct a hearing on such Motion instanter and deny the

Defendant's Motion.


THE HABITAT COMPANY, As Property Manager for
CHA


BY:_____
        One of Plaintiff's Attorneys


SANFORD KAHN, LTD.
Attorneys for Plaintiff
180 North LaSalle Street, #2025
Chicago, Illinois 60601
(312) 263-6778
Attorney No. 25167

C00020

Order      *exhibit 65 B*      (2/24/05) CCG N002

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

The Habitat Co., As Property Manager for CHA

v.        No. 12 MI 350708

Ora Milsap

### ORDER

This matter coming on to be heard on Plaintiff's emergency motion to accelerate defendant's motion scheduled for April 16, 2013; parties having notice,

IT IS SO ordered:

1) Plaintiff motion is granted;
2) Defendant motion scheduled for April 16, 2013 is accelerated
3) Defendant's motion is denied.

Atty. No.: 25/67

Name: SY, Ltd.

Atty. for: PLAINTIFF

Address: 180 N. LaSalle

City/State/Zip: Chgo.

Telephone: 263 8778

Judge George F. Scully, Jr.

APR 05 2013

ENTERED:      Circuit Court – 2013

Dated: April 5, 2013

_____
Judge        Judge's No.

## DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Copy Distribution - White: 1. ORIGINAL - COURT FILE  Canary: 2. COPY  Pink: 3. COPY

C00035

A702

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

**BRIDGET MOSLEY,**
Petitioner

vs.

**ORA MILSAP,**
Respondent.

**CASE NUMBER: 13 OP 72053**
**CALENDAR: 71**
LEADS NUMBER:
RESPONDENT'S D.O.B:
☐ Independent Petition
☐ Domestic Relations

Any order of protection which would expire on a court holiday shall instead expire at the close of business next day.-750 ILCS 60/220(f)

DISPOSITION ORDER
### Petition for CNCO – Stalking Order

☑ PIC   ☐ PAIC   ☑ RIC   ☐ RAIC   ☐ No parties in court   ☐ On call in Error

THE COURT FINDS THAT:
(check applicable boxes)
☒ This is a Petition for CNCO – Stalking; there is no OP.

☐ A Petition for a CNCO – Stalking issued on .

☐ A  Petition for a CNCO- Stalking was previously extended on .

THE COURT HAVING JURISDICTION OF THE SUBJECT MATTER IT IS HEREBY ORDERED THAT:

1. ☐ The Petition for a CNCO-Stalking Order is extended to 4/29/2013 at 10:30AM.

2. ☐ A status hearing on the Petition for a CNCO-Stalking Order is set for 4/29/2013 at 10:30AM.

3. ☐ The Petition for a CNCO-Stalking Order is vacated.

4. ☐ The Petition for a CNCO-Stalking Order is terminated.

5. ☐ The Petition for a CNCO-Stalking Order  is modified as follows:

_____

_____

6. ☐ Alias Summons to issue.

7. ☐ Service by publication.

8. ☐ Case Number 13OP72053 is dismissed, 11/20 AM/PM *after hearing on 71231 & 72053 concerning the same issues*
on ☐ Petitioner's motion   ☐ Respondent's motion   ☑ Court order

**COURT LOCATION:**   ☐ 555 W Harrison St, Chicago, IL 60607 / Courtroom 201
☐ _____

**CONTINUED on** ☐ Petitioner's motion ☐ Respondent's motion ☐ Court order **FOR :**

☐ NO FURTHER CONTINUANCES

☐ Consolidation   ☐ R to retain counsel   ☐ P to retain counsel   ☐ Service

☐ Status   ☐ Hearing   ☐ Entry of default Plenary Order of Protection

_____

_____

ENTER: Dated: April 8 2013

**ORDER OF COURT**

Judge _____

Circuit Court – 1903

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

CNCO-Stalking Petition Only

A/07

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

**DELORES SMITH SCOTT,**
Petitioner

vs.

**ORA MILSAP,**
Respondent.

**CASE NUMBER: 13 OP 72051**
**CALENDAR: 71**
**LEADS NUMBER:**
**RESPONDENT'S D.O.B:**
☐ Independent Petition
☐ Domestic Relations

Any order of protection which would expire on a
court holiday shall instead expire at the close of
business next day.-750 ILCS 60/220(f)

DISPOSITION ORDER
**Petition for CNCO – Stalking Order**

☐ PIC   ☐ PAIC   ☐ RIC   ☐ RAIC   ☐ No parties in court   ☐ On call in Error

THE COURT FINDS THAT:
(check applicable boxes)
☒ This is a Petition for CNCO – Stalking; there is no OP.

☐ A Petition for a CNCO – Stalking issued on .

☐ A Petition for a CNCO- Stalking was previously extended on ,.

THE COURT HAVING JURISDICTION OF THE SUBJECT MATTER IT IS HEREBY ORDERED THAT:

1. ☐ The Petition for a CNCO-Stalking Order is extended to 4/29/2013 at 10:30AM.

2. ☐ A status hearing on the Petition for a CNCO-Stalking Order is set for 4/29/2013 at 10:30AM.

3. ☐ The Petition for a CNCO-Stalking Order is vacated.

4. ☐ The Petition for a CNCO-Stalking Order is terminated.

5. ☐ The Petition for a CNCO-Stalking Order is modified as follows:

6. ☐ Alias Summons to issue.

7. ☐ Service by publication.

8. ☐ Case Number 13 OP 72051 is dismissed, 11:26 AM/PM
   on ☐ Petitioner's motion   ☐ Respondent's motion   ☐ Court order    after hearing

**COURT LOCATION:** ☐ 555 W Harrison St, Chicago, IL 60607 / Courtroom 201
☐ _____

**CONTINUED on** ☐ Petitioner's motion   ☐ Respondent's motion   ☐ Court order **FOR :**
☐ NO FURTHER CONTINUANCES
☐ Consolidation   ☐ R to retain counsel   ☐ P to retain counsel   ☐ Service
☐ Status   ☐ Hearing   ☐ Entry of default Plenary Order of Protection

**ORDER OF COURT**

ENTER: Dated: April 3, 2013
Associate Judge Patrice Ball-Reed

Judge

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

CNCO-Stalking Petition Only

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| ORA MILSAP, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | |
| HABITAT COMPANY, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

## O R D E R

This matter comes before the court on the Motion for Court Order to Include Evidence in the Record on Appeal, with due notice being given to all parties and, with the Court being fully advised in the premises;

**IT IS ORDERED:**

1.  The Motion for Court Order to Include Evidence in the Record on Appeal is denied.

2.  Ora Milsap is directed to file all motions concerning contents of the trial court record with the trial court judge.

**ORDER ENTERED**

MAY 1 6 2013

**APPELLATE COURT, FIRST DISTRICT**

_____
JUSTICE

_____
JUSTICE

_____
JUSTICE



State of Illinois
Circuit Court of Cook County

Chambers of
Timothy C. Evans
Chief Judge

2600 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-6000

May 21, 2013

Ms. Ora Milsap
213 West 93rd Street
Chicago, IL 60620

Dear Ms. Milsap :

The Office of the Chief Judge is in receipt of correspondence that you mailed to this office. In this correspondence, you request that the chief judge "allow a motion for evidence to be included in appellate appeal." Please be advised that the chief judge acts solely in an administrative capacity and does not review decisions made by other judges, direct other judges in their rulings or intervene in cases assigned to other judges. Therefore, he is unable to review your case or intervene in your matter.

I recognize that your concerns in these matters are of considerable importance to you. You may wish to consult with an attorney regarding the proper manner to bring your matter to the attention of the court. Therefore, if you have any questions about your legal rights or the processes by which they are to be adjudicated, I recommend that you consult with an attorney. If you are unable to afford an attorney, there are low cost and free legal services available to those who meet eligibility requirements. I have attached a listing of such organizations for your information.

Sincerely,

Office of the Chief Judge
Circuit Court of Cook County

1-13-1394

*Exhibit 69 A*

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| ORA MILSAP, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County |
| | ) | |
| v. | ) | |
| | ) | |
| HABITAT COMPANY, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

O R D E R

This matter comes before the court on Ora Milsap's Motion for Bystander's Report to be Included in the Appellate Record, with due notice being given to all parties and, with the Court being fully advised in the premises;

**IT IS ORDERED:**

1. The Motion for Bystander's Report to be Included in the Appellate Record is denied without prejudice.

2. Ora Milsap is directed to file her motion in the circuit court with the judge who presided over the case.

**ORDER ENTERED**

JUN 1 3 2013

**APPELLATE COURT, FIRST DISTRICT**

_____
JUSTICE

_____
JUSTICE

_____
JUSTICE



**KENWOOD OAKLAND COMMUNITY ORGANIZATION**
4242 South Cottage Grove Avenue - Chicago, Illinois 60653
773.548.7500 phone and 773.548.9264 fax
http://www.kocoonline.org    *Exhibit 70*

July 5, 2013

Dear Sir/Madam:

This letter is to affirm Ms. Ora Milsap was a tenant leader with the Kenwood Oakland Community Organization (KOCO) at Lake Parc Place. During her residency at Lake Parc Place, she worked diligently to make sure her fellow tenants were kept abreast of news that may affect them and their ability to maintain the affordability of their units. In the past, we have worked with tenant leaders who have experienced retaliatory acts against them from agents of the Chicago Housing Authority. We hope this is not the case in Ms. Milsap's situation.

Ms. Milsap joined KOCO approximately 4 years ago because she was looking for assistance in resolving an issue that had arisen in her building. I was struck by her passion for fair and equitable treatment; and over time, I've witnessed her zeal and determination to accomplish tasks efficiently and effectively. I encourage you to examine the facts in her case as you make your decisions.

Sincerely,

Brian Malone
Executive Director

3303

*EXHIBIT 11*

(7/08/10) CCG N003

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

*Habitat Company*

v.

*Bra Nilsap*

No. *12 M1 350708*

### NOTICE OF MOTION

*See page 2*

To: *Crawford Kennedy*
*105 N LaSalle St. Ste 2025*
*Chicago, IL 60601*

On _____ *7-16-13* _____, at _____ *2:00* _____ a.m
p.m. or as soon thereafter as counsel may be heard, I shall appear before the Honorable _____ *Lisa Judge Smith* _____ or any Judge sitting in that Judge's stead, in the courtroom usually occupied by him/her, located at _____ *Richard Daley* _____ *50 W. Washington Chicago* _____, Illinois, and present

| | | | |
|---|---|---|---|
| Name | *Bra Nilsap* | Atty. No. | *68500* |
| Address | *712 W. 82nd St* | Attorney for | Pro Se 99500 |
| City/State/Zip | *Chicago IL* | Telephone | *(773) 501-0018* |

### ☐ PROOF OF SERVICE BY DELIVERY

I, _____ *Bra Nilsap* _____, ☐ the attorney ☐ non-attorney certify that on the _____ day of _____ , 2012, I served this notice by delivering a copy personally to each person to whom it is directed.

Date _____, _____

Signature/Certification

### ☐ PROOF OF SERVICE BY MAIL

I, _____ *Bra Nilsap* _____, ☐ the attorney ☐ non-attorney certify that I served this notice by mailing a copy to _____ *Crawford Kennedy (+1)* _____ at _____ *50 N LaSalle St. Ste 2025* _____ (address on envelope) and depositing the same in the U.S. Mail at _____ (place of mailing) at _____ a.m. p.m. on the _____ day of _____, _____, with proper postage prepaid.

Date _____, _____

Signature/Certification

### ☐ PROOF OF ELECTRONIC SERVICE (WHERE PERMISSIBLE)

I, _____, ☐ the attorney ☐ non-attorney certify that on the _____ day of _____, _____, I served this notice electronically ☐ via the Clerk's Office E-filing system, or ☐ by telefax transmission (_____ pages) with consent of the recipient where permissible under Ill. Sup Ct. R.11, at fax no. _____, at _____ a.m./p.m., from _____ (Place)

Date _____, _____

Signature/Certification

NOTE: If more than one person is served by delivery or mail, additional proof of service may be made by attaching an additional sheet to this Notice of Motion.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Copy Distribution - White: 1. ORIGINAL - COURT FILE Canary: 2. COPY Pink: 3. COPY Gold: 4. COPYORIGINAL - COURT FILE

exhibit 71
pg. 2 g2

**Motion - General Form** (This form replaces CCMD-39)                    (2/24/05) CCG N702

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Exibited Penyons

_____
**Plaintiff(s)**                    see page 2

v.                                  **No.** 12 M1 350708

Klein Nebenzis

_____
**Defendant(s)**

TO: _____ Judge Sanlly room 302 _____

**MOTION BY** Den Wibap **FOR** _____

Motion to Request supplemental record to be produced in Appellate housing appeal.

this MOTION WAS DENIED
4-13 Rehearing For housing Case Denied
12-13 Subsitution of Judge Denied

**I (We) do hereby certify that a copy of this instrument was served upon all parties who have appeared and have not previously been found by the Court to be in default for failure to plead.**

Dated: _____, 2013    _____

                                           **Attorney Certification**

Atty. No.: _____

Name: _____

Atty. for: _____

Address: _____

City/State/Zip: _____

Telephone: _____

### DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Copy Distribution-White: 1. ORIGINAL-COURT FILE  Canary: 2. COPY 1  Pink: 3. COPY 2  Gold: 4. COPY 3

Exhibit 71A

13-1394

7-18-2013

Dear Mr. Nathaniel Tostado ;

in reference to my call to you

on 7-17-13. I am requesting the

videotape from 2-21-13 & 2-23-13, 3-18-

3-20-13 also 3-21-13. you sent 2/20/13

videotape from my eviction Case on 4-5-13.

videotape I am requesting under the Freedom

of Information Act video footage for the

date above. please refer to police RD#

199799.

Thank you,                    address:

Ora Mislap              213 W - 93rd St

(773) 541-0018         Chicago, Il 60620

Exhibit 7113



**CHA**
CHICAGO HOUSING
AUTHORITY

July 23, 2013

**Z. Scott**
*Chairperson*

**Deverra Beverly**
**Adela Cepeda**
**Mark Cozzi**
**Dr. Mildred Harris**
**Harriet Johnson**
**Myra King**
**John G. Markowski**
**M. Bridget Reidy**
**Rodrigo A. Sierra**
*Board of Commissioners*

**Charles Woodyard**
*Chief Executive Officer*

Ms. Ora Milsap
213 W. 93rd St.
Chicago, IL 60620

Dear Ms. Milsap:
I am writing to inform you that on July 22, CHA received your FOIA request for:

*Videotape from Lake Parc Place from Feb. 21, 2013 and Feb. 23, 2013 as well as videotape from March 18 through March 21, 2013.*

Sincerely,

Nathaniel Tortora
FOIA Office
Chicago Housing Authority

Chicago Housing Authority
60 E. Van Buren
Chicago, IL 60605

312-742-8500

www.thecha.org

Order     3   Exhibit 71C    (2/24/05) CCG N002

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

The Habdt Co., for CHA

v.

No. 12 M1 350708

Ora Milsap

### ORDER

This matter coming on to be heard a defedts motion for
a supplimental record, parties having notice al the court being
duly advised;
It is so ordered.

...otion is ...

ENTERED:     Atty. No.: ___     Name: ___     Attoney    Judge George

Dated: ___

Address: 10 N. ___

City/State/Zip: ___ IL 60001

Judge's No. ___

Telephone: ___

Judge ___

w: 2. COPY Pink: 3. COPY     Copy Distribution - White: 1. ORIGINAL - COURT FILE Canar...



Hello, Ora | Sign Out | Options | Help    TRENDING NOW: Chris Brown    Go Mobile | Yahoo!

RE: Regarding meeti...

Compose Message    Delete    Reply    Forward    Spam    Move | Print    Actions

Inbox  130
Drafts  7
Sent
Spam  1370
Trash  181

**Folders**
untitled

**Applications**
All My Purchases
Attach Large Files
Automatic Organizer
Calendar
Edit Photos
Evite
Flickr
Improve Yahoo! Mail
My Cool Fonts
My Drive
Notepad
Stationery
Unsubscriber



**RE: Regarding meeting for the deposition**                    Hide Details

FROM:   Adam Schwartz

TO:    Ora Milsap                           Wednesday, March 30, 2011 3:12 PM

Dear Ms. Milsap:  Thank you for your email, and for all of your efforts on this
matter.  I hope that Ms. Benton, Mr. Anderson, and Ms. Mitchell will call the
ACLU.  Until then, I don't think it makes sense to schedule a face-to-face meeting
for purposes of gathering facts about individual residents.  When we do meet, I am
not sure which ACLU attorneys will be present (it might be me, Karen, and/or
Cat).  Sincerely, -Adam

**From:** Ora Milsap [mailto:milsapo@yahoo.com]
**Sent:** Tuesday, March 29, 2011 8:51 PM
**To:** Adam Schwartz
**Cc:** jalidab@yahoo.com
**Subject:** Regarding meeting for the deposition

Dear Mr. Schwartz, I have spoken with Cheryl Benton, Herbert Anderson, and Julia Mitchell. Julia
Mitchell and Herbert Anderson, informed me they were going to call Ms. Sheley to be interviewed by
her. However, myself and Ms. Benton, would like to be interviewed for the deposition by you. I feel
that I would be more comfortable, talking to you, so would Cheryl. I am confident that I would be an
access to this case. I can not go back on my life and change anything, nor would I want to. For over
25 plus years, I have worked in corporate America in many capacities. Working closely with
Presidents of major corporations as a top assistant, high  sales and upgrades for customers, as a
senior telecommunications customer service representative. I am going out of town, on Friday
4/1/2011, on a girl scout trip with my daughter's troop. I will return 4/3/2011.
    Cheryl and myself, would like to know if it is okay for you , Ms.Sheley, and Ms. Itaya to come to the
church, and do the deposition. The last meeting we had, was in a small private room, off to the side
of the church. There is a seating area, outside the room. The room is private and confidential. I will
talk to Mr. Bennett and see if all the deposition interviews can be on  4/14/2011 at 6:30p.m.  If this
date and time is okay with you, please call or email me. You can contact Ms. Benton, Ms. Mitchell,
and can call for Mr. Anderson on my phone and leave a message for him, and I will make sure he will
get he call.

We Thank You, and  your organization from our hearts, for assisting us.
            Sincerely, Ora D. Milsap. (773) 541-0018


$18.37 KitchenAid Mixer
$57.28 Toshiba LED
$85.71 27" iMac
$35.56 XBox Kinect
Don't Pay Full Price

*(handwritten:)* Exhibit 3
Nake park plase Nov Dec 15 2010 Not Ylomed
Year 2011 to use community from Majority
By the past meetings were in
my home
era mikof

# The HUD Tenant Bill of Rights to Organize

### Adopted by National Alliance of HUD Tenants on April 19, 1998

The right of residents to organize is fundamental to our human right to decent, safe, sanitary, and affordable housing. Unfortunately, harassment by owner and management representatives of tenants who assert these rights is a widespread problem in HUD-assisted housing across America. The recent illegal arrests of organizers in Los Angeles and Dallas for leafletting or meeting with residents in their own apartments are only the most dramatic instances of the institutional racism and petty tyrannies which persist in HUD housing. The climate of fear and intimidation which results is profoundly undemocratic.

HUD has done little to protect tenants and organizers or to enforce its own regulations protecting the right to organize. Instead, some at HUD have sided with or rewarded owners who harass tenants. It is time for HUD to affirm that tenants do not check their moral and constitutional rights at the door of their HUD-assisted homes.

**WE,** the undersigned, tenants of HUD-assisted housing and their supporters, do therefore affirm and adopt this **HUD TENANT BILL OF RIGHTS:**

1) the right of residents to form tenant unions which meet regularly, are democratic, representative, and independent of non-resident owners, management agents or local housing agencies

2) the right to organize and assert their rights as residents without obstruction, harassment, or retaliation from owner or management representatives, including the right to grieve concerns to HUD, elected officials, the press and other agencies

3) the right of residents to leaflet and door knock their neighbors to form independent tenant associations without notice to or permission from owners or management agents

4) the right of non-resident organizers to contact residents and leaflet a property without tenant invitation or prior owner permission or notice

5) the right of residents to use appropriate common space or meeting facilities, free of charge, to either organize or to consider any issue affecting the management of the property without management or resident employees present, at residents' option

6) the right of individual residents to timely review of any documents pertaining to their tenancy

7) the right of residents to be treated with dignity and respect by owners representatives

## To implement these rights, WE DEMAND that HUD:

1) Codify these rights in HUD's Handbooks and a Model Lease required for all tenants and establish clear sanctions for owners, public agencies and management agents who violate them

2) Require that owners and management agents recognize legitimate, independent tenant unions, and to treat tenants, their organizations and representatives with respect

3) Publicize tenants rights through annual distribution of Tenants Rights brochures to every family in HUD housing, in appropriate languages

4) Provide sensitivity training to HUD field staff and owners/managers in tenants' rights

5) Take strong enforcement actions against owners who violate tenants' rights and sanction HUD staff who support owners that harass tenants

National Alliance of HUD Tenants (NAHT)/ 353 Columbus Avenue/Boston/MA 02118/(617) 267-9564

Exhibit 4



**KENWOOD OAKLAND COMMUNITY ORGANIZATION**
1005 East 43rd Street – Chicago, Illinois 60653

April 6, 2011

Dear Tenant Leader:

Please review the attached letter, and direct your feedback to Mr. Brian Malone at 773.548.7500 or by email at jbkm1@yahoo.com. Thank you.

*Exhibit 4*



**KENWOOD OAKLAND COMMUNITY ORGANIZATION**
1005 East 43rd Street – Chicago, Illinois 60653

*Ng 282*

April 6, 2011

Jadine Chou, Senior Vice President
Traditional Public Housing Portfolio, Asset Management
Chicago Housing Authority
60 East Van Buren
Chicago, Illinois 60605

Dear Ms. Chou:

Residents of Lake Parc Place would like to meet with you within the next two weeks to discuss the changes to the income requirements for Lake Parc Place tenants. During the last town hall meeting you attended, you informed everyone that new residents to Lake Parc Place would be required to meet a higher percentage of the Area Median Income (AMI) – 30-50% or 50-80%. Since this meeting, tenants have expressed concern that this new policy could displace current residents over time.

While you assured the meeting participants that current residents wouldn't be affected by the new policy, you also agreed to meet with the tenants to provide them with written notification ensuring them current residents would not be displaced. We are following-up with you regarding that invitation.

Separate, but related issues we would also like to discuss with you are: the date by which mandatory drug testing will commence at Lake Park Place, and the right for residents to have tenant meetings at Lake Park Place. We look forward to meeting with you in the near future.

*MR. MALONE*

Sincerely,

*312 805 - 4326*

Jay Travis
Executive Director

*Exhibit 5*

Hello, Ora | Sign Out | Options | Help          TRENDING NOW: Dolly Parton                    Go Mobile · | Yahoo!

Search Mail     Search Web

WHAT'S NEW    TRASH (112)    CONTACTS    UPDATES    Incident

Compose Message |        Delete | Reply | Forward | Spam | Move | Print | Actions                |

Inbox            67   Ch
Conversations
Drafts
Sent
Spam            2273  Em
Trash             91  Em
Folders               Add folder

Online Contacts

  Show Top Contacts
Facebook Friends      ↗
Applications          Edit application options

Attach Large Files
Automatic Organizer
Calendar
Edit Photos
Evite
Flickr ·
My Cool Fonts
My Drive
My Photos
Notepad

$57.28 46" Samsung HDTV

$65.84 MacBook Pro

$30.67 32GB iPad

$1,740 2010 Honda Civic

Don't Pay Full Price QuiBids

*they had sent me a letter accusing me of being alcohol influence, which was not true, and she apologized for the letter.*

FROM:
  • Maria Reyes

TO:
  • milsapo@yahoo.com
  • espicer@habitatmcom

CC:
  • Adriana Adamski
  • Michelle Hunt

**Incident**

Tuesday, April 12, 2011 5:08 PM
TO: You + 1 More2 recipients
CC: 2 recipientsYou 2 More
Hide Details

Ms. Milsap
Please be assured we have received you emails and are investigating the matter. Ms. Spicer has been out of the office and will return your call upon her return. I also want to splodge for the section of the Lease that was cited in your letter. The section was included in it's full content. At no time was the intent to indicate that you were under the influence of alcohol. That part of the Lease section was cited in the letter in error and the part mentioning alcohol use should have been left out.

Once again please accept our apologies

_____ CONFIDENTIALITY

NOTICE: E-mail may contain confidential information that is legally privileged. Do not read this e-mail if you are not the intended recipient. This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail, or by telephone at 312-527-5400, and destroy the

*Exhibit 6*



**THE HABITAT COMPANY**
LAKE PARC PLACE APARTMENTS

# Memo

**To:**     Lake Parc Place Residents

**From:**   **Management Office**

**Date:**   4/15/2011

**Re:**     **REAC INSPECTION**

---

### REMINDER

The REAC Inspection is scheduled for **Monday April 18, 2011** between the hours of 9 a.m. – 3p.m.

REAC inspections are usually conducted annually. The inspection will include randomly selected units, common areas, grounds, parking lots, playground and any other areas requested by the REAC inspector.

If your unit is randomly selected for the REAC inspection, a pass key will be used if you are not home.

Please feel free to contact the management office with any questions or concerns.


Thank you in advance for your cooperation.

*We had two inspections for housekeeping in April. One from Mgmt and then CHA downtown*

Michelle Hunt
Property Manager

Print - Close Window

*Exhibit 7*

Subject: Fw: Letter for O. Milsap
From:   jbkm (jbkm1@yahoo.com)
To:     milsapo@yahoo.com;
Date:   Wed, 20 Apr 2011 09:12:31

Please see the message below. *This incident is where WSA guards at Lake Park was harassing residents and guests writing up False reports on residents*

----- Forwarded Message -----
From: Evelyn Spicer <espicer@HABITAT.com>
To: jbkm <jbkm1@yahoo.com>
Cc: Maria Reyes <mreyes@HABITAT.com>
Sent: Monday, April 18, 2011 6:10 PM
Subject: RE: Letter for O. Milsap

Hi Brian,
I am waiting to hear back from the CHA Asset Manager and get it in writing from her. I will keep you posted. Also I received a follow up call today from the owner of our Security Company and he is in the process of scheduling that meeting with all the Guards involved. I will keep you posted on that as well.

From: jbkm [mailto:jbkm1@yahoo.com]
Sent: Monday, April 18, 2011 1:47 PM
To: Evelyn Spicer
Subject: Letter for O. Milsap

Good afternoon Ms. Spicer. This is Brian Malone with the Kenwood Oakland Community Organization (KOCO). I am writing to follow-up with you regarding the letter you indicated would be prepared for Ms. Milsap. I just need to know if and when we will be able to get a copy of the letter. Thanks.

CONFIDENTIALITY NOTICE: E-mail may contain confidential information that is legally privileged. Do not read this e-mail if you are not the intended recipient. This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail, or by telephone at 312-527-5400, and destroy the original transmission and its attachments without reading or saving in any manner. --Please consider the environment before printing this email. Thank you.

*Never received the letter. om*

Print - Close Window

Exhibit 8

Subject:Fw: Re: Lake Parc Place
From:   Jhatayn Travis (jhatayn@yahoo.com)
To:     milsapo@yahoo.com;
Date:   Fri, 22 Apr 2011 16:51:45

Jhatayn 'Jay' Travis
Executive Director
Kenwood Oakland Community Organization
1005 E. 43rd
Chicago IL 60653
(773)548-7500
kocoonline.org

*This letter is about residents under WSA guards and how they were harassing us and writing false reports. Tenants demanded a meeting to talk about the Security guards.*

--- On Fri, 4/22/11, Chou, Jadine <JAChou@thecha.org> wrote:

From: Chou, Jadine <JAChou@thecha.org>
Subject: Re: Lake Parc Place
To: jhatayn@yahoo.com
Date: Friday, April 22, 2011, 1:55 PM

Hi Jay - I am at an offsite meeting this afternoon until 6PM.

The meeting date is set.

Kathleen - pls let Jay know the date and time.

Jay - pls let me know if you'd like me to call you later today or if we can talk on monday.

Thanks.

Jadine

From: Jhatayn Travis <jhatayn@yahoo.com>
To: Chou, Jadine
Sent: Fri Apr 22 13:53:14 2011
Subject: RE: Lake Parc Place

Ms. Chou,

I am reaching out to you to make sure that you will send a date and time for the tenant meeting at Lake Parc Place. As you know there are urgent issues, such as the plans to change the income requirements, that are of great concern to both KOCO and tenants. Please contact me as soon as possible. I will also reach out to you by phone.
-Jay

*Exhibit 9*



**KENWOOD OAKLAND COMMUNITY ORGANIZATION**
1005 East 43rd Street - Chicago, Illinois 60653
773.548.7500 phone and 773.548.9264 fax

April 26, 2011

Evelyn Spicer, General Manager
The Habitat Company, LLC
Chicago Regional Office
350 West Hubbard Street
Suite 500
Chicago, IL 60654

Dear Ms. Spicer:

This letter urgently reaches your attention to express our concern over the appearance of retaliation taking place at Lake Parc Place against residents who are engaged in organizing fellow tenants. Residents have approached us with personal and second-hand accounts of experiences that appear to be retaliatory. We want to openly express our understanding that tenant organizing is a right guaranteed by the US Department of Housing and Urban Development. We disapprove of any retaliation against tenant organizers in Lake Parc Place, or any housing development. We hope retaliation is not taking place at Lake Parc Place. However, if evidence is found to this effect, then we will be forced to address this serious matter. We look forward to your response as soon as possible. Mr. Malone or Mr. Bennett can be contacted at the office at 773.548.7500. Either can also be reached by cell phone at 312.805.4326 or 773.317.4741, respectively. Thank you.

Sincerely,

Jay Travis
Executive Director

Exhibit 10

I am very interested.

---

**From:** Jhatayn Travis <jhatayn@yahoo.com>
**To:** Chou, Jadine
**Sent:** Wed Apr 27 13:15:39 2011
**Subject:** disturbing news CHA developments

Ms. Chou,

Thank you for attending the townhall meeting at Lake Parc place last night. I received a phone call after the meeting concerning 3 disturbing incidents regarding a security company operating at several CHA developments. I consider the information I received to be credible, serious and to warrant immediate action. Please call me on cell phone (773) 301-7827.
-Jay

Jhatayn 'Jay' Travis
Executive Director
Kenwood Oakland Community Organization
1005 E. 43rd
Chicago IL 60653
(773)548-7500
kocoonline.org

*Exhibit 11*

Print - Close Window

Subject: Fw: Re: disturbing news CHA developments
From:  Jhatayn Travis (jhatayn@yahoo.com)
To:  milsapo@yahoo.com;
Date:  Mon, 02 May 2011 12:59:58

*Tenants at Lake Park met with Jadine Chou, Jay Travis (KOCO), Mr. Malone (KOCO) regarding the false reports wrote up by WSA security guards, harassment and intimidation by the WSA security guards at Lake Park Place and other CHA developments*

Jhatayn 'Jay' Travis
Executive Director
Kenwood Oakland Community Organization
1005 E. 43rd
Chicago IL 60653
(773)548-7500
kocoonline.org

--- On Wed, 4/27/11, Jhatayn Travis <*jhatayn@yahoo.com*> wrote:

*Each resident had 25-30 minutes to give their complaints about the guard's actions & false reports.*

From: Jhatayn Travis <jhatayn@yahoo.com>
Subject: Re: disturbing news CHA developments
To: "JadineChou" <JAChou@thecha.org>
Date: Wednesday, April 27, 2011, 6:33 PM

Ms. Chou,
I spoke with tenants and they are collecting information. I should have more detail about the complaints tomorrow. I look forward to meeting with you and the tenants to resolve this matter.
-Jay
Jhatayn 'Jay' Travis
Executive Director
Kenwood Oakland Community Organization
1005 E. 43rd
Chicago IL 60653
(773)548-7500
kocoonline.org


--- On Wed, 4/27/11, Chou, Jadine <*JAChou@thecha.org*> wrote:

From: Chou, Jadine <JAChou@thecha.org>
Subject: Re: disturbing news CHA developments
To: jhatayn@yahoo.com
Date: Wednesday, April 27, 2011, 1:34 PM

Hi Jay - I am finishing in a mtg where I am presenting. Can I call you a little after 2PM?

Exhibit 12

May, 12th, 2011

Ms. Jadine Chou; Vice President of Chicago Housing Authority:

Dear Ms. Chou: Thank you for giving me the opportunity to meet with you, regarding the incident that took place on March 31st, 2011 with me, and Officer Moore. I had a meeting with Ms. Spicer, yet none of my issues were addressed on April 10, 2011. I sent several e-mails to Ms. Reyes, vice president of Habitat, non of my concerns or what conversations occurred with Ms. Parker, myself, Mr. Malone, Ms. Hunt and Ms. Spicer were addressed. Ms. Reyes, then informed me and Mr. Malone, that we would need to talk to Ms. Arrington, and she never contacted me or Mr. Malone. Since, my incident with Officer Moore, he has had several altercations with other Lake Park Residents.

I want my issues with Officer Moore, and Ms. Hunt to be addressed at this meeting. I feel very intimidated and threatened by WSA security, Ms. Hunt and her staff, and the Habitat Company executives in regard to my well being and safety for myself and my child. I was never questioned by Ms. Hunt, regarding the incident with Officer Moore, yet she spoke to several other residents who were there, but not to me, Ms. Hunt sent me a warning letter instead.

I am looking for justice in this matter with Officer Moore. There have been too many complaints, regarding Officer Moore and the false reports he writes up. A police report was wrote up on Officer Moore, on 4/3/11, with another resident in 3939 s. Lake Park, yet nothing was done.

Please address my issue seriously, Ms. Chou.

Thank You, Ora Milsap

Cc: Mr. Malone, Ms. Travis; - Kenwood Oakland Community Organization.

## ATTENTION: LAKE PARK RESIDENTS;

Recently, Lake Park Residents received under their door, an article in USA TODAY, dated 4/16/2011, and information regarding changes to the 2011 ACOP and residential lease agreement. A comment from Myra King; Chicago's Housing Authority's, Local Advisory Council President, stated to contact her, in regards to questions or concerns, for drug testing public housing and Section 8 residents. As of May 20th, 2011, **No Mandatory drug testing law has been passed or approved through legislation, in regards to public housing or section 8 residents in Illinois.**

**Please contact Mr. Bennett or Mr. Malone at the Kenwood Oakland community Organization, (KOCO) at (773) 548-7500, for any questions or concerns you have, regarding the information that was delivered under your apartment door.**

**Also: Please contact the ACLU at (312) 201-9740. Ask for Karen Sheley at Extension. 325, to discuss correct information on the drug testing of public housing and section 8 residents.**

## KNOW YOUR RIGHTS!!!!!!!!!!!!!!

Media Alert: CHA Public Comment Hearing, June 2, 2011                                    Tue, May 31, 2011 6:16:20 PM
From: Elizabeth Rosenthal <erosenthal@lafchicago.o...   View Contact
To: "jalidab@yahoo.com" <jalidab@yahoo.com>
MEDIA ALERT.pdf (149KB)





# Legal Assistance Foundation of Metropolitan Chicago

111 W. Jackson Boulevard ♦ Suite 300 ♦ Chicago, Illinois 60604
Telephone: (312) 341-1070 ♦ Fax: (312) 341-1040 ♦ www.lafchicago.org

May 31, 2011

Contact:          Elizabeth Rosenthal

For Immediate Release

312 347-8368

### TENANTS SPEAK OUT AT PUBLIC COMMENT HEARING
### AGAINST CHA PLANS TO REMOVE
### "INNOCENT TENANT DEFENSE" FROM LEASE

**WHERE:** Charles A. Hayes Family Investment Center, 4859 S. Wabash.

**WHEN:** 6:00 p.m., Thursday, June 2, 2011.

**WHAT:** On May 17, 2011, CHA opened a public comment period for the proposed 2011 Admissions and Continued Occupancy Policy (ACOP) and 2011 Lease. It will hold a public comment hearing on June 2nd, and residents and advocates are expected to speak out against two controversial changes to the ACOP and Lease. CHA proposes to remove the "innocent tenant defense" from the Lease, which leaves innocent families vulnerable to evictions for the criminal activity of household members and guests. CHA also proposes annual drug testing for all CHA residents, raising privacy and equal rights concerns.

**BACKGROUND:** In the early 1990s, CHA added lease language that allowed tenants to present in eviction court an "innocent tenant defense" that the tenant did not know, or have reason to know, that a household member or guest was engaged in criminal activity. The family would not be evicted if it established this defense. CHA recognized that the health, safety, and stability of low-income families depended on this lease-based protection, even if federal law did not require it.

CHA now plans to remove that protection from the lease, for no reason. This means that an entire family can be evicted if, for example, a caregiver comes into the unit with drugs in her purse.

While CHA certainly needs to be able to fight crime in public housing, removing the innocent tenant defense from the lease casts too wide a net. It will lead to entire families losing, through no fault of their own, the only decent, safe housing that they can afford. Eviction from public housing often leads to homelessness for low-income families because a tenant who is financially eligible for public housing cannot afford housing in the private market.

CHA already has the tools to keep public housing safe without resorting to this fundamentally unfair measure. It can require tenants to remove "bad actors" from their leases and/or bar them from the premises. Without the innocent tenant defense, tenants have no meaningful way to show CHA that they were not involved in criminal activity and should not be evicted.

**ABOUT LAF:** For over 40 years LAF has provided the poor in metropolitan Chicago with comprehensive free legal services to resolve non-criminal issues. Each year LAF's more than 80 full-time attorneys and staff help resolve civil legal problems, including domestic violence, consumer fraud, and unfair evictions. Their work helps about 60,000 people each year. LAF relies on private donations to fulfill its mission.

Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If you are not the intended recipient of this communication (or an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient), or if you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including any attachments, without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.

Exhibit 14K    June 2011

# URGENT!!!    URGENT!!!    URGENT!!!



# CHA is moving forward with the implementation of mandatory drug testing for residents of Lake Parc Place

# Are you concerned about mandatory drug testing at Lake Parc Place???

# If so, please place these 2 dates on your calendar for this week

**#1  Wed., June 1 @ 10am – Press Conference**
Meet in front of Lake Parc Place

**#2  Thu., June 2 @ 5pm – CHA Public Hearing**
Meet in front of Lake Parc Place

For more information, please contact Brian Malone or Shannon Bennett at 773.548.7500
Kenwood Oakland Community Organization

*make a copy*
*Exhibit 14a* *12-13-14*

**CHA plan for required drug testing of residents
called 'a slap in the face'**

BY MAUDLYNE IHEJIRIKA

Staff Reporter/mihejirika@suntimes.com

Last Modified: May 27, 2011 09:58AM

The Chicago Housing Authority wants to require all adults who currently live in, or apply in the future for housing in any of its developments, to be tested for drugs — including senior citizens.

The blanket policy proposal for anyone 18 years or older has residents and housing advocates crying foul.

The American Civil Liberties Union charges the public agency seeks to place a double standard on the poor.

"It's such an insensitive proposal to even bring to the table," said Myra King, a resident of the Far South Side Lowden Homes development. She chairs the Central Advisory Council of tenant leaders from CHA properties all across the city.

"Singling us out for this type of humiliation is a slap in the face of what this whole 'Plan for Transformation' supposedly is about," King said. "CHA says they're doing this plan to make us privvy to the same standards as any other citizen in any other community. If that's true, why are we the only citizens to be drug tested?"

The measure is among several changes to the lease and CHA's Admissions and Continued Occupancy Policy proposed by CEO Lewis Jordan. Under the policy, a positive drug test would subject leaseholders to eviction proceedings.

Agency officials argue they need more tools to fight crime, particularly the drug scourge, in CHA developments.

Also controversial is a proposed elimination of the so-called "innocent tenant defense," referring to evictions initiated when a drug-related or violent crime has been committed by a relative or guest of the leaseholding tenant — but the tenant was not involved nor had knowledge of the crime. In 2002, the U.S. Supreme Court ruled housing authorities may evict under such "innocent tenant" circumstances, so CHA would be within its rights. But former CHA chief Terry Peterson had negotiated an agreement with tenants that had continued to allow the defense if it could be proved in court.

Jordan, who took over the agency in 2008, declined to be interviewed on the proposals.

Spokeswoman Kellie O'Connell-Miller pointed out several CHA mixed-income properties currently require drug testing.

"These are policies to help strengthen and improve the safety of our public housing communities," O'Connell-Miller said.

"We're constantly hearing from law-abiding residents that they want us to hold the non-law abiding residents more accountable. We're trying to tighten up our lease with some of these issues. Drug dealers won't come where there are no buyers. If you remove the folks who are interested in drugs, hopefully it will remove some of the problems," she said.

The policy would apply to 16,000 families living in family and senior public housing. The agency has not yet explored the cost associated with the proposal, O'Connell-Miller said.

A spokeswoman for the U.S. Dept. of Housing and Urban Development here said as federal policy prohibits drug users from public housing property, authorities nationwide are free to enforce that rule as they see fit. HUD does not track such enforcement, so it could not say if any other housing authorities had such a blanket policy, nor could CHA.

"The ACLU opposes drug testing in the absence of suspicion as a condition of residency in public housing," said senior lawyer Adam Schwartz.

"From our perspective, drug testing without suspicion is humiliating. It's stigmatizing. There's a double standard here," he said. "All across our city and our country, when most of us who are in whatever income bracket rent housing, we don't have to take a drug test. This is an emerging one standard for poor people and another standard for everyone else."

However, a 1999 ACLU case filed against the state of Michigan may not bode well for such a proposal, Schwartz noted.

In Marchwinski vs Howard, the head of that state's Department of Public Aid mandated blanket drug testing for a sub-population of public aid recipients. The ACLU won an injunction that was later upheld by an appellate court.

The proposed changes, unveiled May 17, are open to public comment through June 16. A public hearing on the changes is scheduled to be held at 6 p.m. June 2nd, at the Charles A. Hayes Center, 4455 S. King Drive. If adopted, the proposal then has to go before the CHA Board and chairman Jim Reynolds for approval, then HUD.

Copyright © 2011 — Sun-Times Media, LLC

Exibit 15



**requesting a formal grievance, regarding the threatening termination letter given to me on 6/21/11**

FROM: Ora Milsap

Tuesday, June 21, 2011 7:17 PM

TO: JAChou@thecha.org    jaildab@yahoo.com    jbkm1@yahoo.com    2 More...

I am requesting a formal grievance regarding the letter threatening to terminate my lease. This is the 4 threatening termination letter sent to me by Ms. Spicer, Ms. Hunt, Ms. Chou and Ms. Reyes. in the last 12 months.I want the grievance form given to me on 6/22/11, when the police and a representative from koco, come to the inspection tomorrow at 10:00 a.m. I will not be afraid nor will I run and fear all the threats.



Exhibit 16

Hello, Ora | Sign Out | Options | Help    TRENDING NOW: Monica wedding    Go Mobile | Yahoo!

Inspection ...

| | |
|---|---|
| Inbox | 166 |
| Drafts | 8 |
| Sent | |
| Spam | 1855 |
| Trash | 31 |
| Folders | + |
| untitled | |
| **Applications** | ⚙ |
| All My Purchases | |
| Attach Large Files | |
| Automatic Organizer | |
| Calendar | |
| Edit Photos | |
| Evite | |
| Flickr | |
| My Cool Fonts | |
| My Drive | |
| Notepad | |
| Stationery | |
| Unsubscriber | |



5 YEARS 1 PRICE 0 CONTRACT
HIGH-SPEED INTERNET
$14.95 mo.
(WHEN YOU BUNDLE)
Qwest is becoming CenturyLink.

**inspection was completed on 6/22/11in regards to the threatening letter to terminate my lease**    Hide Details

FROM:  Ora Milsap    Wednesday, June 22, 2011 11:29 AM

TO:  JAChou@thecha.org  jbkm1@yahoo.com  jhatayn@yahoo.com  2 More...

The inspection was done on 6/22/11 at 10:45 a.m. with myself, Mr. Malone, Ms. Hunt, Officer Black and Officer Thompson. I was sent a letter stating to terminate my lease, because of the voice mail I left, which Ms. Hunt, did not mention everything I left in the voice mail, which was to contact me and explain the excessive number of housing inspections. Instead, I receive a threatening termination letter stating because of the voice mail, I left on 6/16/11. Wasn't Ms. Chou, Ms. Arrington, Ms. Spicer, Ms. Reyes supposed to wait and see if I did not let management in to do the inspection first, before threatening to terminate my lease? The police did not understand as well, why not wait until the inspection begin and end, to see if I would not let entry into my unit, before sending a pre termination letter, regarding inspection of my unit. The termination letter that was sent to me on 6/21/11, it must be removed from my file.There was no basis for Chou, Reyes, Spicer, Hunt, Arrington, to sign off threatening to terminate my lease. Evidence continue to show that you are trying to leave a paper trail to terminate me from my apartment at any cost.
 The inspection took place, yet sent a letter to terminate my lease before the inspection. Ms. Chou, will  I be getting a termination letter for having freedom of speech and sending this email? Even though, I have been sent 4 threatening termination notices previously from Habitat and CHA staff. I will not stop tenant organizing for my rights. I will continue as a tenant leader in Lake Park Place and will not be afraid and fear threats, I will continue to call the police and leave a paper trail of law enforcement involvement. Oh, by the way, I passed my housing inspection on 6/22/11, which I always pass since I have lived in Lake Park Place, since July 2000. This inspection was the same inspection that was done in Jan 2011, March,2011, two times in April 2011, June, 2011. 5 inspections since January 2011. Ms. Hunt, then made the comment in front of all of us, "See you Ms. Milsap in September, which is only 3 months from June. Is that a quarterly inspection ?, of course not. We will fight the massive inspections at lake park place.

Sincerely, Ora Milsap

Help us rescue animals from the cold and bitter streets.



$18 a month will help save 10 animals this winter.

ASPCA
WE ARE THEIR VOICE.

(166 unread) - milsapo - Yahoo! Mail                                      Page 1 of 1

Exhibit 17

Hello, Ora  | Sign Out | Options  | Help          TRENDING NOW: Monica wedding       Go Mobile  |   Yahoo!

[  ] [ Search Mail ]

Re: Follow re: Ms. M...

| | | |
|---|---|---|
| Inbox | 166 | |
| Drafts | 8 | |
| Sent | | |
| Spam | 1855 | |
| Trash | 31 | |
| Folders | + | |
| untitled | | |

**Applications**  ⚙
All My Purchases
Attach Large Files
Automatic Organizer
Calendar
Edit Photos
Evite
Flickr
My Cool Fonts
My Drive
Notepad
Stationery
Unsubscriber



**Re: Follow re: Ms. Milsap letters**                    Hide Details

FROM:                                           Tuesday, June 28, 2011 2:23 PM
       Ora Milsap
TO:
       Jhatayn Travis

Thank you very much, Ms. Travis. I appreciate what you have done. sincerely, Ora
Milsap.

From: Jhatayn Travis <jhatayn@yahoo.com>
To: milsapo@yahoo.com
Sent: Tuesday, June 28, 2011 1:35 PM
Subject: Fw: Follow re: Ms. Milsap letters

Please see the email to Ms Chou below

Jhatayn 'Jay' Travis
Executive Director
Kenwood Oakland Community Organization
1005 E. 43rd
Chicago IL 60653
(773)548-7500
kocoonline.org

— On Tue, 6/28/11, Jhatayn Travis <jhatayn@yahoo.com> wrote:

From: Jhatayn Travis <jhatayn@yahoo.com>
Subject: Follow re: Ms. Milsap letters
To: "Jadine Chou" <jachou@thecha.org>
Date: Tuesday, June 28, 2011, 1:31 PM

Ms. Chou,
I am reaching out to follow up regarding the letters received by a Lake Parc Place
resident, Ms. Ora Milsap. When you and I spoke last Thursday, you informed me that
to the best of your knowledge Ms. Milsap did not receive an eviction notice from the
management staff at Lake Parc Place. It is important to note that I reviewed the letters
received by Ms. Milsap. The letters contain terms such as "lease termination" and
"eviction." While the letters may not be official eviction notices,
terminology referencing eviction was used frequently.

I asked you if the management staff at Lake Parc Place could write a letter to clarify
that the written correspondence received by Ms. Milsap was not an eviction notice.
You replied that you would contact staff and ensure that they issue a letter. Ms. Milsap
has not received a letter indicating that the previous correspondence was not an
eviction notice.

Ms. Milsap also complied with the inspection of her unit last week. Please follow-up
regarding this matter. I will also attempt to reach you by phone.
~Jay

Jhatayn 'Jay' Travis
Executive Director
Kenwood Oakland Community Organization
1005 E. 43rd
Chicago IL 60653
(773)548-7500
kocoonline.org





*Exhibit 18*

Hello, Ora | Sign Out | Options | Help    TRENDING NOW: Monica wedding    Go Mobile | Yahoo!

| Inbox | 166 |
| Drafts | 8 |
| Sent | |
| Spam | 1855 |
| Trash | 31 |
| Folders | + |
| untitled | |
| **Applications** | ⚙ |
| All My Purchases | |
| Attach Large Files | |
| Automatic Organizer | |
| Calendar | |
| Edit Photos | |
| Evite | |
| Flickr | |
| My Cool Fonts | |
| My Drive | |
| Notepad | |
| Stationery | |
| Unsubscriber | |

**no resolution since 4/20/11 and on of all threatening letters of eviction by cha, and habitat staff**                Hide Details

FROM:   Ora Milsap                                Tuesday, July 5, 2011 6:01 PM

TO:   JAChou@thecha.org    jhatayn@yahoo.com    jokm1@yahoo.com



Ms. Chou, I have sent you several emails, regarding all the threatening eviction letters I have received, yet no resolution. Ms.Travis, Executive Director of Kenwood Oakland Community Organization has sent you emails per conversations with you and telephone calls with you, regarding my concerns and spoke with you today, 7/5/11. You told Ms. Travis, I would receive a letter since two weeks ago and today, indicating that I would not have to worry about eviction of my apartment and harassment from CHA and Habitat, yet not one letter or call to me directly, in regards to my concerns.

Ms. Hunt today 7/5/11 had Rita give me a predated printed letter from former president Lewis Jordan, mass communication mailing regarding the work requirement, even though Rita the receptionist told me to sit in the office and wait for the letter, that Ms. Hunt was typing it up. Instead I left the office and went up to my apartment and waited about 15 minutes, then call rita, and she told me the letter was ready. I go to pick up the letter supposedly written by Ms. Hunt and instead got dated material from 2/2010.

Ms. Chou, you are not trying to help me, yet keep trying to find a way to terminate my lease. You are upset that I called 911 on you 6/21/11, for threatening to send me another threatening eviction letter and you informed Ms. Hunt to do just that. However, the police are aware of the letter she sent me on 6/23/11. The police do not understand why she did not give the same information to them , when I called them on 6/21/11. You are not resolving not one of my issues or concerns. Ms. Spicer, I called her to get a resolution with the conversation I had this morning about the work requirement issue and yet not one call.

NONE OF YOUR STAFF, INCLUDING YOU, MS. CHOU HAS NOT TRIED TO RESOLVE ONE OF MY ISSUES, YET GLADLY SEND ME A LETTER THREATENING TO EVICT ME. YOU ARE NOT DOING YOUR JOB, AND NEITHER IS YOUR STAFF. THE HATRED FOR ME AS A RESIDENT IS QUITE OPEN AND BLATANT TO MANY PEOPLE, WHO ARE AWARE OF THE ISSUES I HAVE WITH CHA AND HABITAT. I AM SENDING THIS LETTER AS WELL, SINCE AS VICE PRESIDENT OF CHA, YOU ARE SUPPOSED TO STILL BE FAIR AND NEUTRAL AND PUT YOUR PERSONAL ISSUES ASIDE AGAINST THE RESIDENT, YET YOU AND YOUR STAFF CAN NOT SEEM TO DO IT.

SINCERELY, ORA MILSAP

*Exhibit 18*

*Hunt, There was no Inspection or work order on my Apartment, or other Residents,*

**THE HABITAT COMPANY**
LAKE PARC PLACE APARTMENTS

*R8 1 82*

# Memo

*On 9-16-11. This illegal Inspection was not A 24 - 48 hour notice. It was sent out at 5:00 pm 9-8*

**To:** Lake Parc Place Residents

*The laundry cart, I had was returned on*

**From:** Management

*9-15-11. So why illegally enter my Apartment*

**Date:** September 15, 2011

*to supposedly, search for a nonexistant laundry cart*

**Re:** LAUNDRY CARTS

*Stay the hell out of my Apartment, illegally!!!*



*Sincerely,*

*Ora Milsap*

**ALL RESIDENTS:** *Attached is A letter of complaint on 9/16/1*

If you currently are holding a **LAUNDRY CART** in your unit; Please return it to the laundry room **IMMEDIATELY.** Laundry carts are for the benefit of **EVERYONE** in the building and should not be taken from the laundry room.

We will be looking for any laundry carts in apartments during work order visits and inspections. *No REAC or Habitat*

*Inspection was given, proper notice. Illegal entry*

Thank you in advance for your cooperation. *Under false pretenses,*

*on 9-16-*

Michelle Hunt
Property Manager

*Sincerely, Ora Milsap.*

Lake Parc Place Apartments* 3983 S. Lake Park Ave Chicago, IL 60623* Ph- 73-285-9697 Fax 773-285-9724

Exhibit 19
9-16-11    pg 2 of 2

On 9-16-11, I spoke with Rita, the employee receptionist for Habitat, about an employee coming into my apartment. Rita seemed upset, that I mention a Habitat employee come in. Ron comes into my unit, due to a resident seen him. Do NOT EVER COME INTO MY APARTMENT to look FOR A LAUNDRY CART!!! I knew an employee from Habitat, come into my apartment, because the air conditioner was on, when I left; when I come home 25 min later, it was off!!! Do not come into my apartment again!. MS. Hunt, you can not do a on the moment inspection and come in illegally. My constitutional amendment is SELF-DEFENSE, on unauthorized Search? Seizure Similar on

Exhibit 20

# CHANGE.
## CHICAGO HOUSING AUTHORITY

### UNIT INSPECTION FORM

Property Name _Lake Parc Place_

Address: _3983 S Lake Park_ Apt. #: _803_ Date of Inspection: _9-21-11_

**Housekeeping Concerns:** Yes ☐ or No ☑

(explain) _____

**Unsupervised Minors:** Yes ☐ or No ☑

(explain) _____

**Vermin Infestation:** Yes ☐ or No ☑

(explain) _____

**Broken Windows/Missing Window Screens:** Yes ☐ or No ☑

(explain) _____

**Broken Appliances** Yes ☐ or No ☑

(explain) _____

**Painting/Plastering needed:** Yes ☐ or No ☑

(list room or area) _____

**Other Observations:** _____

_____

_____

_____

_____

Site Staff Name: _Katrice Givens_ Date: _9-21-11_
(Print name & sign)

Tenant Name: _Cia McLaur_ Date: _9-21-1_
(Head of House print & sign – signature is optional)



**KENWOOD OAKLAND COMMUNITY ORGANIZATION**

4242 South Cottage Grove Avenue – Chicago, Illinois 60653
773.548.7500 phone and 773.548.9264 fax
http://www.kocoonline.org

October 5, 2011

Ora Milsap
3983 South Lake Park Avenue, #803
Chicago, Illinois 60653

Dear Ms. Milsap:

We are writing to thank you for your gracious donation to the Karl Jackson Back to School Festival. With your donation, we were able to supply free food, entertainment, school supplies, and book bags to students of all ages in the north Kenwood and Oakland communities as they head back to school. At the end of the festival, KOCO supplied 400 families with free book bags filled with supplies including: notebooks, pens, pencils, folders, and paper. Due to your tax deductible donation of $100.00 and support, our festival was a success benefitting the hundreds of children and parents that attended.

KOCO is a non-profit, 501(c) 3 community organization that has served the North Kenwood and Oakland communities for over 45 years. KOCO has been the vehicle and voice of economically disadvantaged and distressed families around vital issues such as affordable housing, employment opportunities and political empowerment. We envision a community in which residents are the architects of their own destiny. Your support will enable us to continue our tradition of service and advocacy.

Sincerely,

Marcus Holder

Marcus Holder
Youth Organizer

*Exhibit 22*

*pg 1 of 2*

**October 5th, 2011**

(Please find resident willing to insert their contact information here)
**Name**
**Address**
**City, State**
**Telephone Number**


**Ms. Michelle Hunt**
**Property Manager**
**Lake Park Place Development**


**RE:    Use of Common Areas/The Right to Organize**


**Ms. M. Hunt,**

This letter is for the sole purpose of requesting the use of Lake Park Place facilities/common areas, (Social Room) to organize on resident/building concerns, issues, up-coming projects, resident information sessions and residential community/building affairs.  We also request to right to post and or distribute literature to that affect; without obstruction or obtrusion, as stated in the U.S. Department of Housing and Urban Developments' "Resident Rights & Responsibilities" brochure. The Rights are listed as follows:


## Involving Resident Organizations:

- The right to organize as residents without obstruction, harassment, or retaliation from property owners or management.

- The right to post materials in common areas and provide leaflets informing other residents of their rights and of opportunities to involve themselves in their project.

- The right; which may be subject to a reasonable, HUD-approved fee, to use appropriate common space or meeting facilities to organize or to consider any issue affecting the condition or management of the property.

- The right to meet *without* the owner/manager present.

- The right to be recognized by property owners and managers as having a voice in residential community affairs.


Please take into consideration this request to organize in the common area (Social Room), distribute materials and arrange resident information sessions in conjunction with the Local Advisory Counsel (LAC), on affairs of Lake Park Place.

*Exhibit 2*

Sincerely,

**Your Name**
**Contact Info**
**Development**


**Attachment: The U.S. Department of Housing and Urban Developments'**
       **"Resident Rights & Responsibilities" Brochure**


**(Turn REDS to BLACK)**

**Sentencing Order/Supervision - Conditional Discharge - Probation**
(This form replaces CCG N090, CCR N090A, CCR N090B)

Exhibit 23

(773) 373-8874

CCCR N090 A-65M-10/03/06

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

**PEOPLE OF THE STATE OF ILLINOIS**

or

**A Municipal Corporation**

v.

Angel Williams

}

☐ Criminal Division ☒ Municipal District No. 1 Br/Rm 31

Case No.: 11-138412

Statute Citation: Assault

IR No. 2011311110 SID No. _____

## SENTENCING ORDER
## SUPERVISION - CONDITIONAL DISCHARGE - PROBATION

**IT IS HEREBY ORDERED** that the defendant is sentenced to a term of _____ 6 _____ ☐ Year(s) ☒ Month(s) ☐ Day(s)

☒ Supervision ☐ Conditional Discharge ☐ Probation (720 ILCS 550/10, 720 ILCS 570/410, or 720 ILCS 646/70) ☐ Probation
☐ Reporting (All DUI orders are reporting) ☐ Non-Reporting ☐ Limited Reporting (Monitor community service or restitution only)
☐ Scheduled Termination Date _____ 11-19-2011 _____

X MS. WILLIAMS STILL LIVES IN LAKE PARK AS OF 2014.

**IT IS FURTHER ORDERED** that the defendant shall comply with the conditions as specified below:

### STANDARD CONDITIONS
☐ If reporting is ordered, the defendant shall report immediately to:
  ☐ Social Service Department for conditional discharge/ supervision/community service and pay that department such sum as determined by that department in accordance with the standard probation fee guide. Said fee not to exceed $50.00 per month.
  or
  ☐ Adult Probation Department for probation/community service, comply with Adult Probation's rules and regulations and pay that department such sum as determined by that department in accordance with the standard probation fee guide. Said fee not to exceed $50.00 per month.
☐ **Pay all fines, costs, fees, assessments, reimbursements and restitution** (if applicable)
☐ Not violate the criminal statute of any jurisdiction
☐ Refrain from possessing a firearm or other dangerous weapons
☐ Notify monitoring agency of change of address
☐ Not leave the State of Illinois without the consent of the court or monitoring agency

### DRUG/ALCOHOL RELATED CONDITIONS
☐ Complete drug/alcohol evaluation and treatment recommendation
☐ **Submit to random drug testing**
☐ **Adult Probation Department Intensive Drug Program**
☐ Complete TASC Treatment Program

MS WILLIAMS CAME TO MY JO with a wood-block Security of LAKE PARK, saw her with it and was arrested on scene by chicago police,

NO untruth

### DUI RELATED CONDITIONS
☐ DUI Offenders Classified Level A, report immediately to Central States Institute of Addictions and commence the following intervention program within 60 days of this order:
  ☐ Minimum ☐ Moderate ☐ Significant
☐ DUI Offenders Classified Level B or C, report immediately to: ☐ The Social Service Department, ☐ The Adult Probation Department and complete a Comprehensive Correctional Intervention Assessment within 30 days, fully comply with the Comprehensive Intervention Plan and commence the following intervention program within 60 days of this order:
  ☐ Minimum ☐ Moderate ☐ Significant ☐ High
☐ Attend a Victim Impact Panel
☐ File proof of financial responsibility with the Secretary of State
☐ Surrender driver's license to the Clerk of the Court
☐ Pay all driver's license reinstatement fees

### SPECIAL CONDITIONS
☐ **Obtain a GED**
☐ **Home Confinement _____ days**
☐ **Adult Probation Department Intensive Probation Supervision**
☐ Perform _____ hours of a community service as directed by the
  ☐ Social Service Department Community Service Program
  ☐ Sheriff's Work Alternative Program (773) 869-3686
  ☐ Adult Probation Department
☒ Avoid contact with Ira Milsap
☐ Complete mental health evaluation and treatment recommendations
☐ **Adult Probation Department Mental Health Unit**
☐ **Adult Probation Department Gang Unit**
☐ DNA Indexing

She was never sent an eviction notice The nurses

Exhibit 23

**DOMESTIC VIOLENCE RELATED CONDITIONS**

☐ Comply with all lawful court orders including an Order of Protection

☐ Complete Domestic Violence Program:

   ☐ Defendants sentenced to Probation, as directed by Adult Probation

   ☐ Defendants sentenced to Conditional Discharge or Supervision will complete domestic violence counseling and any other recommendations per the assessment of the Social Service Department, which may include an evaluation and/or treatment for alcohol and drug abuse, mental health, parenting, and sexual abuse.

☐ Modifications, which would impose a financial hardship shall be reviewed by the sentencing court before so ordered.

**SEX OFFENDERS CONDITIONS**

☐ Complete evaluation and treatment recommendation for sex offenders

☐ Register as a sex offender

☐ STD/HIV Testing

☑ **Adult Probation Department Sex Offender Program**

☐ DNA Testing

**RESTITUTION**

☐ Make restitution to _____ in the amount of $ _____, payable through the Social Service Department or Adult Probation Department at the rate of $ _____ per _____ with final payment due on or before _____ .

☐ Other _____

Ms. Williams still lives in Lake Park as of 2014.

_____

I acknowledge receipt of this Order and agree to abide by the specified conditions. I agree to accept notice by regular mail at the address provided to the monitoring agency and to answer questions asked by the Court related to my behavior. I understand that a failure to comply with the conditions of this Order, or refusal to participate, or withdrawal or discharge from a required program, plan, or testing will be considered a violation of this Order and will be reported to the Court; and may result in a re-sentencing imposing the maximum penalty as provided for the offense.

3983 S Lake Park #1X5 Chicago                        IL 60653
(Defendant's Address)          (City/Town)                (State/Zip)

1-27-1978
(Defendant's Date of Birth)    (Defendant's Telephone Number)     (Defendant's Signature)

Dated: _____          Prepared by _ASA M. Baptiste_

ENTERED:

Dated: _____

_____
Judge                              Judge's No.

Ms. Williams came to my lo with a wood block security of Lake Park, saw her with it and was arrested on ___

**Note: Bold print specifications require additional written orders.**

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

COPY – STATE'S ATTORNEY

**CHANGE.**
**CHICAGO HOUSING AUTHORITY**
*UNIT INSPECTION FORM*

Exhibit 24

**Property Name** _Lake Parc Place_

**Address:** 3983 S. Lake Park **Apt. #:** 803 **Date of Inspection:** 12·27·11

**Housekeeping Concerns:** Yes ☐ or No ☑

(explain) _____

**Unsupervised Minors:** Yes ☐ or No ☑

(explain) _____

**Vermin Infestation:** Yes ☐ or No ☑

(explain) _____

**Broken Windows/Missing Window Screens:** Yes ☐ or No ☑

(explain) _____

**Broken Appliances** Yes ☐ or No ☑

(explain) _____

**Painting/Plastering needed:** Yes ☐ or No ☑

(list room or area) _____

**Other Observations:** _____

_____

_____

_____

**Site Staff Name:** _Katrice Owens_ **Date:** 12-27-11
(Print name & sign)

**Tenant Name:** _____ **Date:** 12·27·11
(Head of House print & sign – signature is optional)

Exhibit 26
3-12

# ATTENTION   LAKE PARC PLACE RESIDENTS



If you love your Lakefront apartment, and your beautiful scenic view of the City... Then demand an answer to the rumors about what is proposed for Lake Pare Place from CHA & HUD

## Demand a Town Hall Meeting with CHA, HUD, and our elected officials to get these questions answered

Why aren't residents being told about the the future plans for Lake Pare Place?
Why are residents being subjected to excessive numbers of inspections annually?
Why is Lake Pare Place on a list with properties that no longer exist?
Why are residents being evicted from their homes for things other people have been accused of?
Why has the occupancy rate fallen from 90% in 2003 to 53% in 2012?

## Stand and Fight for Your Housing

For more information, please contact Shannon Bennett at 773.548.7500
Kenwood Oakland Community Organization



**KENWOOD OAKLAND COMMUNITY ORGANIZATION**
4242 South Cottage Grove Avenue – Chicago, Illinois 60653
773.548.7500 phone and 773.548.9264 fax
http://www.kocoonline.org

March 15, 2012

Dear Sir/Madam:

This letter is to recommend Ms. Ora Milsap for the opportunity for which she is applying. I met Ms. Milsap approximately 3 years because she was looking for assistance in resolving an issue that had arisen in her neighborhood. I was first struck by her passion for treating people with a high level of respect and decency. Over time, I've been able to recognize her zeal and determination to accomplish tasks efficiently and effectively.

From that initial encounter three years ago, Ms. Milsap has become a staple in our community efforts. Always willing to lend a hand wherever she may be needed, Ms. Milsap goes above and beyond in reaching out to her neighbors to encourage them to participate in activities. She carries-out her tasks with a clear sense of purpose, attention to detail, and a high level of professionalism. We have been pleased to work with Ms. Milsap, and I know you will as well.

Please direct any questions regarding Ms. Milsap's work with our organization to myself. I will be happy to answer any questions presented, and provide further detail about her engagement with other staff and the organizational work, in general.

Sincerely,

J. Brian Malone
Executive Director

*I and other residents that residents will sign the petition.*

*Exhibit 27 pg 1 of 2*

We, the undersigned leaseholders of Lake Parc Place at 3939/3983 South Lake Park Avenue, Chicago, Illinois 60653, demand an opportunity to address Charles Woodyard (CHA CEO), Steven Meiss (HUD Director), Will Burns (4th Ward Alderman), and Richard Durbin (US Senator) to answer questions regarding the future of Lake Parc Place. We desire to live in peace, in a safe, clean living environment without fear of displacement or intimidation.

Date: _3-22-12_ - *This meeting was in my home*

| | Print Name | Signature | Apartment # |
|---|---|---|---|
| 1. | Willa M. Gunther | 3983 | Apt 1306 |
| 2. | Cheryl S. Benton | | 3983-801 |
| 3. | MARY BORYS | 3983 | Apt. |
| 4. | Ora Nelson | ORA Ni/SAP | 3983 S Lake Pk 803 |
| 5. | Robert Holms | 3983 So Lake Park | Apt #706 |
| 6. | Vicky Smith | 3983 S. Lake Park | Apt 806 |
| 7. | Alice Rambler | 3987 So Lake Park | Apt 801 |
| 8. | Georgia Caldwell | 3939 So LAKE park | #204 |
| 9. | Audrey Nevins | 3983 S Lake Park | 807 |
| 10. | | 3983 S Lk Pk | 810 |
| 11. | Lisa Winston Murray | 3983 S. Lake Pk | #809 |
| 12. | James Haywood | 3983 Lake Park | 808 |
| 13. | Ozie Robinson | 3983 S. Lake Park | 1208 |
| 14. | Audrey Harris | 3983 S Lake Park | 909 |
| 15. | Thomas King | 3983 S. Park | 910 |

pg 2 of 2

*Exhibit 27*

We, the undersigned leaseholders of Lake Parc Place at 3939/3983 South Lake Park Avenue, Chicago, Illinois 60653, demand an opportunity to address Charles Woodyard (CHA CEO), Steven Meiss (HUD Director), Will Burns (4th Ward Alderman), and Richard Durbin (US Senator) to answer questions regarding the future of Lake Parc Place. We desire to live in peace, in a safe, clean living environment without fear of displacement or intimidation.

Date: _3·22-12_

| Print Name | Signature | Apartment # |
|---|---|---|
| 1. Kershan Sandidge | Kershan Sandidge | 1504 |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |
| 6. | | |
| 7. | | |
| 8. | | |
| 9. | | |
| 10. | | |
| 11. | | |
| 12. | | |
| 13. | | |
| 14. | | |
| 15. | | |

Exhibit 28

We, the undersigned leaseholders of Lake Parc Place at 3939/3983 South Lake Park Avenue, Chicago, Illinois 60653, demand an opportunity to address Charles Woodyard (CHA CEO), Steven Meiss (HUD Director), Will Burns (4th Ward Alderman), and Richard Durbin (US Senator) to answer questions regarding the future of Lake Parc Place. We desire to live in peace, in a safe, clean living environment without fear of displacement or intimidation.

Date: 3-26-12  This meeting was in my home

| | Print Name | Signature | Apartment # |
|---|---|---|---|
| 1. | Madelyn Johnson | Madelyn Johnson | 3983 S. Lake Park #609 |
| 2. | Owen Taylor | Juvendy Taylor | 3983 Lake Pk #1410 |
| 3. | Tyra Hodge | Tyra Hodge | 3983 S. Lake Park #301 |
| 4. | Jacqueline Green | JACQUELINE GREEN | 3983 S. Lake park 308 |
| 5. | Marvin Cross | MARVIN CROSS | 3983 S. Lake 309 |
| 6. | Carole Roberts | Carole Roberts | 3983 S Lake Park 307 |
| 7. | Pat McDill | Patricia McDill | 3983 S Lake Park #608 |
| 8. | Shurray Cherry | Sh Ch | 3983 S. Lake Park 707 |
| 9. | Julia Beal | Julia Beal | 3983 S. Lake Park |
| 10. | Yuette Gentry | Yuette Gentry | 3983 S Lake Park #901 |
| 11. | Peggy Moore | Pk 997 Moore | 3983 Lake park 1010 |
| 12. | Wayne McGhee | WAYNE McGhee | 3983 Lake park 2/C |
| 13. | Bettye Buckhalter | | 3983 S. LAKE PARK #1209 |
| 14. | Charmaine Sawyer | Charmaine Saw | 3983 #1301 |
| 15. | Tina Smith | | 3983 S. Lake Park #1310 |
| 16. | Ora Milsap | | 3983 S. Lake park #803 |

*Exhibit 29*

We, the undersigned leaseholders of Lake Parc Place at 3939/3983 South Lake Park Avenue, Chicago, Illinois 60653, demand an opportunity to address Charles Woodyard (CHA CEO), Steven Meiss (HUD Director), Will Burns (4th Ward Alderman), and Richard Durbin (US Senator) to answer questions regarding the future of Lake Parc Place. We desire to live in peace, in a safe, clean living environment without fear of displacement or intimidation.

Date: 3-29-12 *This meeting was held in my home.*

| Print Name | Signature | Apartment # 3983 *Lake Park* |
|---|---|---|
| 1. Eunice Samuels | EUNICE SAMUELS | 1309 |
| 2. Dan Fulton | DAN Fulton | 3983 # 907 |
| 3. Angela Green | Angela Green | 3983 # 702 |
| 4. Wanda Williams | Wanda Williams | 3983 # 1201 |
| 5. Ora Milsap | ORA MILSAP | 3983 # 803 |
| 6. | | |
| 7. | | |
| 8. | | |
| 9. | | |
| 10. | | |
| 11. | | |
| 12. | | |
| 13. | | |
| 14. | | |
| 15. | | |

Exhibit 30

Lake Park Place Tenant Council
LPPTC

## Attention: Lake Park Residents

1st Amendment guarantees freedom of speech for all citizens of the United States. Federal Supreme Court Law, Prohibits anyone who violates a person right to free speech.

Vivian Simmons; Property Manager of Lake Park Place; Habitat Management Company, is **not** for the residents of Lake Park Place.

HUD agreed, on behalf of KOCO's asking when they went to Washington, D.C. , that some Lake Park residents would be able to do a walk down, when HUD from Washington, D.C. came with CHA to Lake Park. However, at last moment notice, those residents were informed they would not be able to do a walk down of Lake Park buildings with HUD and CHA. On July 19th, 2012 there were HUD and CHA officials, during a walk down of Lake Park Place. WHY?

Many residents have raised concerns regarding, we as residents have requested meetings with HUD, CHA-Executive Operations; Mr. Tim Veestra and Asset Management Office, yet no response.

On behalf of the residents of Lake Park Place, The Kenwood Oakland Community Organization wrote a letter to the above mentioned parties, yet no response of their letter as well, requesting a town hall meeting for the residents of Lake Park Place, to know their future in Lake Park Place, and if any new policies and proce-dures for Lake Park Place Residents.

**Residents take a stand and ask questions with manager, Vivian Simmons of Lake Park Place, any concerns you have.**

**Voice your opinion and stand up for your right and your children's right to continue to live off the beautiful Lake Front and Downtown educational and entertainment events.**

**Complain to Mayor Rahm Emanuel and make your concerns heard to the Mayor, about your right to continued occupancy, at Lake Park Place.**

*This flyer was put out, on 7/9/12 and 7-10-12 and ms. Simmons, the manager call Koco and asked who put out the flyers and they gave her my home.*

Exhibit 40



# THE HABITAT COMPANY
## LAKE PARC PLACE APARTMENTS

DATE: 9·12·2012

TO: Ora Milsap
3983 S. Lake Parc Place apt. #803
Chicago, Illinois 60653

Please sign this form acknowledging that you received all the documents pertaining to
the termination notice. Including your lease terms and conditions.

I do not know, what is in the packet.
Also, a security guard was standing right in back
of me, in a threatening manner.

ORA Milsap _____ 9/12-2012
Print Name                Date

A security guard as I am writing this is standing less
than 2 feet away from me. right very close to me.
I feel harrassed and intimidated. I have no weapon,

Ora Milsap _____ 9/12/12
Signature                 Date

Only my hands writing at the front desk. Officer
Martney is the guard.

Debbie Shelton _____ 9/12/2012

I ASKED the manager, Ms. Simmons could a Staff
Member bring it to me, she said "no", I have to go
_____ and get it. a guard _____

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

Elyssa O. Milsap

_____,

**Plaintiff(s),**

**vs.**

Habitat Company

_____

**Defendant(s).**

)
)
)
)
)
)
)
)
)   **Case No.**
)
)
)
)
)
)
)
)

---

### COMPLAINT FOR VIOLATION OF CONSTITUTIONAL RIGHTS

*This form complaint is designed to help you, as a* pro se *plaintiff, state your case in a clear manner. Please read the directions and the numbered paragraphs carefully. Some paragraphs may not apply to you. You may cross out paragraphs that do not apply to you. All references to "plaintiff" and "defendant" are stated in the singular but will apply to more than one plaintiff or defendant if that is the nature of the case.*

1. This is a claim for violation of plaintiff's civil rights as protected by the Constitution and laws of the United States under 42 U.S.C. §§ 1983, 1985, and 1986.

2. The court has jurisdiction under 28 U.S.C. §§ 1343 and 1367.

3. Plaintiff's full name is   Elyssa Ora Milsap   .

*If there are additional plaintiffs, fill in the above information as to the first-named plaintiff and complete the information for each additional plaintiff on an extra sheet.*

1

4.  Defendant, **Habitat Company**.
                    (name, badge number if known)

☐ an officer or official employed by _____;
                                    (department or agency of government)

_____ or

☒ an individual not employed by a governmental entity.

*If there are additional defendants, fill in the above information as to the first-named defendant and complete the information for each additional defendant on an extra sheet.*

5.  The municipality, township or county under whose authority defendant officer or official

    acted is **Cook County, Illinois**. As to plaintiff's federal

    constitutional claims, the municipality, township or county is a defendant only if

    custom or policy allegations are made at paragraph 7 below.

6.  On or about **2|20|2013**, at approximately **9:25** ☐ a.m. ☒ p.m.
               (month,day, year)

    plaintiff was present in the municipality (or unincorporated area) of **Chicago,**

    **Illinois**, in the County of **Cook**,

    State of Illinois, at **3983 South Lake Park Place**,
                          (identify location as precisely as possible)

    when defendant violated plaintiff's civil rights as follows (*Place X in each box that applies*):

    ☐   arrested or seized plaintiff without probable cause to believe that plaintiff had
        committed, was committing or was about to commit a crime;
    ☐   searched plaintiff or his property without a warrant and without reasonable cause;
    ☐   used excessive force upon plaintiff;
    ☒   failed to intervene to protect plaintiff from violation of plaintiff's civil rights by
        one or more other defendants;
    ☐   failed to provide plaintiff with needed medical care;
    ☒   conspired together to violate one or more of plaintiff's civil rights;
    ☒   Other:
        **Elyssa Ora Milsap; minor was left in the apartment,**
        **while I was handcuffed and arrested. A neighbor; Regina**
        **who lived on the 5th floor, took my minor child to her**
        **apartment; while she was on the elevator with me**
        **being arrested. Regina called my mother to come to**
        **get my child.                          On 3/21/13**

4.  Defendant, *CHICAGO Housing Authority* .
                    (name, badge number if known)

☐ an officer or official employed by _____ ;
                              (department or agency of government)

_____ or

☒ an individual not employed by a governmental entity.

***If there are additional defendants, fill in the above information as to the first-named defendant and complete the information for each additional defendant on an extra sheet.***

5.  The municipality, township or county under whose authority defendant officer or official

acted is *Cook County, Illinois* . As to plaintiff's federal

constitutional claims, the municipality, township or county is a defendant only if

custom or policy allegations are made at paragraph 7 below.

6.  On or about *2 | 20 | 2013* , at approximately *9:25* ☐ a.m. ☒ p.m.
              (month, day, year)

plaintiff was present in the municipality (or unincorporated area) of *Chicago,*

*Illinois* , in the County of *Cook* ,

State of Illinois, at *3983 South Lake Park Place* ,
                    (identify location as precisely as possible)

when defendant violated plaintiff's civil rights as follows (***Place X in each box that applies***):

☐ arrested or seized plaintiff without probable cause to believe that plaintiff had committed, was committing or was about to commit a crime;

☐ searched plaintiff or his property without a warrant and without reasonable cause;

☐ used excessive force upon plaintiff;

☒ failed to intervene to protect plaintiff from violation of plaintiff's civil rights by one or more other defendants;

☐ failed to provide plaintiff with needed medical care;

☐ conspired together to violate one or more of plaintiff's civil rights;

☒ Other:
*Elissa Ora Milsap; Minor was left in the apartment, while I was handcuffed and arrested. A neighobor; Regina who lived on the 5th floor, took my minor child to her apartment, while she was on the elevator with me being arrested. Regina called my mother to come to get my child. On 3/21/13*

2

_____.

7.  Defendant officer or official acted pursuant to a custom or policy of defendant

    municipality, county or township, which custom or policy is the following: (*Leave blank*

    *if no custom or policy is alleged*):_____

    _____

    _____

    _____.

8.  Plaintiff was charged with one or more crimes, specifically:

    _NONE (MINOR) 9 YEARS old At the_
    _time._

    _____

    _____

    _____

9.  (*Place an X in the box that applies. If none applies, you may describe the criminal*
    *proceedings under "Other"*) The criminal proceedings

    ☐  are still pending.

    ☐  were terminated in favor of plaintiff in a manner indicating plaintiff was innocent.[1]

    ☐  Plaintiff was found guilty of one or more charges because defendant deprived me of a

    fair trial as follows_____

    _____.

    ☒ Other: _MY Child ELYSSA ORA MilSAP was left_
    _in the house Alone, While I was handcuffed &_
    _Arrested. on 3/21/13._

    _____

    [1]Examples of termination in favor of the plaintiff in a manner indicating plaintiff was innocent
    may include a judgment of not guilty, reversal of a conviction on direct appeal, expungement of the
    conviction, a voluntary dismissal (SOL) by the prosecutor, or a *nolle prosequi* order.

10. Plaintiff further alleges as follows: (*Describe what happened that you believe supports your claims. To the extent possible, be specific as to your own actions and the actions of each defendant.*)

ON 3-21-13, When the Police came into my home, accusing me of violating a mutual domestic violence order, my Child, Elyssa Ora Milsap watched her Mother, Ora Milsap being carried out in handcuffs. My Child At this time was 9 years old, And left in the Apartment by herself, until neighbor Regina was on the elevator and I asked her to go and get my Child lock. my house up and Call my mother, to get my Child. Very traumatic for a 9 Year old.

11. Defendant acted knowingly, intentionally, willfully and maliciously.

12. As a result of defendant's conduct, plaintiff was injured as follows:

My Child Elyssa Milsap developed behavioral Concerns, anger issues as well. Elyssa suffered mental and emotional harm, while also having medical issues.

13. Plaintiff asks that the case be tried by a jury. ☒ Yes ☐ No

Elyssa is currently seeing A Psychiatrist at Rush Child Psychiatry. Please see Attached Counseling excused forms.

4

14.    Plaintiff also claims violation of rights that may be protected by the laws of Illinois, such

as false arrest, assault, battery, false imprisonment, malicious prosecution, conspiracy,

and/or any other claim that may be supported by the allegations of this complaint.

**WHEREFORE,** plaintiff asks for the following relief:

A.    Damages to compensate for all bodily harm, emotional harm, pain and suffering,

loss of income, loss of enjoyment of life, property damage and any other injuries

inflicted by defendant;

B.    ☒ *(Place X in box if you are seeking punitive damages.)* Punitive damages

against the individual defendant; and

C.    Such injunctive, declaratory, or other relief as may be appropriate, including

attorney's fees and reasonable expenses as authorized by 42 U.S.C. § 1988.

Plaintiff's signature: *Elyssa Ora Milsap*

Plaintiff's name *(print clearly or type)*: *ELYSSA ORA MILSAP*

Plaintiff's mailing address: *1306 W. 110 1/2 PL*

City *Chicago*    State *IL*    ZIP *60643*

Plaintiff's telephone number: *(773) 541-0018*.

Plaintiff's email address *(if you prefer to be contacted by email)*:_____

15.    Plaintiff has previously filed a case in this district. ☐ Yes ☒ No

*If yes, please list the cases below.*

*Any additional plaintiffs must sign the complaint and provide the same information as the first plaintiff. An additional signature page may be added.*

5

Exhibit Z

# ⏻ RUSH

Rush West Campus
2150 W. Harrison Street
Chicago, IL 60612
Tel: 312.942.6220
Fax: 312.942.3186

**Marcia M. Ward, LCSW, ACSW**
**Rush University Medical Center**
*Clinical Social Worker*
*Department of Psychiatry*
*Child Psychiatry*

Exhibit Z 1

**Child Psychiatry**

1150 W. Harrison Street
Chicago, Illinois 60612-3244

Tel: 312.942.6090
Fax: 312.942.3180

**RUSH UNIVERSITY**

COLLEGE OF NURSING
RUSH MEDICAL COLLEGE
COLLEGE OF HEALTH SCH
THE GRADUATE COLLEGE



# RUSH UNIVERSITY
# MEDICAL CENTER

**To Whom It May Concern:**

Please excuse the absence of _Elyssa Wilson_

on _12/5/14_____, from school or work as he/she was obtaining services as a patient in our clinic.

**Thank you.**

312.942.6090

Exhibit Z 2

Child Psychiatry     2150 W. Harrison Street     Tel: 312.942.6600     RUSH UNIVERSITY
Chicago, Illinois 60612-3244     Fax: 312.942.3180     COLLEGE OF NURSING
RUSH MEDICAL COLLEGE
COLLEGE OF HEALTH SCIENCES
THE GRADUATE COLLEGE



# RUSH UNIVERSITY
## MEDICAL CENTER

To Whom It May Concern:

Please excuse the absence of _Elyssa Millsap_

on _12/12/14_____, from school or work as he/she was obtaining services as a patient in our clinic.

Thank you,

312.942.6090

Exhibit Z 3

| Child Psychiatry | 2150 W. Harrison Street | Tel: 312.942.6590 | RUSH UNIVERSITY |
|---|---|---|---|
| | Chicago, Illinois 60612-3245 | Fax: 312.942.3186 | COLLEGE OF NURSING |
| | | | RUSH MEDICAL COLLEGE |
| | | | COLLEGE OF HEALTH SCIENCES |
| | | | THE GRADUATE COLLEGE |



# RUSH UNIVERSITY
# MEDICAL CENTER

To Whom It May Concern:

Please excuse the absence of *Elyssa Millsap*

on *12/19/14* , from school or work as he/she was obtaining services as a patient in our

clinic.

Thank you.

312.942.6090

Exhibit 24

*Elyssa*

HAS AN APPOINTMENT ON

❑ MON.　❑ TUES.　❑ WED.　❑ THUR.　❑ FRI.

DATE _1/7/14_ AT _2:30_ A.M. / P.M.

IF UNABLE TO KEEP APPOINTMENT, KINDLY GIVE 24 HRS. NOTICE

Rush is a not-for-profit health care, education and research enterprise comprising
Rush University Medical Center, Rush University, Rush Oak Park Hospital and Rush Health.